# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| THIS DOCUMENT RELATES TO: | Lead Case: W:12-cv-10000-MOB-MKM |
| Product(s): Wire Harnesses | **Oral Argument Requested** |
| All Actions | |

## DEFENDANTS TRAM, INC. AND TOKAI RIKA CO. LTD'S
## MOTION TO DISMISS ALL ACTIONS

Defendants TRAM, Inc. ("TRAM") and Tokai Rika Co., Ltd ("TR Ltd."), by and through their counsel, hereby move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all claims in the Direct Purchaser Consolidated Amended Class Action Complaint ("DP AC") (ECF No. 86), the End-Payors Corrected Consolidated Amended Class Action Complaint ("EP AC") (ECF No. 174), and the Automobile Dealers Consolidated Class Action Complaint ("AD AC") (ECF No. 85) (collectively, "Complaints"). In support of the foregoing Motion, TRAM and TR Ltd. state as follows:

1. TRAM and TR Ltd. base this Motion upon the accompanying Memorandum of Law in support, oral argument of counsel, and such other and further material as the Court may consider.

2. As required by E.D. Mich. Local Rule 7.1(a), counsel for TRAM and TR Ltd. sought concurrence from counsel for the Direct Purchaser Plaintiffs on July 6, 2012, counsel for Auto Dealer Plaintiffs on July 9, 2012, and counsel for End-Payor Plaintiffs on July 6, 2012, via telephone conferences. During those calls, counsel for TRAM and TR Ltd. explained the nature

of this Motion and its legal basis and requested, but did not obtain, concurrence in the relief sought (i.e., dismissal of the Complaints).

                            Respectfully submitted,

                            BUTZEL LONG

                            By: */s/ David F. DuMouchel*
                            David F. DuMouchel (P25658)
                            Sheldon H. Klein (P41062)
                            George B. Donnini (P66793)
                            150 W. Jefferson, Suite 100
                            Detroit, MI  48226
                            (313) 225-7000
                            dumouchd@butzel.com
                            klein@butzel.com
                            donnini@butzel.com

                            BAKER & MILLER, PLLC
                            W. Todd Miller
                            2401 Pennsylvania Ave., NW
                            Suite 300
                            Washington, DC 20037
                            (202) 663-7822
                            tmiller@bakerandmiller.com

                            *Attorneys for Defendants TRAM, Inc. and Tokai Rika Co., Ltd.*

Dated: July 13, 2012

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| THIS DOCUMENT RELATES TO: | : : | Lead Case: W:12-cv-10000-MOB-MKM |
| Product(s): Wire Harnesses | : : | **Oral Argument Requested** |
| All Actions | : | |

**DEFENDANTS TRAM, INC. AND TOKAI RIKA CO. LTD'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ALL ACTIONS**

## STATEMENT OF THE ISSUE PRESENTED

1. Whether under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Direct Purchaser Plaintiffs, Indirect Automobile Dealer Plaintiffs, and End-Payor Plaintiffs (collectively, "Plaintiffs") have failed to allege sufficient facts to meet the minimum requirements for pleading an antitrust conspiracy as to Defendants TRAM, Inc. and Tokai Rika Co., Ltd.?

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

**Cases**

See controlling cases cited in the Joint Memorandum In Support of Defendants' Joint Motion to Dismiss the Direct Purchaser Actions, Issue 1 (*Twombly*).

**Rules**

Fed. R. Civ. P. 12(b)(6)

Defendants TRAM, Inc. ("TRAM") and Tokai Rika Co., Ltd ("TR Ltd."),[1] submit this Memorandum in further support of their Motions to Dismiss the Complaints. It supplements the Joint Briefs,[2] which are incorporated by reference, to address the minimal and legally insufficient allegations regarding TRAM and TR Ltd.

In the three Complaints together, there are only four allegations that even mention TRAM or TR Ltd, individually or collectively.[3]

- Both TRAM and TR Ltd. manufactured, marketed, or sold Wire Harness Products[4] that were purchased in the United States. (DP AC ¶¶ 61-62, AD AC ¶¶ 121-122; EP AC ¶ 115-116);

- TRAM is a wholly owned subsidiary of and controlled by TR Ltd. (*Id.*);

- On February 23, 2010, the U.S. government raided TRAM's offices. (DP AC ¶116; AD AC ¶175; EC AC ¶170); and

- "Tokai Rika" (without distinguishing between TRAM and TR Ltd.) supplies Toyota (AD AC ¶149)[5]

These allegations collectively fall far short of the Rule 12 requirements as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

---

[1] TR Ltd. has not been served with the AD AC or the EP AC. Plaintiffs purport to be in the process of serving those Complaints under the Hague Convention. TR Ltd. joins this Motion because it has been served with the DP AC and to avoid burdening the Court with regard to the other two Complaints. By so joining here, TR Ltd. does not waive any defense based on a lack of personal jurisdiction, improper venue, or inadequacy of service of process.

