# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: WIRE HARNESS CASES | |
| THIS RELATES TO:<br><br>ALL DEALERSHIP ACTIONS AND<br>ALL END-PAYOR ACTIONS | W:12-cv-00102-MOB-MKM<br>W:12-cv-00103-MOB-MKM |

## END-PAYORS AND AUTOMOBILE DEALER INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANT KYUNGSHIN-LEAR'S <u>MOTION TO DISMISS ALL COMPLAINTS</u>

2401837v1/012878

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  KYUNGSHIN-LEAR'S ARGUMENT............................................................................ 1

III. PLAINTIFFS' RESPONSE............................................................................................. 2

    a.   *Twombly* Does Not Support Kyunghsin-Lear's Argument...................................... 2

    b.   Plaintiffs Have Met Their Pleading Burden.............................................................. 6

IV.  CONCLUSION................................................................................................................ 7

## **TABLE OF AUTHORITIES**

**Cases**

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................ passim

*Carrier Corp. v. Outokumpu Oyi*,
   673 F.3d 430 (6th Cir. 2007) ....................................................................................... 2, 5

*In re Packaged Ice Antitrust Litig.*,
   723 F. Supp. 2d 987 (E.D. Mich. 2010) ............................................................... 3, 4, 6, 7

*In re Polyurethane Foam Antitrust Litig.*,
   799 F. Supp. 2d 777 (N.D. Ohio 2011) ..................................................................... 4, 7, 9

*In re Refrigerant Compressors Antitrust Litig.*,
   No. 2:09-md-02042, 2012 WL 2114997, at *7-8 (E.D. Mich. June 11, 2012). ....................... 2

*In re Southeastern Milk Antitrust Litig.*,
   555 F. Supp. 2d 934 (E.D. Tenn. 2008) ......................................................................... 3, 7

*In re Travel Agent Comm'n Antitrust Litig.*,
   583 F.3d 896 (6th Cir. 2009) ....................................................................................... 2, 4

*Mich. Div.-Monument Builders of N.A.. v. Mich. Cemetery Ass'n*,
   458 F. Supp. 2d 474 (E.D. Mich. 2006) ............................................................................ 2

*Monsanto Co. v. Spray-Rite Serv. Corp.*,
   465 U.S. 752, 768 (1984) .................................................................................................. 4

*Ore Co. v. Union Carbide and Carbon Corp.*,
   370 U.S. 690 (1962) .......................................................................................................... 7

*Starr v. Sony BMG Music Entertainment*,
   592 F.3d 314 (2d Cir. 2010) ............................................................................................. 3

*Total Benefits Planning Agency, Inc., v. Anthem Blue Cross and Blue Shield*,
   552 F. 3d 430 (6th Cir. 2008) ....................................................................................... 2, 5

2401837v1/012878

## COUNTERSTATEMENT OF ISSUES PRESENTED

Whether in light of the significant factual allegations contained in their respective complaints Automobile Dealer and End-Payor Plaintiffs have pleaded sufficient facts to sustain their burden under Federal Rule of Civil Procedure 8.

Automobile Dealers and End-Payor Plaintiffs answer "yes."

## CONTROLLING AUTHORITIES

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

*Carrier Corp. v. Outokumpu Oyi*, 673 F.3d 430 (6th Cir. 2007)

*In re Packaged Ice Antitrust Litig.*, 723 F. Supp. 2d 987 (E.D. Mich. 2010)

*In re Polyurethane Foam Antitrust Litig.*, 799 F. Supp. 2d 777 (N.D. Ohio 2011)

*In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2012 WL 2114997, at *7-8 (E.D. Mich. June 11, 2012)

*In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896 (6th Cir. 2009)

*Mich. Div.-Monument Builders of N.A.. v. Mich. Cemetery Ass'n*, 458 F. Supp. 2d 474 (E.D. Mich. 2006)

*Total Benefits Planning Agency, Inc., v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430 (6th Cir. 2008)

2401837v1/012878

I.      **Introduction**

Kyungshin-Lear Sales and Engineering, LLC ("Kyungshin-Lear"), like many cartel defendants before it, makes the well-worn argument that End-Payor and Automobile Dealer Indirect Purchaser Plaintiffs ("Plaintiffs") have failed to allege with sufficient specificity what it has done to earn a place in the End-Payors Corrected Consolidated Amended Class Action Complaint (Dkt No. 174) ("EP Compl.") and the Automobile Dealers Consolidated Class Action Complaint (Dkt. No. 85) ("AD Compl.") (collectively the "Complaints").  Kyungshin-Lear is wrong.  Plaintiffs have met their pleading burden by submitting detailed factual allegations in the Complaints.

