UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : Master File No. 12-md-2311<br>: Hon. Marianne O. Battani |
| THIS DOCUMENT RELATES TO ALL ACTIONS | : |

**REPLY OF THE UNITED STATES TO THE PARTIES' RESPONSES TO THE MOTION TO INTERVENE AND FOR A TEMPORARY AND LIMITED STAY OF CERTAIN DISCOVERY**

**I.      INTRODUCTION**

The Antitrust Division of the Department of Justice ("the Division") and the Parties have reached agreement on many of the key discovery issues. From the Division's perspective, one key issue remains unresolved. Plaintiffs apparently intend to seek discovery of sensitive information that was supplied to, and/or created for, the Division by cooperating defendants (both corporations and individuals) in the course of the Division's criminal investigation into the auto parts industry. Granting Plaintiffs the opportunity to obtain this information will provide them with little relevant evidence, while at the same time potentially causing grave harm to the Division's Leniency Program.

I.  **THE DIVISION'S INVESTIGATION CONTINUES TO ACHIEVE ENORMOUS SUCCESS**

At the time the Division initially moved to intervene and seek a temporary stay of discovery in July 2013, it had reached criminal plea agreements with nine corporations and fourteen individuals, and obtained criminal fines of over $800 million.  On September 30, 2013, Attorney General Eric Holder publicly announced plea agreements with nine additional corporations and two individuals, and the imposition of an additional $740 million in fines.  Unencumbered by distractions from discovery in the civil cases, the Division has reached plea agreements with a total of twenty-one corporations and seventeen individuals, indicted four individuals, and obtained fines totaling over $1.6 billion.   While there is still much work left to be done, the Division is moving its investigations along with great efficiency and effectiveness.[1]

II.  **ISSUES NOT RESOLVED IN THE STIPULATION**

    A.  **Plaintiffs Intend to Seek Information that Will Diminish the Effectiveness of the Division's Leniency Program**

"Since its revision in 1993, the Antitrust Division's Corporate Leniency Program has been the Division's _most_ effective investigative tool."

See Scott D. Hammond, Deputy Assist. Att'y Gen., *Cracking Cartels With*

---

[1] Ultimately, the resolution of these criminal investigations will inure to the benefit of Plaintiffs and this Court, because it will reduce, and even eliminate, many of the factual and legal issues that the parties and the Court otherwise potentially would need to address in the course of the civil proceedings.

2

*Leniency Programs* (Oct. 18, 2005), *available at* http://www.justice.gov/atr/public/speeches/212269.htm (emphasis original). The Leniency Program provides that the first company or individual to disclose illegal conduct will not be prosecuted or fined for its conduct, nor will any of its executives or employees. Companies or individuals who are not the first to disclose the existence of a conspiracy may also obtain benefits if they cooperate with the Division's investigation in a timely and complete manner. They can receive reductions in their fines based on the timeliness and usefulness of their cooperation in the prosecution of other companies or individuals. Importantly, they can also qualify for "Amnesty Plus," which means that if they not only cooperate with respect to the initial product(s)/conspiracy(ies) for which they are being investigated, but in the course of that investigation also identify and disclose *additional* products or conspiracies that the Division otherwise would not have known about, the company will not only receive amnesty for the new product(s) or conspiracy(ies), but they also will receive an *additional* reduction in the fine for the non-amnesty product for which they were implicated.

The key element of the Leniency Program is that is requires a defendant (including executives of a corporate defendant) to provide *complete cooperation* with the Division's investigation and prosecution of

all other co-conspirators who participated in the illegal activities, including a candid exposition of the conspiratorial conduct. In exchange, the Division promises not to reveal the identity of the leniency applicant or the information it provides, unless ordered to do so by a court.

In its Motion, the Division requested that the Court "permanently prohibit discovery of any type, in any of the civil cases, that seeks to obtain information about the Division's investigation or any grand jury investigation." Motion at 10. During the negotiations on the stipulation, Plaintiffs sought to reserve their ability to obtain from defendants' files, or from elsewhere other than the Division, information that cooperating entities and/or individuals gave to, and statements made to, the Division as part of their cooperation under the Leniency Program. Regardless of whether this information is sought from the Division or from any other source, such discovery would likely have a serious detrimental effect on the Division's ability to efficiently and effectively conduct its criminal investigations.

