# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Case No. 12-md-02311 Honorable Marianne O. Battani |
| ALL PARTS | |
| THIS RELATES TO: ALL CASES | |

## BEARINGS & OCCUPANT SAFETY SYSTEMS DEFENDANTS' COLLECTIVE RESPONSE TO MOTION OF END-PAYOR PLAINTIFFS, AUTO DEALER PLAINTIFFS, THE STATE OF FLORIDA, AND THE CITY OF RICHMOND TO COORDINATE ALL ACTIONS IN MDL 2311

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.................................................................................. ii

STATEMENT OF THE ISSUE PRESENTED ....................................................... iii

STATEMENT OF CONTROLLING OR MOST APPROPRIATE
AUTHORITY ........................................................................................................iv

     A.     Background ........................................................................3

     B.     Additional Coordination..................................................5

     C.     Motion to Dismiss ...........................................................8

     D.     Discovery..........................................................................8

     E.     Class Certification .........................................................11

     F.     Conclusion.....................................................................13

# INDEX OF AUTHORITIES

## Cases

*Comcast Corp. v. Behrend*,
    133 S. Ct. 1426 (2013) .......................................................................................................... 12

## RULES

Fed. R. Civ. P. 1 ................................................................................................................... 1
Fed. R. Civ. P. 23(c)(1)(A) .................................................................................................. 11

## <u>STATEMENT OF THE ISSUE PRESENTED</u>

1.      Whether the Court should enter the order requested by the Motion of End-Payor Plaintiffs, Auto Dealer Plaintiffs, the State of Florida, and the City of Richmond to Coordinate All Actions in MDL 2311, Case No. 2:12-md-02311 (May 9, 2014) (ECF No. 703).

## STATEMENT OF CONTROLLING OR MOST
## <u>APPROPRIATE AUTHORITY</u>

1.      Federal Rule of Civil Procedure 1.

Defendants in the Bearings (Case No. 2:12-cv-00500)[1] and Occupant Safety Systems (Case No. 2:12-cv-00600)[2] cases ("Bearings and OSS Defendants") hereby respond jointly to the Motion of End-Payor Plaintiffs, Auto Dealer Plaintiffs, the State of Florida, and the City of Richmond ("Plaintiffs") to Coordinate All Actions in MDL 2311, Case No. 2:12-md-02311 (May 9, 2014) (ECF No. 703) ("Motion").  The Bearings and OSS Defendants' response is made jointly solely for purposes of responding to this Motion due to the similar procedural posture of both cases in the MDL and in order to alleviate as much as possible the number of filings the Court must entertain in considering Plaintiffs' Motion.

While the Bearings and OSS Defendants agree with Plaintiffs that some further coordination in the MDL would be beneficial to help the Court and the parties reach a "just" and "speedy" resolution of these actions, Fed. R. Civ. P. 1, the Bearings and OSS Defendants were not given an opportunity to meet and confer about Plaintiffs' proposals prior to the Motion's filing.  Moreover,

---

[1] Defendants in the Bearings cases are: JTEKT Corporation, JTEKT North America Corp. (formerly d/b/a Koyo Corporation of U.S.A.), Nachi-Fujikoshi Corporation, Nachi America Inc., NSK Ltd., NSK Americas, Inc., Schaeffler AG, Schaeffler Group USA Inc., AB SKF, NTN Corporation, and NTN USA Corporation.

[2] Defendants in the OSS cases are: Autoliv, Inc.; Autoliv ASP, Inc.; Autoliv B.V. & Co. KG; Autoliv Japan Ltd.; Takata Corporation; TK Holdings, Inc.; Tokai Rika Co., Ltd.; TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc.; TRW Automotive Holdings Corp.; and TRW Deutschland Holding GmbH.

Plaintiffs' proposals are for the most part unworkable.  The Bearings and OSS Defendants therefore request that the Court direct Plaintiffs (including the Direct Purchaser Plaintiffs, who did not join in the Motion) to meet and confer with them in order to try and develop feasible solutions to the issues raised in the Motion and to reduce or eliminate the number of issues that may require the Court's resolution.

