# EXHIBIT 20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILED

JAN 2 3 2014

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

               Plaintiff,

v.

STANLEY ELECTRIC CO., LTD.,

               Defendant.

_____/

Criminal No.: 2:13-cr-20884

Honorable George Caram Steeh

Filed: January 23, 2013

Violation: 15 U.S.C. § 1

## PLEA AGREEMENT

The United States of America and Stanley Electric Co., Ltd. ("defendant"), a corporation organized and existing under the laws of Japan, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

## RIGHTS OF DEFENDANT

1.    The defendant understands its rights:

    (a)     to be represented by an attorney;

    (b)     to be charged by Indictment;

    (c)     as a corporation organized and existing under the laws of Japan, to decline to accept service of the Summons in this case, and to contest the jurisdiction of the United States to prosecute this case against it in the United States District Court for the Eastern District of Michigan;

    (d)     to plead not guilty to the criminal charge brought against it;

(e)      to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

(f)      to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(g)      to appeal its conviction if it is found guilty; and

(h)      to appeal the imposition of the sentence against it.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.      The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above. The defendant also agrees to waive any objection or defense it may have to the prosecution of the charged offense in the United States District Court for the Eastern District of Michigan based on venue. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 9 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) or (c). Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to a one-count

Information to be filed in the United States District Court for the Eastern District of Michigan. The Information will charge the defendant with participating in a combination and conspiracy to suppress and eliminate competition in the automotive parts industry by agreeing to rig bids for, and to fix, stabilize, and maintain the prices of, automotive high-intensity discharge ("HID") lamp ballasts sold in the United States and elsewhere, from at least as early as July 1998 until at least February 2010, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.     The defendant will plead guilty to the criminal charge described in Paragraph 2 above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## FACTUAL BASIS FOR OFFENSE CHARGED

4.     Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)     For purposes of this Plea Agreement, the "relevant period" is that period from at least as early as July 1998 until at least February 2010. During the relevant period, the defendant was a corporation organized and existing under the laws of Japan. The defendant had its principal place of business in Tokyo, Japan. During the relevant period, the defendant, employing more than 1,000 individuals, was a producer of automotive lighting fixtures, and was engaged in the sale of automotive lighting fixtures, including HID headlamps, to automobile manufacturers in the United States and elsewhere. An automotive HID lamp ballast is an electrical device that is essential for the operation of a HID headlamp. It regulates the electrical current used to ignite and control

3

the electrical arc that generates the intensely bright light emitted by an automotive HID headlamp fixture.

(b)      During the relevant period, the defendant, through its employees, including high-level personnel of the defendant, participated in a conspiracy with other persons and entities engaged in the manufacture and sale of automotive HID lamp ballasts, the primary purpose of which was to rig bids for, and to fix, stabilize, and maintain the prices of, automotive HID lamp ballasts sold in the United States and elsewhere.  In furtherance of the conspiracy, the defendant, through its employees, engaged in discussions and attended meetings with co-conspirators involved in the manufacture and sale of automotive HID lamp ballasts.  During such meetings and conversations, agreements were reached to allocate the supply of automotive HID lamp ballasts, rig bids for automotive HID lamp ballasts, and to fix, stabilize, and maintain the prices, including coordinating price adjustments requested by purchasers, of automotive HID lamp ballasts sold to Toyota Motor Corporation, Honda Motor Company, Ltd., Nissan Motor Co., Ltd., Fuji Heavy Industries, Ltd. (Subaru), and Mazda Motor Corporation, and/or certain of their U.S. subsidiaries, in the United States and elsewhere.