[2] "Joint Briefs" means Defendants' Joint Memorandum In Support of Defendants' Joint Motion to Dismiss the Direct Purchaser Actions ("Joint MTD Directs Brief") and Defendants' Joint Memorandum of Law in Support of Motion to Dismiss the End-Payors' Consolidated Amended Complaint and the Automobile Dealers' Consolidated Amended Complaint ("Joint MTD Indirects Brief"), each of which TRAM and TR Ltd. have joined.

[3] Plaintiffs improperly ignore the distinction between TRAM and TR Ltd. by using the defined term "Tokai Rika," to refer to either or both.

[4] As explained in the Joint Briefs, "Wire Harness Products" is Direct Purchaser Plaintiffs' neologism encompassing 12 or 13 distinct products. Auto Dealers and End Purchasers use "Wire Harness Systems" for the same purpose. This brief generally refers to Wire Harness Products.

[5] Direct Purchaser and End Payor Plaintiffs do not include any allegation regarding either TRAM's or TR Ltd.'s customers.

1

The allegation that TRAM and TR Ltd. were market participants is plainly insufficient to state a claim, as explained in the incorporated Joint Briefs. Indeed, this allegation is belied by Plaintiffs' chart of the wire harness market shares of the Defendants – neither TRAM nor TR Ltd. is on the chart. (DP AC ¶ 101 & Figure 1, AD AC ¶ 148, EP AC ¶ 87).

The fact that TRAM was raided is equally insufficient, as also explained in the incorporated Joint Briefs. The corporate relationship and the conclusory allegation that TRAM is controlled by TR Ltd are legally meaningless. There are no allegations that TR Ltd participated in the alleged conspiracy in any way.[6] Moreover, TR Ltd.'s alleged control of TRAM is inherently meaningless in the absence of a properly pled claim against TRAM.

Finally, the undifferentiated and conclusory group allegations regarding "Defendants" collectively are legally insufficient, for the reasons explained in the incorporated Joint Briefs.

The inadequacy of what is pled as to TRAM and TR Ltd. is equaled by what is not pled. Plaintiffs do not identify which, if any, of the 13 Wire Harness Products TRAM or TR Ltd. allegedly makes, nor a single RFP in which they bid. They do not identify a single alleged competitor to TRAM or TR Ltd. And they do not allege that any of the Plaintiffs directly or indirectly purchased any Wire Harness Product from TRAM or TR Ltd. All of these things are

---

[6] *See In re Title Ins. Antitrust Cases*, 702 F. Supp. 2d 840, 878 n.28 (N.D. Ohio 2010) (dismissing corporate parent with prejudice where plaintiffs failed to plead parent's involvement in conspiracy); *Cupp v. Alberto-Culver USA, Inc.*, 310 F. Supp. 2d 963, 973 (W.D. Tenn. 2004) (dismissing certain defendants where "[p]laintiff appears to have mentioned the other Defendants only because of their corporate relationship").

Moreover, Plaintiffs have not alleged facts that would permit the Court to disregard the corporate separation of TRAM and TR Ltd. The naked and conclusory assertion that TRAM was "wholly owned and/or controlled" by TR Ltd, *see* DP AC ¶ 33, AD AC ¶ 92, EP AC ¶ 87, does not meet the stringent standard for veil piercing under Michigan law. *See Precision, Inc. v. Kenco/Williams, Inc.*, 66 Fed. Appx. 1, 4 (6th Cir. 2003) (Michigan courts will pierce the corporate veil where there is complete identity between the two entities and the use of the corporate form was improper); *cf. Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 445-46 (2012) (noting importance of detailed factual allegations about extensive intermingling of defendant entities).

2

necessary to plausibly allege that TRAM and TR Ltd were part of an overarching conspiracy that injured Plaintiffs, and all are absent from the Complaints.

For these additional reasons, Plaintiffs have failed to state a claim against TRAM or TR Ltd., and each of the actions must be dismissed.

Dated: July 13, 2012

Respectfully submitted,

BUTZEL LONG

By: /s/ David F. DuMouchel
David F. DuMouchel (P25658)
Sheldon H. Klein (P41062)
George B. Donnini (P66793)
150 W. Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
dumouchd@butzel.com
klein@butzel.com
donnini@butzel.com

BAKER & MILLER, PLLC
W. Todd Miller
2401 Pennsylvania Ave., NW
Suite 300
Washington, DC 20037
(202) 663-7822
tmiller@bakerandmiller.com

*Attorneys for Defendants TRAM, Inc. and Tokai Rika Co., Ltd.*

CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2012, I caused the foregoing Defendant TRAM, Inc. and Tokai Rika Co. Ltd.'s Motion to Dismiss All Actions to be served upon Direct Purchaser Interim Lead and Liaison Counsel, Automobile Dealer Interim Lead and Liaison Counsel, and End-Payor Interim Lead and Liaison Counsel by filing said document via ECF in accordance with Case Management Order No. 1.

Dated: July 13, 2012

By: /s/ David F. DuMouchel
David F. DuMouchel (P25658)