II.     **Kyungshin-Lear's Argument**

The centerpiece of Kyungshin-Lear's argument is the assertion that *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and a number of lower court decisions since *Twombly*, "require" that a plaintiff "allege the specific time, place, and people involved in the conspiracy." (Kyungshin-Lear's Motion to Dismiss ("MTD") at 1.)  Beyond *Twombly*, Kyungshin-Lear relies on three Sixth Circuit decisions,[1] and two decisions from this District.[2]   Kyungshin-Lear then asserts that the allegations in the Complaints that refer to Kyungshin-Lear and Lear together, and

---

[1] *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 905 (6th Cir. 2009); *Total Benefits Planning Agency, Inc., v. Anthem Blue Cross and Blue Shield*, 552 F. 3d 430, 436-37 (6th Cir. 2008); *Carrier Corp. v. Outokumpu Oyi*, 673 F.3d 430, 445 (6th Cir. 2007).

[2] *Mich. Div.-Monument Builders of N.A.. v. Mich. Cemetery Ass'n*, 458 F. Supp. 2d 474, 485 (E.D. Mich. 2006); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2012 WL 2114997, at *7-8 (E.D. Mich. June 11, 2012).

that refer to these and other Defendants together, rather than referring in each instance to each Defendant, are "too ambiguous, too generic, and too conclusory to suggest that liability is plausible." (MTD at 2.)

## III.  Plaintiffs' Response

### a.  *Twombly* Does Not Support Kyunghsin-Lear's Argument.

As a simple point of law, Kyungshin-Lear is flatly wrong that *Twombly* requires Plaintiffs to plead the specifics as to the time, place and people involved in the conspiracy. As a court in this District has held, "***Twombly* imposed no such requirement**." *In re Packaged Ice Antitrust Litig.*, 723 F. Supp. 2d 987, 1005 (E.D. Mich. 2010) (emphasis added); *see also id.* at 1004 ("Although Defendants dismiss each of the pieces of evidence offered as either 'conclusory hearsay" or lacking the 'who, what, when, and where,' *Twombly* does not require the latter . . . ."). The *Packaged Ice* court explained that:

> [t]he "time, place, or person" language in *Twombly* appears in dicta, in a footnote, in the context of the Court's comment that, but for the complaint's allegations of parallel conduct, references to an agreement among the [defendants] might not have given the notice required by Rule 8 because the complaint did not give the "specific time, place or person" involved in the alleged conspiracy. 550 U.S. at 564 n. 10 . . . .

*Id.* at 1005. The court in *In re Southeastern Milk Antitrust Litig.*, 555 F. Supp. 2d 934 (E.D. Tenn. 2008), took the same view, finding that the complaints under consideration there, "while not answering all specific questions about 'who, what, when, and where,' do put defendants on notice concerning the basic nature of their complaints against the defendants and the grounds upon which their claims exist." *Id.* at 943; *see also Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 325 (2d Cir. 2010).

2

Kyungshin-Lear's fundamental error is that it fails to distinguish between two ways in which plaintiffs may meet their pleading burden in conspiracy cases. *See In re Polyurethane Foam Antitrust Litig.*, 799 F. Supp. 2d 777 (N.D. Ohio 2011). As many courts have noted, "[a] plaintiff may carry [its] pleading burden by offering allegations of either explicit agreements to restrain trade or sufficient circumstantial evidence 'that reasonably tends to prove that the [defendant] and others had a conscious commitment to a common scheme designed to achieve an unlawful objective.'" *Id.* at 781 (citing *Travel Agent*, 583 F.3d at 907 (quoting *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 768 (1984))); *see also Packaged Ice*, 723 F. Supp. 2d at 1006-07 (distinguishing between, on one hand, cases containing specific allegations of agreement based on government investigations and "guilty pleas by the [d]efendants and their executives to the very same anticompetitive conduct in a significant market," and, on the other hand, "parallel conduct" or "parallel conduct/bare assertion" cases).

*Twombly* and the rest of the cases Kyungshin-Lear relies on are circumstantial parallel conduct cases where the specificity Kyungshin-Lear seeks in this case was required to achieve the "plausibility" threshold announced in *Twombly*.