For example, Plaintiffs are not restricting themselves to seeking just statements made by *witnesses* to the Division.[2] They are seeking

---

[2] During the negotiations, the Division agreed to a proposal made by certain of the Plaintiffs group(s) that the only exception to a ban on discovery of information relating to the Division's investigation would be the ability of the Plaintiffs to request the Court that they be permitted to ask *witnesses at depositions* what they told the Division, in order to ensure that the witnesses were testifying consistently in the civil proceedings. Plaintiffs later insisted that they be permitted to seek far broader information relating to the interactions between defendants and the Division during the course of the Division's investigation.

4

"*statements* made by *any individual or entity* to the DOJ . . ." (emphasis added). As worded, and as Plaintiffs have expressly indicated during the negotiations on the stipulation, Plaintiffs may seek to discover information relating to plea discussions between the Division and defendants that may have been participating in the Leniency Program. This includes, for example, information and methodologies for how the Division calculated a defendant's criminal fine.[3] Both the federal criminal and civil rules of procedure recognize that it is essential that information and statements relating to plea discussions remain confidential in order to facilitate the resolution of criminal and civil claims. *See* Fed. R. Crim. P. 11; Fed. R. Evid. 408, 410. Plaintiffs also seek the ability to obtain from defendants' files, or from elsewhere other than the Division, statements that may have been made by defendants' *counsel* during the course of defendants' cooperation under the Leniency Program.

Even the *possibility* that Plaintiffs might request these types of information from defendants' files would cause great reluctance by subjects of criminal investigations to provide information to the Division for fear that it could potentially be demanded by Plaintiffs in subsequent civil proceedings. This would stifle the exchange of information between

---

[3] To the extent that Plaintiffs could reasonably assert that they need such information, the Division generally includes the volume of commerce that is the basis of each fine in its Plea Agreements, which are publicly filed with the Court.

defendants and the Division that is vital to the Leniency Program and the efficient resolution of the Division's criminal investigations.

The most efficient and effective way to deal with the potential risk from such intrusive requests is to preclude *at this stage of the litigation* Plaintiffs from seeking any information relating to the Division's investigations, regardless of who is in possession of such information.[4]

## B. The Division's Positions on Other Outstanding Issues

The parties agree that information contained in documents being produced in the Initial Cases that reflects products or potential co-conspirators not named or identified in the Plea Agreements between defendants and the Division may be withheld. The only issue is whether the documents containing such information may be withheld in their entirety or whether they should be redacted. The Division believes that permitting the documents to be withheld provides the greatest guarantee that sensitive information will not be produced unintentionally.

The Division and the Parties have not been able to agree on the characterization of the subjects for which discovery will be stayed. From the Division's perspective, the disagreements are largely semantic. Defendants propose that the stay apply to discovery of "conduct that is or

---

[4] Alternatively, if the Court is not inclined to preclude such requests generically at this time, the Division requests the opportunity to brief these issues more fully if, and when, Plaintiffs actually request such information after any stay is lifted in the future.

has been under investigation by the DOJ," while Plaintiffs want the stay to apply to discovery of "actual or potential criminal conduct the DOJ is currently investigating." The Division does not seek to protect any information outside the temporal scope of the auto parts investigation, a concern articulated by Plaintiffs. The Division does want to ensure, however, that the interpretation of "current" or "under investigation" is not unreasonably narrow. As such, the Division is supportive of the language proposed by defendants.

        BARBARA L. McQUADE
        United States Attorney

        s/Peter A. Caplan
        PETER A. CAPLAN
        Assistant U.S. Attorney
        211 W. Fort Street, Ste. 2001
        Detroit, MI 48226
        (313) 226-9784
        P30643
        peter.caplan@usdoj.gov

        w/consent of Paul T. Gallagher
        PAUL T. GALLAGHER
        Trial Attorney
        National Criminal Enforcement Section
        Antitrust Division
        United States Department of Justice
        450 5th Street, N.W., Suite 11300
        Washington, DC  20530
        (202) 532-4570
        paul.gallagher2@usdoj.gov

Date: October 18, 2013