Alternatively, the Bearings and OSS Defendants request that the Court adopt the following proposals with respect to the issues raised in the Motion, which better address the goals of maintaining efficiency and fairness for all parties:

- **Additional Coordination:** To the extent that it is necessary to group product cases together for case management purposes, they should be grouped together by procedural posture.  Given their shared procedural posture, the Bearings and OSS Defendants do not object to being grouped together; they should not be grouped with any later-filed cases.

- **Discovery:** Discovery (including written discovery and depositions) should proceed apace for cases that are in a similar procedural posture and should not be held up or otherwise depend on developments in cases that are not in a similar procedural posture.

- **Class certification:** Class certification should not be delayed.  Within thirty days after the DOJ stay is lifted as to a particular product case, the parties involved in that particular case should meet and confer in order to propose a schedule for completing discovery and filing a class certification motion.

The rationales for these proposals and their application to specific issues are further explained herein.

**A.     Background**

Thus far in the litigation, the cases that comprise MDL 2311 have been

coordinated—correctly in Defendants' view—into twenty-nine separate, product-

specific cases.  The cases within each product are also consolidated into Direct

Purchaser Actions, Auto-Dealer Actions, and End-Payor Actions.  In the Bearings

and OSS cases, amended consolidated class action complaints ("CACs") have been

filed for the separate products in each of the three sub-actions.  The CACs make

clear that plaintiffs are alleging separate conspiracies related to separate products

and, in nearly all cases, different defendants.  *See* Mot., Ex. B.  Indeed, all but two

of the twenty-nine separately alleged conspiracies involve different defendants,[3]

and many of the defendants do not manufacture or sell the parts that form the

alleged conspiracies in the other cases.

In short, Plaintiffs' counsel has both alleged and informed this Court

repeatedly that the alleged conspiracies are separate cases, including representing

that Bearings "will have its own track, its own scheduling."  Status Conf. Tr. at

34:7-8 (June 15, 2012) (ECF No. 136); *see also* Status Conf. Tr. at 53:5-12 (July

10, 2013) (ECF No. 566) ("Each of these parts are, from our perspective as the

direct purchasers, are separate cases, part of the overall MDL."); Status Conf. Tr.

_____

[3] Only the Air Flow Meters and Fuel Injection Systems cases involve the exact
same defendants.  Plaintiffs propose to group these two cases into different
tranches.  Mot. at 11.

at 12:13-15 (Aug. 1, 2012) (ECF No. 267) ("I think that these cases are separate products. I think we proposed to handle them as separate products."); Status Conf. Tr. at 32:8-9 (June 15, 2012) (ECF No. 136) ("[D]ifferent products are going to be obviously in separate tracks.").

Procedurally, the coordination employed thus far by the Court and by the parties has been substantial.  Where motions to dismiss have been filed against certain CACs, defendants have coordinated amongst themselves to file collective motions to dismiss.  Moreover, after this Court's ruling in the *Wire Harness Cases*, the subsequent arguments on the motions to dismiss have been shortened so as not to repeat duplicative arguments or to abbreviate arguments the Court has already considered.  The Bearings and OSS Defendants in fact have agreed to forego oral argument on their collective motions to dismiss at the next status conference, currently scheduled for June 4, 2014, and to allow them to be decided on the papers.  *See* [Proposed] Agenda for June 4, 2014 Status Conf. & Hearing on Pending Mots. at 3 & 4 (May 22, 2014).  The papers already identify the issues and/or factual circumstances which have not been addressed by the Court's prior rulings.

Each product case has advanced on its own timeline based on when the cases were first transferred to this Court.  Naturally, given that they were the first cases to be transferred, the Wire Harness cases have been the first to complete motions to

dismiss briefing and rulings and are the furthest along with discovery.  The next three product cases transferred to this Court—Fuel Senders, Instrument Cluster Panels, and Heater Control Panels—have had argument on their collective motions to dismiss, and the Court has ruled on the Direct Purchaser motions to dismiss. The Bearings and Occupant Safety System cases were transferred next, and their respective motions to dismiss are pending decision.  To date, the subsequently filed product cases have followed or will follow consistent with this practice.