(c)      During the relevant period, automotive HID lamp ballasts sold by one or more of the conspirator firms, and equipment and supplies necessary to the production and distribution of automotive HID lamp ballasts, as well as payments for automotive HID lamp ballasts, traveled in interstate commerce.  The business activities of the defendant and its co-conspirators in connection with the production and sale of automotive HID lamp ballasts that were the subjects of this conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

4

## ELEMENTS OF THE OFFENSE

5.      The elements of the charged offense are that:

(a)      the conspiracy described in the Information existed at or about the times alleged;

(b)      the defendant knowingly became a member of the conspiracy; and

(c)      the conspiracy described in the Information either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

## POSSIBLE MAXIMUM SENTENCE

6.      The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a)      $100 million (15 U.S.C. § 1);

(b)      twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)      twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

7.      In addition, the defendant understands that:

(a)      pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b)      pursuant to U.S.S.G. §8B1.1 of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or

5

3663(a)(3), the Court may order it to pay restitution to the victims of the offense charged; and

    (c)    pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8.    The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing, unless that Manual provides for a greater punishment than the Manual in effect on the last date of the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no ex post facto issue under the November 1, 2013 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C.§ 3553(a), in determining and imposing sentence. The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. The defendant understands that, although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

9.    Pursuant to Fed. R. Crim. P. 11(c)(1)(C), and subject to the full, truthful, and continuing cooperation of the defendant and its subsidiaries, as defined in Paragraph 12 of this Plea Agreement, the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant

to pay to the United States a criminal fine of $1.44 million, payable in full before the fifteenth (15th) day after the date of judgment, and no order of restitution ("the recommended sentence"). The parties agree not to seek at the sentencing hearing any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

      (a)     Section 5K2.0 of the U.S.S.G. provides for a sentence above the range established by the applicable guideline if there exists a circumstance not adequately taken into consideration in formulating the Guidelines. The United States will make a motion pursuant to U.S.S.G. §5K2.0 requesting that the Court depart from the sentence calculated pursuant to U.S.S.G. §2R1.1 and impose the agreed-upon sentence set out above. The upward departure is based on the fact that defendant did not manufacture automotive HID lamp ballasts affected by the conspiracy, and it therefore had no affected sales of its own during the charged conspiracy period. Defendant nonetheless recognizes its role in facilitating the conspiracy among manufacturers of automotive HID lamp ballasts, as well as its financial interest in the conspiratorial allocation of automotive HID lamp ballast sales, and failing to account for defendant's participation and interest in the conspiracy would understate the seriousness of defendant's role in the charged offense. Therefore, the United States and the defendant agree that an upward departure is appropriate in this case.

      (b)     The defendant understands that the Court will order it to pay a $400 special assessment for the offense charged in the Information, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

7

(c)     In light of the civil cases filed against the defendant, which potentially provide for a recovery of a multiple of actual damages, the recommended sentence does not include a restitution order for the offense charged in the Information.

(d)     Both parties will recommend that no term of probation be imposed, but the defendant understands that the Court's denial of this request will not void this Plea Agreement.

(e)     The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 10, will provide sufficient information concerning the defendant, the crime charged in this case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and defendant agree to request jointly that the Court accept the defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii), U.S.S.G. §6A1.1, and Rule 32.1(h) of the Criminal Local Rules. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

10.     Subject to the full, truthful and continuing cooperation of the defendant and its subsidiaries, as defined in Paragraph 12 of this Plea Agreement, and prior to sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's and its subsidiaries' cooperation and their commitment to

8

prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense and all other relevant conduct.

11.     The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea Agreement.

(a)     If the Court does not accept the recommended sentence, the United States and the defendant agree that this Plea Agreement, except for Paragraph 11(b) below, will be rendered void.