*Travel Agent*, 583 F.3d 896, was a parallel conduct case that involved only circumstantial evidence of a conspiracy that the court found insufficient to exclude the possibility of independent conduct. Against this backdrop, the court found the allegations as to certain defendants insufficient. Moreover, *Travel Agent* was not a class case, but an opt-out case where the underlying class case had already been decided in favor of the defendants. The court took the view that only "the gravest reasons" would have led it to decide against the defendants. *Id.* at 909 n.8. It is hard to imagine a case less capable of instructing the case against Kyungshin-Lear.

3

*Total Benefits*, 552 F.3d 430, was not even a price-fixing case, but instead involved an alleged conspiracy to blacklist the plaintiffs.  The case did not even reach the level of "parallel conduct, but was instead based on circumstantial allegations that do nothing to inform a price-fixing case like this one that involved guilty pleas and confessions.

*Carrier*, 673 F.3d 430, is at least a price-fixing case, but it was not based on government investigations or findings of wrong-doing in the United States; rather, it was based on a European Commission ("EC") decision addressing conduct in Europe.  The question was whether the EC decision supported an inference of a conspiracy in the U.S., and whether the allegations as to the U.S. subsidiaries of a foreign parent were sufficient.  The court treated the case as a circumstantial parallel conduct case and required certain specifics before finding that in fact the allegations were sufficient.

*Michigan Cemetery*, 458 F. Supp. 2d 474, was not a price-fixing case, but instead involved allegations of a conspiracy to enter into tying arrangements.  This, too, was a circumstantial case bearing no resemblance to the case against Kyungshin-Lear.

*Refrigerant Compressors*, 2012 WL 2114997, was a price-fixing case that involved guilty pleas, but the guilty pleas were not entered until after the complaint under consideration was filed.  While the court took judicial notice of the later-filed guilty pleas when considering the fate of the defendants who pleaded guilty, it did not do so as to the remaining defendants – as to them, the court treated the case as a circumstantial parallel conduct case and required further specificity.

*Twombly*, itself a parallel conduct case, stated expressly that it did "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Packaged Ice*, 723 F. Supp. 2d at

4

1005.  The Supreme Court's "concern [was] not that the allegations in the complaint were insufficiently particular[ized]; rather the complaint warranted dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible." *Twombly*, 550 U.S. at 564 n.14 (citation and internal quotation marks omitted); *Packaged Ice*, 723 F. Supp. 2d at 1005.

A consequence of Kyungshin-Lear's failure to recognize the distinction between circumstantial parallel conduct cases and specific agreement cases based on guilty pleas and admissions by defendants is that it has focused the discussion on case law addressing the adequacy of Plaintiffs' allegations of a conspiracy in general rather than the adequacy of the allegations as to particular Defendants such as Kyungshin-Lear.  Kyungshin-Lear attempts to use these inapplicable general pleading standards in conspiracy cases to argue that the allegations as to it are insufficient.  But without any support for its view that it is Plaintiffs' burden to provide specific detail regarding Kyungshin-Lear's role, it is left only to complain that Plaintiffs simply did not identify Kyungshin-Lear by name very often.  (MTD at 2.)

This is a problem, however, only if the specific allegations mentioning Kyungshin-Lear are read in isolation from the specific allegations of competitor agreements based on admissions from guilty pleas, and allegations that for convenience refer to all Defendants rather than listing them individually.  But defendants may not "parse and dismember" a complaint in contravention of "the Supreme Court's admonition that '[t]he character and effect of a [Sherman Act] conspiracy are not to be judged by dismembering it and viewing its separate parts.'" *Southeastern Milk*, 555 F. Supp. 2d at 943-44 (quoting *Continental Ore Co. v. Union Carbide and Carbon Corp.*, 370 U.S. 690, 699 (1962)).  General allegations in a complaint must be tied together with specific allegations so that the complaint is read as a whole. *See Polyurethane Foam*, 799 F. Supp. 2d at 781-82; *see also Polyurethane Foam*, No. 10 MD 2196 (JZ), slip op. at