At the February 2, 2014 status conference, the Court directed plaintiffs to meet and confer with defendants concerning how subsequently filed motions to dismiss could be stream-lined in order to reduce duplication and allow later-filing defendants to preserve for appeal issues that had been decided in earlier product cases.  *See* Status Conf. Tr. at 49:22-53:15 (ECF No. 676).  Plaintiffs have not met and conferred with the Bearings and OSS Defendants and have not met and conferred with any defendant with respect to the instant Motion's request to group defendants by tranches, coordinate discovery, and defer class certification indefinitely for all cases.

### B.    Additional Coordination

The Bearings and OSS Defendants do not oppose in principle the idea of grouping the product cases to allow this Court to manage procedural aspects of the cases together, as the Court has done with the Fuel Senders, Instrument Cluster

Panels, and Heater Control Panels cases. The Bearings and OSS Defendants recognize the potential practical benefits of grouping certain product cases based on their respective procedural posture, notwithstanding that there is no substantive overlap between and among the cases. The Bearings and OSS Defendants support this Court's prior rulings which, consistent with due process, do not bind the different defendants in different cases involving different alleged conspiracies to the rulings made with respect to any other individual defendant, regardless of how cases are grouped procedurally. Procedure-based groupings for purposes of streamlining and coordinating need not affect any defendant's substantive rights.

While open to the idea of grouping product cases for procedural convenience, the Bearings and OSS Defendants disagree with Plaintiffs' proposal as to how the cases should be organized. Plaintiffs have proposed to group cases "into tranches based upon which defendants are in which cases."[4] Mot. at 10. But this is an impossible task, as evidenced by Plaintiffs' failure to achieve this goal in their proposal. For example, Plaintiffs' proposal groups the Denso-related defendants into four of the six proposed tranches. *See id.* at 10–11. And Plaintiffs propose to put the only two products (Air Flow Meters and Fuel Injection Systems)

---

[4] Plaintiffs' representations as to which defendants are in which cases, *see* Mot., Ex. B, on which they base their tranches, is inaccurate. For example, Plaintiffs incorrectly indicate that the Tokai Rika-related defendants are parties in the Anti-Vibration Rubber product cases, apparently confusing Tokai Rika with Tokai Rubber, an unrelated party. *Id.*

that have the same two corporate-related defendants (Denso and Hitachi) into different tranches.  *See id.* at 11; Mot., Ex. B.

Moreover, with respect to the Bearings and OSS Defendants, Plaintiffs' proposed Tranche 2 seeks to group five cases which purportedly "share the key common defendants Autoliv, JTEKT, DTR, Nachi, NSK, NTN, Schaeffler, Takata, Tokai Rika, TRW, Tokai Rubber, Yamashita Rubber, and YUSA."  Mot. at 10. Yet, eleven of those thirteen alleged "key common defendants" (Autoliv, Nachi, NSK, NTN, Schaeffler, SKF, Takata, Tokai Rubber, Toyo, TRW, Yamashita) are in only one of the five proposed Tranche 2 cases, and the other two listed defendants (JTEKT and Tokai Rika) are in only two of the five proposed Tranche 2 cases.  *See id.*; Mot., Ex. B.  Thus, even if grouping by common defendants had theoretical merit (which it does not), Plaintiffs' proposed tranches are based on illusory similarities.

Plaintiffs' proposal with respect to the Bearings and OSS Defendants is the opposite of efficient.  Plaintiffs proposed Tranche 2 groups the Bearings and OSS Defendants with the Anti-Vibration Rubber, Electric Power Steering Assemblies, and Constant Velocity Joint Boots cases.  Mot. at 10.  But the Constant Velocity Joint Boots cases joined this MDL very recently, in May 2014.  That product case is the furthest away procedurally from the Bearings and OSS cases and thus far includes only Toyo-related defendants who are involved in no other product case.