(b)     If the Court does not accept the recommended sentence, the defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)).  If the defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement, or made in the course of plea discussions with an attorney for the government will not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410.  In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 14 of this Plea Agreement will be tolled for the period between the date of the signing of the Plea Agreement and the date the defendant withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

## DEFENDANT'S COOPERATION

12.     The defendant and its subsidiaries will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the manufacture or sale of automotive HID lamp ballasts, and any litigation or other proceedings arising or resulting from such investigation to which the United States is a party (collectively "Federal Proceeding").  Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding.  The defendant's subsidiaries for purposes of this Plea Agreement are II Stanley Co., Inc and Stanley Electric U.S. Co., Inc.  The full, truthful, and continuing cooperation of the defendant and its subsidiaries will include, but not be limited to:

(a)     producing to the United States all documents, information, and other materials, wherever located, not protected under the attorney-client privilege or the work product doctrine (and with translations into English), in the possession, custody, or control of the defendant or any of its subsidiaries, requested by the United States in connection with any Federal Proceeding; and

(b)     using its best efforts to secure the full, truthful, and continuing cooperation, as defined in Paragraph 13 of this Plea Agreement, of the current and former directors, officers and employees of the defendant or any of its subsidiaries as may be requested by the United States, but excluding the individual listed in Attachment A filed under seal, including making these persons available in the United States and at other mutually agreed-upon locations, at the defendant's expense, for interviews and the

provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding. Current directors, officers, and employees are defined for purposes of this Plea Agreement as individuals who are directors, officers, or employees of the defendant or any of its subsidiaries as of the date of signature of this Plea Agreement.

13. The full, truthful, and continuing cooperation of each person described in Paragraph 12(b) above, will be subject to the procedures and protections of this paragraph, and will include, but not be limited to:

(a) producing in the United States and at other mutually agreed-upon locations all documents, including claimed personal documents and other materials, wherever located, not protected under attorney-client privilege or the work product doctrine (and with translations into English), requested by attorneys and agents of the United States in connection with any Federal Proceeding;

(b) making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

(c) responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements or declarations (18 U.S.C. § 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or conspiracy to commit such offenses;

11

(d)      otherwise voluntarily providing the United States with any material or information not requested in (a) - (c) of this paragraph and not protected under the attorney-client privilege or the work product doctrine that he or she may have that is related to any Federal Proceeding;

(e)      when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402) and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f)      agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 15(c), the statute of limitations period for any Relevant Offense as defined in Paragraph 15(a) shall be tolled as to him or her for the period between the date of the signing of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under the Plea Agreement.

## GOVERNMENT'S AGREEMENT

14.     Subject to the full, truthful, and continuing cooperation of the defendant and its subsidiaries, as defined in Paragraph 12 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring further criminal charges against the defendant or its subsidiaries for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the

manufacture or sale of automotive HID lamp ballasts. The nonprosecution terms of this paragraph do not apply to (a) any acts of subornation of perjury (18 U.S.C. § 1622), making a false statement (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. § 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

15.    The United States agrees to the following:

(a)    Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in Paragraph 15(c), the United States will not bring criminal charges against any current or former director, officer or employee of the defendant or its subsidiaries for any act or offense committed before the date of signature of this Plea Agreement and while that person was acting as a director, officer or employee of the defendant or its subsidiaries that was undertaken in furtherance of an antitrust conspiracy involving the manufacture or sale of automotive HID lamp ballasts ("Relevant Offense"), with the exception that the protections granted in this paragraph shall not apply to the individual listed in Attachment A (filed under seal);

(b)    Should the United States determine that any current or former director, officer, or employee of the defendant or either of its subsidiaries may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or,

if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

(c)     If any person requested to provide cooperation under Paragraph 15(b) fails to comply with his or her obligations under Paragraph 13, then the terms of this Plea Agreement as they pertain to that person and the agreement not to prosecute that person granted in this Plea Agreement will be rendered void, and the United States may prosecute such person criminally for any federal crime of which the United States has knowledge, including, but not limited to any Relevant Offense;

(d)     Except as provided in Paragraph 15(e), information provided by a person described in Paragraph 15(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury or subornation of perjury (18 U.S.C. § 1621-22), making a false statement or declaration (18 U.S.C. § 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses;

(e)     If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 13 of this Plea Agreement, the agreement in Paragraph 15(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case will be rendered void;

(f)     The nonprosecution terms of this paragraph do not apply to civil matters of any kind; any violation of the federal tax or securities laws or conspiracy to commit

14

such offenses; any crime of violence; or perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, et seq.), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; and

(g)    Documents provided under Paragraphs 12(a) and 13(a) will be deemed responsive to outstanding grand jury subpoenas issued to the defendant or any of its subsidiaries.