5

1-2 (N.D. Ohio July 27, 2011) (order denying motion for reconsideration).  There is no inherent deficiency in allegations that refer to "Defendants" as a group.  *Polyurethane Foam*, No. 10 MD 2196 (JZ), slip op. at 5 (N.D. Ohio July 27, 2011) ("This Court fails to see the talismanic quality of substituting a list of the individual defendants for the supposedly conclusory term "Defendants" when the relevant Complaint paragraphs state that *each* Defendant stands accused of the same conduct" (emphasis in original)).  It does not matter if "ultimate proof of the facts may seem improbable to a 'savvy judge[;]' *Twombly* did not purport to place on a plaintiff alleging an antitrust conspiracy claim a summary judgment standard at the pleading stage."  *Packaged Ice*, 723 F. Supp. 2d at 1005.  All that is required is for Plaintiffs' allegations as a whole is to put defendants on notice sufficient to form the basis for a response.  *Id.* at 1007.

### b. Plaintiffs Have Met Their Pleading Burden.

Plaintiffs in this case have met their pleading burden.  Though the Complaints speaks for themselves, Plaintiffs here identify several salient allegations.

Kyungshin-Lear is identified in the Complaints as a Defendant and manufacturer, marketer and/or seller of wire harnesses and related products (EP Compl. ¶¶ 4, 94; AD Compl. ¶¶ 4, 99), and as a co-conspirator. (EP Compl. ¶ 1; AD Compl. ¶ 1).  Defendants, including Kyungshin-Lear, are alleged to have entered into agreements with other manufacturers of wire harnesses and related products to fix prices and rig bids (EP Compl. ¶¶ 1, 5, 7; AD Compl. ¶¶ 1, 5) through the acts of its officers and directors.  (EP Compl. ¶ 123; AD Compl. ¶ 129).  The Complaints also allege the duration of the conspiracy and the date by which it is alleged to have begun.  (EP Compl. ¶¶ 2, 221; AD Compl. ¶¶ 2, 245).  Wire harnesses and the wire harness market are described in detail.  (EP Compl. ¶¶ 124-150; AD Compl. ¶¶ 130-151).  Conditions

6

conducive to collusion in this market are also alleged in detail. (EP Compl. ¶¶ 151-163; AD Compl. ¶¶ 152-167). The market shares of the "Lear Defendants" are also alleged. (EP Compl. ¶¶ 147, 162; AD Compl. ¶¶ 146, 165). These general allegations of agreements among the defendant wire harness makers are supplemented by allegations from guilty pleas and in-court confessions of specific defendants describing agreements among those specific Defendants and other manufacturers who otherwise should be competing for sales in the wire harness market. (EP Compl. ¶¶ 164-187; AD Compl. ¶¶ 168-216). Plaintiffs also allege that Lear's Chief Executive Officer stated that Lear was notified by the EC that it is part of an investigation into anticompetitive practices among automotive electrical and electrical component suppliers. (EP Compl. ¶ 167; AD Compl. ¶ 171).

Nothing in the Complaint excludes Kyungshin-Lear from the ambit of these allegations. *Polyurethane Foam*, No. 10 MD 2196 (JZ), slip op. at 5 (N.D. Ohio July 27, 2011) ("*each* defendant stands accused of the same conduct") (emphasis in original)). When the Complaints are read as a whole and not "dismembered," they adequately allege Kyungshin-Lear's participation in a price-fixing and bid-rigging conspiracy in the market for wire harnesses and related products.

## IV. Conclusion.

For the foregoing reasons, Kyunghsin-Lear's motion to dismiss should be denied.

Dated:  September 11, 2012                    **COTCHETT, PITRE & McCARTHY, LLP**

                                              By  */s/ Frank C. Damrell*

                                              Joseph W. Cotchett
                                              Frank C. Damrell
                                              Steven N. Williams

7

        Adam J. Zapala
        Gene W. Kim
        **COTCHETT, PITRE & McCARTHY, LLP**
        San Francisco Airport Office Center
        840 Malcolm Road, Suite 200
        Burlingame, CA 94010
        Telephone: (650) 697-6000
        Facsimile: (650) 697-0577
        jcotchett@cpmlegal.com
        fdamrell@cpmlegal.com
        swilliams@cpmlegal.com
        azapala@cpmlegal.com
        gkim@cpmlegal.com

September 11, 2012        **LABATON SUCHAROW LLP**

        By  */s/ Hollis Salzman*

        Hollis Salzman
        Bernard Persky
        William V. Reiss
        **LABATON SUCHAROW LLP**
        140 Broadway
        New York, NY 10005
        Telephone: (212) 907-0700
        Facsimile: (212) 883-7058
        hsalzman@labaton.com
        bpersky@labaton.com
        wreiss@labaton.com