*See* Mot., Ex. B.  Likewise, the Electric Power Steering Assemblies cases were only transferred to this MDL in 2014.  The Bearings and OSS Defendants, whose respective motions to dismiss are awaiting decision, should not be held up in advancing their cases toward resolution by these later-filed cases.

The Bearings and OSS Defendants propose instead that any grouping be done based on the procedural posture of the different product cases, similar to how the Court has already been managing the case schedules.  This grouping process (as opposed to the tranches arbitrarily selected by Plaintiffs) is more efficient because it groups cases that are ready to proceed together or in near proximity to each other.  The Bearings and OSS Defendants should not be grouped with any later-filed cases.  Because the next-filed product case—Automotive Lamps—has yet to have any substantive activity of any kind, resolution of the Bearings and OSS Defendants' cases should not be delayed by including Automotive Lamps or any other subsequently filed cases in the same tranche.

### C.    Motions to Dismiss

Plaintiffs' proposal to streamline motions to dismiss applies only to product cases that have not yet filed motions to dismiss.  Therefore, because they have already filed their motions to dismiss, the Bearings and OSS Defendants take no position on Plaintiffs' proposal with respect to motions to dismiss.

**D.    Discovery**

Plaintiffs have not met and conferred with the Bearings and OSS Defendants with respect to their proposal to coordinate discovery across all product cases. The Bearings and OSS Defendants request the opportunity to meet and confer on Plaintiffs' proposals in order to avoid bringing unnecessary disputes to the Court's attention.

To the extent the Court wishes to entertain a prospective discussion of potential future discovery disputes, the Bearings and OSS Defendants believe that Plaintiffs' proposal to "coordinate" discovery across all cases is vague and unworkable on its face. First, with respect to written discovery, Plaintiffs propose that the Court order "discovery to be coordinated across all cases" after the DOJ stay is lifted. Mot. Ex. 3 at 5. Exactly how written discovery coordination is to be accomplished is left to the imagination of the reader. Second, with respect to depositions, Plaintiffs would require any party-witness to be deposed only once. This is impossible if the Court wishes to resolve these cases in any sort of "just, speedy, and inexpensive" fashion. There are twenty-nine different product cases and some are nowhere near ready to proceed with depositions. The Bearings and OSS Defendants should not be forced to wait to depose Plaintiffs until all other defendants are able to do so. Moreover, because nearly all Auto Dealers are plaintiffs in every product case, "one" deposition of each Auto Dealer plaintiff

would be impossible to coordinate across all thirty-six corporate-related defendants and would devolve into an unfair (for the witness at least) week-long deposition. Finally, because the DOJ stay will not be lifted at the same time as to every defendant, Plaintiffs are, in effect, asking that merits discovery be stayed in all cases until the DOJ lifts its stay in all cases.

Instead, in order to efficiently advance the resolution of these actions, the Bearings and OSS Defendants propose that parties with a similar procedural posture use their best efforts to coordinate discovery and to avoid duplication of the discovery that has already occurred. The ten corporate-related defendants that make up the Bearings and OSS cases can coordinate one deposition of a single witness as he or she relates to just two products. But thirty-six (or more) corporate-related defendants across twenty-nine different products cannot be expected to do so. Moreover, because the Bearings and OSS Defendants propose to group product cases based on the procedural posture of the cases, discovery can proceed efficiently, and the Court could be assured that a witness would not be deposed unnecessarily numerous times.

Plaintiffs also miss the mark with their other specific written discovery proposals. The production of transactional data and initial disclosures should occur, if at all, after the Bearings and OSS Defendants' motions to dismiss have been ruled upon—as the parties have previously agreed—and the parties should

10

confer as to the date they are able to make such productions.  The Bearings and OSS Defendants should also not be tied to "the resolution of disputed issues in Wire Harness."  Mot. at 14.  Not only have said Defendants not been involved in discussing those issues but, more generally, they have not had an opportunity to meet and confer with Plaintiffs and discuss when transactional data can be produced without undue burden.  Finally, Plaintiffs' proposal that defendants "identify specific products that were the subject of a guilty plea or collusive conduct" would, among other things, violate the DOJ stay.  Mot. at 14.  In any event, if Plaintiffs wish to request this information, the proper way to do so is through an interrogatory issued pursuant to the Federal Rules of Civil Procedure, not under the auspices of a motion to coordinate, and Defendants will respond in accordance with the Federal Rules.