16.    The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention or service of process, or to prevent such person from departing the United States.  This paragraph does not apply to an individual's commission of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making false statements or declarations (18 U.S.C. § 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses.

17.    The defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take.  However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such action of the fact, manner and extent of the cooperation of the defendant and its subsidiaries as a matter for that agency to consider before determining what administrative

action, if any, to take. The defendant nevertheless affirms that it wants to plead guilty regardless of the suspension or debarment consequences of its plea.

## REPRESENTATION BY COUNSEL

18.     The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of the possible sentence.

## VOLUNTARY PLEA

19.     The defendant's decision to enter into this Plea Agreement and to tender plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement and Attachments A and B (filed under seal). The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

20.     The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant or any of its subsidiaries has failed to provide full, truthful and continuing cooperation, as defined in Paragraph 12 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant and its subsidiaries will be subject to prosecution for any

16

federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant or its subsidiaries for any offense referred to in Paragraph 14 of this Plea Agreement, the statute of limitations period for such offense will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

21. The defendant understands and agrees that in any further prosecution of it or its subsidiaries resulting from the release of the United States from its obligations under this Plea Agreement, because of the defendant's or its subsidiaries' violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by it, its subsidiaries, or current or former officers or employees of it or its subsidiaries to attorneys or agents of the United States, federal grand juries or courts, and any leads derived therefrom, may be used against it or its subsidiaries. In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

22. This Plea Agreement and Attachments A and B constitute the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

23.     The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

24.     The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

25.     A facsimile or PDF signature shall be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: _November 27, 2013_          Respectfully submitted,


BY: _____          BY: _____
Yutaka Hiratsuka                        Carsten Reichel
Director and Chief Compliance Officer   Diana Kane
Stanley Electric Co., Ltd.              Trial Attorneys
                                        United States Department of Justice
                                        Antitrust Division
                                        450 Fifth Street, NW
                                        Suite 11300
                                        Washington, D.C. 20530
BY: _____               Tel.: (202) 307-6694
Matthew Reilly
David Shogren
Simpson Thacher Bartlett LLP
1155 F Street N.W.
Washington, DC 20004
Tel: (202) 636-5500


19

**STANLEY ELECTRIC CO., LTD.**
**CONFIRMATION OF BOARD RESOLUTIONS**

This is to confirm, at the Meeting of the Board of Directors of Stanley Electric Co., Ltd. ("Stanley") held on November 27, 2013, the Board:

RESOLVED, that the execution, delivery and performance of the Plea Agreement between the United States Department of Justice and Stanley, in substantially the form attached hereto, is hereby approved;

RESOLVED, that Yutaka Hiratsuka, Director and Chief Compliance Officer of Stanley, is authorized, empowered and directed to execute and deliver the Plea Agreement in the name and on behalf of Stanley; and

RESOLVED, that Yutaka Hiratsuka is authorized, empowered and directed to represent Stanley, before any court or governmental agency in order to make statements and confirmations in accordance with the Plea Agreement, including entering a guilty plea on behalf of Stanley.

**CERTIFICATE**

I, Takanori Kitano, Representative Director and President of Stanley, a company organized and existing under the laws of Japan, do hereby certify that the foregoing resolutions adopted by the Board of Directors of Stanley, at a meeting of the Board of Directors in Tokyo on November 27, 2013, are true, correct and complete and that said resolutions have not been amended, modified or repealed, and remain in full force and effect, as of the date hereof.

Signed in Tokyo, Japan this 27th day of November, 2013, by

Takanori Kitano
Representative Director and President
Stanley Electric Co., Ltd.