September 11, 2012        **SUSMAN GODFREY L.L.P.**

        By  */s/ Marc M. Seltzer*

        Marc M. Seltzer
        Steven G. Sklaver
        **SUSMAN GODFREY L.L.P.**
        1901 Avenue of the Stars, Suite 950
        Los Angeles, CA 90067-6029
        Telephone: (310) 789-3100
        Facsimile: (310) 789-3150
        mseltzer@susmangodfrey.com
        ssklaver@susmangodfrey.com

        Terrell W. Oxford
Warren T. Burns
**SUSMAN GODFREY L.L.P.**
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone: (214) 754-1900
Facsimile: (214)754-1933
toxford@susmangodfrey.com
wburns@susmangodfrey.com

September 11, 2012      **THE MILLER LAW FIRM, P.C.**

By ___/s/ E. Powell Miller_____

E. Powell Miller (P39487)
Adam T. Schnatz (72049)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com

*Attorneys End-Payor Plaintiffs*

September 11, 2012      **MANTESE HONIGMAN ROSSMAN AND WILLIAMSON, P.C.**

By ___/s/ *Gerard V. Mantese*_____
Gerard V. Mantese (Michigan Bar No. P34424)
David Hansma (Michigan Bar No. P71056)
Brendan Frey (Michigan Bar No. P70893)
Joshua Lushnat (Michigan Bar No. P75319)
**MANTESE HONIGMAN ROSSMAN AND WILLIAMSON, P.C.**
1361 E. Big Beaver Road
Troy, Michigan 48083
Phone: (248) 457-9200 ext. 203
Fax: (248) 457-9201
gmantese@manteselaw.com
dhansma@manteselaw.com
bfrey@manteselaw.com
jlushnat@manteselaw.com

9

2401837v1/012878

| | |
|---|---|
| September 11, 2012 | **BARRETT LAW GROUP, P.A.** |

By    /s/ *Don Barrett*

Don Barrett
David McMullan
Brian Herrington
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

| | |
|---|---|
| September 11, 2012 | **CUNEO GILBERT & LADUCA, LLP** |

By    /s/ *Jonathan W. Cuneo*

Jonathan W. Cuneo
Victoria Romanenko
**CUNEO GILBERT & LADUCA, LLP**
507 C Street, N.E.
Washington, DC 20002
Phone: (202) 789-3960
Fax: (202) 789-1813
jonc@cuneolaw.com
Vicky@cuneolaw.com

Joel Davidow
Daniel Cohen
**CUNEO GILBERT & LADUCA, LLP**
Bethesda, Maryland
8120 Woodmont Ave
Suite 810
Bethesda, MD 20814
Phone: (202) 789-3960
joel@cuneolaw.com

Michael J. Flannery
**CUNEO GILBERT & LADUCA, LLP**
300 North Tucker Boulevard
Suite 801
St. Louis, MO 63101

                                Phone: (202) 789-3960
                                Fax: (202) 789-1813
                                mflannery@cuneolaw.com

September 11, 2012                    **LARSON • KING, LLP**

                                By    /s/ *Shawn M. Raiter*

                                Shawn M. Raiter
                                Paul A. Sand
                                **LARSON • KING, LLP**
                                2800 Wells Fargo Place
                                30 East Seventh Street
                                St. Paul, MN 55101
                                Telephone: (651) 312-6500
                                sraiter@larsonking.com
                                psand@larsonking.com

                                *Attorney for Auto Dealer Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | 12-md-02311 Honorable Marianne O. Battani |
| In Re: WIRE HARNESS CASES | |
| THIS RELATES TO: ALL DEALERSHIP ACTIONS AND ALL END-PAYOR ACTIONS | W:12-cv-00102-MOB-MKM W:12-cv-00103-MOB-MKM |

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2012 I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all filing users indicated on the Electronic Notice List through the Court's electronic filing system. I also certify that I will serve copies via First Class U.S. Mail upon all other parties indicated on the Manual Notice List.

Respectfully submitted,
*/s/ Warren T. Burns*
Warren T. Burns
Susman Godfrey, LLP
901 Main Street, Suite 5100
Dallas, Texas 75202

12

2401837v1/012878