### E.    Class Certification

Plaintiffs' motions for class certification should not be delayed in any way. Plaintiffs' proposal to delay all motions for class certification until discovery is completed in all product cases is flatly contradictory to their Motion's purported goal of a speedy resolution of these cases.  Not only that, but their proposal flies in the face of the Federal Rules of Civil Procedure, which require the Court to resolve the class certification issue "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A).

The filing of class certification motions in any one case should not wait while "discovery and proceedings continue in other cases." Mot. at 17. As discussed above, the different product cases allege separate conspiracies related to separate products and separate markets, and involve different defendants and OEMs. *See* Part B, *supra*. Plaintiffs' class certification motion as to a particular product case will turn on facts related to the specific conspiracy involving the particular defendants in each product case and the specific market involved. In all product cases there are different defendants (save for two), different conduct affecting different customers and car models[5], and different time periods. And each separate market will require different expert economic analysis. *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013). There is no reason to delay resolution of whether a class can be certified in the earlier-filed cases until all cases have completed discovery.

The Bearings and OSS Defendants propose that this Court adopt the same procedure for determining class certification deadlines that plaintiffs proposed for the Wire Harness cases just three months ago. Within thirty days after the DOJ stay is lifted as to a particular product case, the parties to that case should meet and confer and propose a schedule for completing relevant discovery and filing a class

---

[5] And in one of the direct purchaser cases in Bearings, non-automotive industrial bearings are included.

certification motion.  *See* Status Conf. Tr. at 120:20-121:21 (Feb. 12, 2014) (ECF
No. 676).  As each set of plaintiffs has alleged a different class involving separate
products, there is simply no basis for having the certification of those classes
determined on anything but a product-class-by-product-class basis at an early
practicable time, consistent with the Federal Rules of Civil Procedure.

### F.    Conclusion

For the foregoing reasons, the Motion of End-Payor Plaintiffs, Auto Dealer
Plaintiffs, the State of Florida, and the City of Richmond to Coordinate All Actions
in MDL 2311 should be denied, and the Bearings and OSS Defendants should be
given an opportunity to meet and confer to discuss reasonable proposals with
respect to the issues advanced in Plaintiffs' Motion.  In the alternative, this Court
should adopt a case management order consistent with the proposals of the
Bearings and OSS Defendants made herein so as to best advance the resolution of
these cases.  Specifically, if the Court believes grouping cases by procedural
posture is helpful for case management purposes, the Bearings and OSS
Defendants should be grouped together and not with any later-filed actions.  In
addition, within thirty days after the DOJ stay is lifted as to a particular product
case, the parties involved in that particular case should meet and confer in order to
propose a schedule for completing discovery and filing a class certification motion.

Date:  May 27, 2014                     Respectfully submitted,

**ON BEHALF OF THE BEARINGS DEFENDANTS:**

| | |
|---|---|
| | WINSTON & STRAWN LLP<br><br> /s/ Molly M. Donovan (w/consent)<br>A. PAUL VICTOR (*pro hac vice*)<br>JEFFREY L. KESSLER (*pro hac vice*)<br>MOLLY M. DONOVAN (*pro hac vice*)<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 294-6700<br>Facsimile: (212) 294-4700<br>pvictor@winston.com<br>jkessler@winston.com<br>mmdonovan@winston.com<br><br>FRED K. HERRMANN (P49519)<br>500 Woodward Avenue, Suite 2500<br>Detroit, MI 48226<br>Tel. (313) 961-0200<br>fkh@krwlaw.com<br><br>Attorneys for Defendants *NTN CORPORATION and NTN USA CORPORATION* |
| DYKEMA GOSSETT PLLC<br><br>/s/ Howard B. Iwrey (w/ consent)<br>Howard B. Iwrey (P39635)<br>Brian M. Moore (P58584)<br>39577 Woodward Avenue; Suite 300<br>Bloomfield Hills, MI 48304<br>248-203-0700<br>hiwrey@dykema.com<br>bmoore@dykema.com<br><br>REED SMITH LLP<br><br>Debra H. Dermody | LANE POWELL PC<br><br>/s/Kenneth R. Davis II (w/consent)<br>Kenneth R. Davis II<br>Craig D. Bachman<br>Darin M. Sands<br>Masayuki Yamaguchi<br><br>LANE POWELL PC<br>ODS Tower<br>601 SW Second Avenue, Suite 2100<br>Portland, OR  97204-3158<br>(503) 778-2100<br>(503) 778-2200 (facsimile) |

| | |
|---|---|
| Michelle A. Mantine<br>Reed Smith Centre<br>225 Fifth Ave.<br>Pittsburgh, PA 15222-2716<br>412-288-3302<br>ddermody@reedsmith.com<br>mmantine@reedsmith.com<br><br>Attorneys for Defendant *AB SKF* | bachmanc@lanepowell.com<br>davisk@lanepowell.com<br>sandsd@lanepowell.com<br>yamaguchi@lanepowell.com<br><br>Larry S. Gangnes<br>Connor B. Shively<br>LANE POWELL PC<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA  98101-2338<br>(206) 223-7000<br>(206) 223-7107 (facsimile)<br>gangnesl@lanepowell.com<br>shivelyc@lanepowell.com<br><br>Richard D. Bisio (P30246)<br>Ronald S. Nixon (P57117)<br>KEMP KLEIN LAW FIRM<br>201 W. Big Beaver, Suite 600<br>Troy, MI 48084<br>Telephone: (248) 528-1111<br>Facsimile: (248) 528-5129<br>richard.bisio@kkue.com<br>ron.nixon@kkue.com<br><br>Attorneys for Defendants *Nachi-Fujikoshi Corp. and Nachi America, Inc.* |
| SHEARMAN & STERLING LLP<br><br>/s/ Heather L. Kafele (w/consent)<br>Heather L. Kafele<br>Keith R. Palfin<br>Alison R. Welcher<br>801 Pennsylvania Ave. NW, Ste. 900<br>Washington, DC 20004<br>Telephone: 202-508-8097<br>Fax: 202-508-8001<br>heather.kafele@shearman.com | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>/s/ Jeremy Calsyn (w/consent)<br>Jeremy Calsyn<br>Mark Leddy<br>2000 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>202-974-1522<br>jcalsyn@cgsh.com<br>mleddy@cgsh.com |

16

| | |
|---|---|
| keith.palfin@shearman.com<br>alison.welcher@shearman.com<br><br>PAESANO AKKASHIAN, PC<br><br>Brian M. Akkashian<br>132 N. Old Woodward Avenue<br>Birmingham, MI 48009<br>248-792-6886<br>bakkashian@paesanoakkashian.com<br><br>Attorneys for Defendants *JTEKT Corporation and JTEKT North America Corporation, formerly d/b/a Koyo Corporation of U.S.A.* | HONIGMAN, MILLER, SCHWARTZ AND COHN LLP<br><br>David A. Ettinger<br>660 Woodward Avenue<br>Suite 2290<br>Detroit, MI 48226-3506<br>313-465-7368<br>dettinger@honigman.com<br><br>Attorneys for *Defendants NSK Ltd. and NSK Americas, Inc.* |
| WILMER CUTLER PICKERING HALE AND DORR LLP<br><br>/s/ Eric Mahr (w/ consent)<br>Eric Mahr<br>Stacy E. Frazier<br>1875 Pennsylvania Ave., NW<br>Washington, DC 20006<br>202-663-6446<br>eric.mahr@wilmerhale.com<br>stacy.frazier@wilmerhale.com<br><br>Attorneys for Defendants *Schaeffler AG and Schaeffler Group USA, Incorporated* | |

**ON BEHALF OF THE OSS DEFENDANTS:**

| | |
|---|---|
| David M. Zinn<br>John E. Schmidtlein<br>Samuel Bryant Davidoff<br>**Williams & Connolly LLP**<br>725 Twelfth Street, N.W.<br>Washington, DC 20005 | By: /s/ Robert J. Wierenga<br><br>Robert J. Wierenga (P59785)<br>Suzanne L. Wahl (P71364)<br>**Schiff Hardin LLP**<br>340 S. Main Street, Suite 210 |

| | |
|---|---|
| 202-434-5000<br>Fax: 202-434-5029<br>dzinn@wc.com<br>jschmidtlein@wc.com<br>sdavidoff@wc.com | Ann Arbor, MI  48104<br>734-222-1500<br>Fax: (734) 222-1501<br>rwierenga@schiffhardin.com<br>swahl@schiffhardin.com |
| **COUNSEL FOR DEFENDANTS TAKATA CORPORATION AND TK HOLDINGS INC.** | |

| | |
|---|---|
| | /s/Howard B. Iwrey<br>_____<br>James P. Feeney (P13335)<br>Howard B. Iwrey (P39635)<br>Benjamin W. Jeffers (P57161)<br>David J. Council (P73163)<br>DYKEMA GOSSETT PLLC<br>39577 Woodward Avenue, Suite 300<br>Bloomfield Hills, MI 48304<br>248 203-0526<br>Fax: 248-203-0763<br>jfeeney@dykema.com<br>hiwrey@dykema.com<br>bjeffers@dykema.com<br>dcouncil@dykema.com |
| **COUNSEL FOR DEFENDANTS TRW AUTOMOTIVE HOLDINGS CORP. AND TRW DEUTSCHLAND HOLDING GMBH** | |

| | |
|---|---|
| W. Todd Miller<br>BAKER & MILLER PLLC<br>2401 Pennsylvania Ave., N.W.<br>Suite 300<br>Washington, DC 20037<br>202-663-7820<br>Fax: 202-663-7849 | /s/ David F. DuMouchel<br>David F. DuMouchel (P25658)<br>Sheldon H. Klein (P41062)<br>George B. Donnini (P66798)<br>BUTZEL LONG PC<br>150 W. Jefferson, Suite 900<br>Detroit, MI 48226-4430 |

18

| tmiller@bakerandmiller.com | 313-225-7000<br>dumouchd@butzel.com<br>Klein@butzel.com<br>donnini@butzel.com |
|---|---|
| **COUNSEL FOR DEFENDANTS TRAM, INC. AND TOKAI RIKA CO., LTD.** | |

| Peter Kontio<br>ALSTON & BIRD<br>1201 W. Peachtree Street, Suite 4000<br>Atlanta, GA 30309-3424<br>404-881-7000<br>Fax: 404-253-9690<br>peter.kontio@alston.com | /s/ Joanne Geha Swanson<br>Joanne Geha Swanson (P33594)<br>Fred K. Herrmann (P49519)<br>Dwayne D. Stresman (P73283)<br>KERR, RUSSELL & WEBER PLC<br>500 Woodward Avenue, Suite 2500<br>Detroit, MI 48226-3406<br>313-961-0200<br>jswanson@kerr-russell.com<br>fherrmann@kerr-russell.com |
|---|---|
| **COUNSEL FOR AUTOLIV DEFENDANTS** | |

19

## CERTIFICATE OF SERVICE

I, Robert J. Wierenga, hereby certify that on February 10, 2014, I caused the foregoing

BEARINGS & OCCUPANT SAFETY SYSTEMS DEFENDANTS'
COLLECTIVE RESPONSE TO MOTION OF END-PAYOR PLAINTIFFS,
AUTO DEALER PLAINTIFFS, THE STATE OF FLORIDA, AND THE CITY
OF RICHMOND TO COORDINATE ALL ACTIONS IN MDL 2311

to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Robert J. Wierenga
Robert J. Wierenga (P59785)
**Schiff Hardin LLP**
350 S. Main Street, Suite 210
Ann Arbor, MI  48104
734–222–1500
Fax: (734) 222–1501
rwierenga@schiffhardin.com

41895-0001
AA\200090830.1