1      UNITED STATES DISTRICT COURT
       EASTERN DISTRICT OF MICHIGAN
2        SOUTHERN DIVISION

3         —  —  —

4 IN RE:  AUTOMOTIVE PARTS
 ANTITRUST LITIGATION
5            Case No. 12-md-02311
     MDL NO. 2311
6            Hon. Marianne O. Battani

7

8       **TELEPHONE CONFERENCE**

9    BEFORE SPECIAL MASTER GENE J. ESSHAKI
      ABBOTT NICHOLSON, P.C.
10    300 River Place Drive, Suite 3000
       Detroit, Michigan
11     Tuesday, May 26, 2015

12

13 APPEARANCES:

14 <u>End Payor Plaintiffs:</u>

15 STEVEN N. WILLIAMS
 **COTCHETT, PITRE & McCARTHY, L.L.P.**
16 840 Malcolm Road
 Burlingame, CA  94010
17 (650) 697-6000

18

19 <u>Dealership Plaintiffs:</u>

20 VICTORIA ROMANENKO
 **CUNEO, GILBERT & LaDUCA, L.L.P.**
21 507 C Street NE
 Washington, D.C.  20002
 (202) 789-3960
22

23

24  To obtain a copy of this official transcript, contact:
   Robert L. Smith, Official Court Reporter
25   (313) 964-3303 • rob_smith@mied.uscourts.gov

```
 1   Appearances:  (Continued)

 2   For the Defendants:

 3   ADAM CARDENAS HEMLOCK
     WEIL, GOTSHAL & MANGES
 4   767 Fifth Avenue
     New York, NY  10153
 5   (212) 310-8281

 6

     RONALD M. McMILLAN
 7   CALFEE, HALTER & GRISWOLD, L.L.P.
     1405 East Sixth Street
 8   Cleveland, OH  44114
     (216) 622-8698

 9

10   MARGUERITE M. SULLIVAN
     LATHAM & WATKINS, L.L.P.
11   555 Eleventh Street NW, Suite 1000
     Washington, D.C.  20004
12   (202) 637-2200

13

14

15

16

17

18

19

20

21

22

23

24

25       (Listed appearances are only those attorneys making oral
          argument on the record before Special Master Esshaki.)
```

1    Detroit, Michigan

2    Tuesday, May 26, 2015

3    at about 1:59 p.m.

4                              —    —    —

5         MASTER ESSHAKI:  Good afternoon.  This is

6    Gene Esshaki.  I don't need to take roll call.  I am going to

7    ask who is going to be addressing the issues on behalf of the

8    defendants?

9         MR. WILLIAMS:  Special Master, Steve Williams.

10        I apologize, but there were some people ringing in

11   and we weren't able to hear the end of your sentence.

12        MASTER ESSHAKI:  I'm sorry, Steve.  I was simply

13   saying -- and this is going to continue.  When I checked in

14   there were 19 people on the line so we're probably up to 30

15   right now but this will continue for a while.

16        What I'm saying is I'm not going to take a roll

17   call, there is no need to take a roll call, I would simply

18   like to know who is going to be speaking on behalf of the

19   defendants?

20        MS. SULLIVAN:  Master Esshaki, Marguerite Sullivan

21   from Latham & Watkins.

22        I will be speaking on behalf of the wire harness

23   defendants and all defendants on some of the issues.

24        MASTER ESSHAKI:  Okay.  Ms. Sullivan, is there any

25   way you can raise the volume on your phone or speak louder?

1           MS. SULLIVAN:  Sure.  Is this better?

2           MASTER ESSHAKI:  That is much better.  Thank you.

3   Can you hear me clearly?

4           MS. SULLIVAN:  Yes, I can.

5           MASTER ESSHAKI:  All right.  Now, you understand

6   that we have -- the court reporter is in my office taking

7   down this argument?

8           MS. SULLIVAN:  Yes.

9           MASTER ESSHAKI:  Okay.  Now, who is going to be

10  speaking on behalf of the plaintiffs?

11          MR. WILLIAMS:  Special Master Esshaki, this is

12  Steve Williams, and I will be speaking for the end payors.

13          MS. ROMANENKO:  And this is Victoria Romanenko, I'm

14  speaking for the dealership plaintiffs.

15          MR. McMILLAN:  Hello.  Ron McMillan speaking for

16  the Continental -- Continental America and Continental

17  Automotive.

18          MASTER ESSHAKI:  Would you please give me your name

19  again, sir?

20          MR. McMILLAN:  Absolutely.  Ronald McMillan of

21  Calfee, Halter & Griswold.

22          MASTER ESSHAKI:  Okay.  Thank you, sir.

23          MR. McMILLIAN:  With Continental Automotive Systems

24  and Continental Automotive Electronics.

25          MASTER ESSHAKI:  Okay.  Very good.  Well, I'm

1    wondering if we should wait just a couple minutes so the

2    pinging stops so we can have our arguments without

3    interruption?

4            I have had an opportunity to review the position

5    statements that were filed with your e-mails to me as well as

6    the draft orders, and I have -- I have pinpointed, and there

7    may be more, but I have pinpointed three open issues.  One is

8    with respect to the depositions of -- the 30(b)(6)

9    depositions, the defendants have suggested an eight-hour dep

10   with an hour for the plaintiffs to ask questions.  The second

11   area of dispute as I pick up is that there's a difference of

12   opinion on whether there was to be a pre-submission to the

13   plaintiffs of an outline of the areas to be covered in the

14   depositions versus questions themselves with objections.  And

15   then the third issue that I have picked up is the question of

16   is there going to be 1, 2 or 29 deposition protocols.

17           Now, Ms. Sullivan, are there any other issues that

18   you think are there that I did not pick up?

19           MS. SULLIVAN:  There is one other issue, that is

20   whether the draft order should state that only one counsel

21   from the defense side shall be permitted to ask any questions

22   at these depositions of the end payors and the auto dealers.

23           MASTER ESSHAKI:  Okay.

24           MS. SULLIVAN:  That is the other issue.

25           MASTER ESSHAKI:  You are correct, that was there,

1    I'm sorry I didn't mention it.

2          Ms. Romanenko -- or I guess Mr. Williams, we will

3    start with you.  Any other issues that I have missed?

4          MR. WILLIAMS:  No, Special Master Esshaki.  The

5    issues you raised and Ms. Sullivan raised we believe are all

6    the issues.

7          MASTER ESSHAKI:  All right.  Ms. Romanenko, would

8    you agree?

9          MS. ROMANENKO:  Your Honor, I agree.

10         MASTER ESSHAKI:  All right.  And then,

11   Mr. McMillan, would you agree?

12         MR. McMILLAN:  Yes.

13         MASTER ESSHAKI:  Okay.  Ms. Sullivan, I'm going to

14   task you with drafting the final order and you don't have to

15   do it until you receive the transcript of this conference,

16   but I do not need oral argument on this.  I recall quite

17   vividly the discussions or those items that were not

18   discussed and I am ready to make a ruling on them, so I don't

19   want to spend a whole lot of time with oral argument because

20   I don't believe it was necessary.  I realize that there was

21   confusion caused in a great deal by myself because we were

22   sort of having a free-for-all discussion, and next time I

23   will make sure that I guard against that.

24         So starting from the top, we did not discuss at the

25   status conference the 30(b)(6) -- the length of the

1    deposition of the 30(b)(6) and I do think that under the

2    circumstances because this is going to be a relatively

3    limited area we do not need to put these people through a

4    ten-hour day, and I'm going to rule that on that 30(b)(6) for

5    those dealers you get seven hours for the defendants and one

6    hour for the plaintiffs.

7            All right.  The other thing is with respect to who

8    can examine, I'm going to permit more than one attorney to

9    examine but no more than three for the defendants.

10           Now, with respect to the issue of the template, I

11   was attempting to follow Judge Battani's instructions at the

12   January conference where she indicated a template for a

13   deposition protocol should be prepared that can be utilized

14   in all cases because auto dealers and end payors are going to

15   be deposed only once.  And so at the hearing instead of

16   saying that there is going to be one template I indicated

17   that there was going to be two, that because the wire harness

18   cases were so advanced I wanted to get that template done and

19   in place so the depositions could commence.

20           I did not mean to imply that there would be a new

21   template for every other part.  There is going to be a second

22   template that will be utilized, and you can take additional

23   time to negotiate that, and I distinctly remember and it is

24   in the record, I said you can tweak this second template

25   using the first template to get a second template for the

1     other cases.  There will not be 29 templates as plaintiffs

2     have suggested, there will be two, the wire harness template

3     and the template that applies to all other cases, and I am

4     assuming there will be minor differences between the two.

5               The next issue --

6               MS. SULLIVAN:  Master Esshaki, can I ask for some

7     clarification on that?

8               MASTER ESSHAKI:  Can you hold until I finish?

9               MR. WILLIAMS:  Perhaps we can hear all the rulings

10    and then we can respond?

11              MASTER ESSHAKI:  My suggestion exactly.

12              With respect to the question of what information

13    the defendants must convey to the plaintiffs prior to a

14    30(b)(6) deposition, it was an outline of areas to be

15    examined -- for the witness to be examined at the deposition.

16    It was not to be specific questions to be asked but just a

17    list of general areas that would be subject to examination so

18    that the plaintiff dealer could pick the person most suitable

19    to be the 30(b)(6) witness.  There was to be -- never

20    anticipated any objections -- any specific questions nor any

21    objections would be filed.  It was a notice of areas to be

22    covered so that the plaintiffs could pick the person most

23    suitable to give the 30(b)(6) dep.  I think I have covered

24    all the issues we have raised.

25              And simply to keep this in order, Ms. Sullivan, do

1    you have any issues or clarifications that you need to be

2    made?

3         MS. SULLIVAN:  Actually, Mr. Williams' suggestion

4    was a good one because you answered the question that I was

5    going to ask.

6         I do have one additional question though.  With

7    respect to the information that defendants must provide to

8    plaintiffs prior to 30(b)(6) depositions, just to confirm,

9    that is limited to 30(b)(6) depositions and not 30(b)(1)

10   depositions, correct?

11        MASTER ESSHAKI:  That's -- well, the purpose of the

12   deposition is to put the plaintiffs on notice of the areas to

13   be covered so that they can select the best person to answer

14   the questions.  Now, I think the Judge's original ruling in

15   the status conference in January as I remember it was that

16   the defendants should plan on advising the plaintiffs of

17   areas of examinations for all the parties, so I'm going to

18   have to say it's all 30(b)6) and fact witnesses, just areas

19   that you intend to examine on.

20        MS. SULLIVAN:  Master Esshaki, are you envisioning

21   then that the defendants will provide their list of topics to

22   the auto dealer plaintiffs and the auto dealer plaintiffs

23   will select the individual witnesses for Rule 30(b)(1)

24   depositions?

25        MASTER ESSHAKI:  No, no.

1      MS. SULLIVAN:  I'm not talking about --

2      MASTER ESSHAKI:  No, I'm not and -- I'm not at all.

3 I'm saying as to 30(b)(6) you provide the areas you are going

4 to examine on and that's the way the rule works, the

5 plaintiffs will then select the person that is most capable

6 of responding to the 30(b)(6) areas of examination.  As to

7 the areas, the Judge was suggesting give the plaintiffs some

8 advance notice of the areas in which you are going to examine

9 the witness on but the plaintiffs do not get to designate

10 that witness, it is just a pre-deposition notification of

11 likely areas to be covered in the dep, no selection.

12      MR. WILLIAMS:  Master Esshaki, this is

13 Steve Williams.  If I may ask to clarify?

14      As to the latter point that you just mentioned

15 about 30(b)(1) depositions, do I understand correctly that

16 that ruling is as to both auto dealer plaintiffs and end

17 payor plaintiffs?

18      MASTER ESSHAKI:  Yes.

19      MR. WILLIAMS:  Thank you.

20      MS. SULLIVAN:  Master Esshaki, this is

21 Maggie Sullivan.

22      May I address that ruling?

23      MASTER ESSHAKI:  Yes.

24      MS. SULLIVAN:  I understand that you recall that

25 Judge Battani conveyed her views that one way that the

1    defendants could prepare together collectively for these

2    plaintiff depositions would be to provide questions in

3    advance, but if you look at the January --

4            MASTER ESSHAKI:  No, no, no, Ms. Sullivan, I

5    disagree, I disagree.  I don't think at any time she said

6    provide questions in advance.  I think she said provide areas

7    that would be subject to examination, an outline, not

8    questions, we are going to examine the witness in this area

9    and in this area and in this area but not specific questions.

10           MS. SULLIVAN:  Well, there was a point during the

11   transcript -- or during the hearing where she was giving some

12   suggestions, and the quote from pages 25 and 26 she gave a

13   few suggestions, and one was to submit questions that you

14   would ask of a plaintiff, be it an auto dealer or an end

15   payor.  She said I don't think the OEMs are a big deal but in

16   terms of those two groups you could also submit questions and

17   then either the master or myself could call those questions

18   so that you would literally have your questions asked, so

19   when a person comes in he's going to be asked the question,

20   or she, only one time, and you could decide for yourself a

21   group of you that will be taking these depositions using this

22   script.

23           And then she followed that to say or another way of

24   doing it is a group of you could get together and come up

25   with one set of questions so you are not all doing this.

1    Either way I don't care.

2         And then on page 36 of the transcript,

3    Master Esshaki, and this is the most important point that I

4    wanted to make, I would draw your attention to that page of

5    the transcript, it is page 36, I asked for clarification.  I

6    said, Your Honor, may I just ask a point of clarification?

7    Are you requesting that we submit a template to

8    Master Esshaki or to other parties or just among the

9    defendants in the various cases?

10        And she responded, you can do whatever you want.

11   Hopefully you come to terms amongst yourself and you don't

12   have to bother Master Esshaki.  And then she goes on to say

13   if the defendants could not reach an agreement among themself

14   then we could submit conflicting questions to you,

15   Master Esshaki, to help us resolve our disputes.

16        But my point is that she confirmed at the end of

17   the discussion that she was not instructing or even

18   suggesting that the defendants provide anything to the

19   plaintiffs in advance of Rule 30(b)(1) depositions.

20        MASTER ESSHAKI:  I think --

21        MS. SULLIVAN:  And we really --

22        MS. ROMANENKO:  Your Honor, may I --

23        MASTER ESSHAKI:  Ms. Sullivan, I understand what

24   you're saying, and as I read -- as you read to me what she

25   says there really is no real clarification to it, but it was

1   my subsequent discussions in our May status conference where

2   I indicated that you must provide -- in the 30(b)(6) you must

3   provide an outline of areas to be examined, and I believe

4   that based upon what Judge Battani was saying that that

5   should go as to the 30(b)(1) but I don't think -- I don't

6   think it is necessary to provide specific questions because I

7   think what will happen is in every deposition because you've

8   got a different witness there's going to be different

9   objections to different questions, and literally you could be

10  talking about thousands of objections to thousands of

11  questions, and I don't think that is workable.  I do --

12          MS. SULLIVAN:  Yes, Master Esshaki, I agree with

13  you about not being required to provide questions in advance,

14  and I also agree that your ruling was very clear that

15  defendants need to provide a list of topics for Rule 30(b)(6)

16  depositions so that the auto dealer plaintiffs could identify

17  the appropriate corporate representatives to testify.

18          What I'm struggling with a little bit and trying to

19  persuade you against here is this ruling that defendants need

20  to provide a list of topics in advance of individual witness

21  depositions under 30(b)(1), there is just no support for that

22  in the Federal rules, and I don't see any support for that in

23  either of the transcripts of the two status conferences, so

24  that's what I'm trying to persuade you about.

25          MASTER ESSHAKI:  I understand what you are trying

1   to do, and I think what the Judge was trying to do is

2   streamline the process so that there will be some advance

3   notice to the witness especially, for example, the end payor

4   plaintiffs, we are going to ask did you buy this car, when

5   did you buy the car, where did you buy the car from, how much

6   did you pay for the car, to your knowledge did the car have a

7   wire harness in it?  I don't think that's objectionable to

8   say these are the areas we are going to examine this witness

9   on because it will help to streamline the witnesses'

10  examinations.

11         So I have a feeling, Ms. Sullivan, that in every

12  end payor plaintiff case the areas of examination will be

13  identical and I dare say the questions will be identical even

14  though you are not giving questions.

15         Now, you will recall that in what I will call the

16  second template there's got to be room for other defendants

17  to add areas of questions that they want examined in their

18  case.

19         MR. WILLIAMS:  Master Esshaki, Steve Williams.

20         May I ask for clarification on the last point that

21  you just made about this second template?  Are you referring

22  to a template governing depositions of plaintiffs or of

23  defendants, OEMs and third parties?

24         MASTER ESSHAKI:  What I'm referring to is the

25  plaintiffs have raised the potential -- the specter of there

being 29 templates.  That was never intended, a template per

part, that was never intended.  What was intended was a

master template that would cover all cases, and in our status

conference in May because the wire harness cases are so far

in advance I felt it was better to get that template done and

then have the other parts subject to a second template that

will follow the wire harness cases with simply some tweaks.

        MR. WILLIAMS:  Thank you, Master Esshaki.  It's

Steve Williams again.

        We had not created or intended to create 29

separate.  Our view, we intend to take you up on the -- at

the May hearing you had said you would entertain a motion to

have a protocol across all the cases, and we do intend to

file that motion with you, and I am hoping that your ruling

on this point does not preclude us from --

        MASTER ESSHAKI:  Mr. Williams, Mr. Williams, I

would -- Mr. Williams, I would invite you to do that.

        MR. WILLIAMS:  We will do that.

        MASTER ESSHAKI:  Because I'm sitting here right now

myself envisioning conflicts between the two templates and

what happens, how do we reconcile the two templates with the

Judge's instructions that the auto dealer witnesses shall

only be deposed once and that the end payor plaintiffs shall

only be deposed once if there are two templates?  So I guess

I'm rethinking that, and I would invite that motion, sir.

1        MR. WILLIAMS:  Thank you.

2        MS. SULLIVAN:  Master Esshaki, this is

3  Maggie Sullivan.

4        May I address that point?

5        MASTER ESSHAKI:  Yes, please do.

6        MS. SULLIVAN:  I think we are mixing some different

7  concepts here, and I just want to make sure it is very clear

8  what we are talking about.  There is no potential conflict

9  with respect to the auto dealer plaintiffs and the end payor

10  plaintiff depositions.  We have all agreed -- all parties

11  have agreed that those are all subject to a single protocol

12  that will apply to all auto parts cases.  We have prepared

13  that protocol, we have reflected the key terms that you

14  addressed during May 6th in this order on the May 6th ruling

15  or hearing, but that protocol is in place -- it hasn't been

16  filed yet, but it is drafted and prepared and it is -- there

17  is no risk of conflicts between the cases with respect to the

18  plaintiffs.

19        MASTER ESSHAKI:  Okay.

20        MS. SULLIVAN:  There is a separate protocol that is

21  for other parties, and that is the wire harness protocol.

22  And on May 6th you ordered that we should enter the wire

23  harness protocol, and the order that the parties submitted

24  for you to consider actually is consistent on that point, we

25  were not disputing -- the plaintiffs and the defendants were

1   not disputing that point, we were prepared to file the wire

2   harness deposition protocol.  There was a dispute about

3   protocols for other cases, and I will let other defendants

4   speak to that issue because it really is not a wire harness

5   defendant issue.  And the other thing is I think the issues

6   that the plaintiffs -- you had ruled that there should be

7   protocols entered in those other cases that were consistent

8   with the wire harness protocol but with tweaks, and

9   plaintiffs took that out of their draft order because they

10  planned to file a motion to you to address that issue.  The

11  proper way to address it would be to put it in the order

12  since it was, in fact, your ruling and then object to it to

13  Judge Battani, that would be the proper way under the order

14  appointing the special master but, again, I will let other

15  defendants address that particular issue.

16          MR. WILLIAMS:  Well, Master Esshaki, this is

17  Steve Williams.

18          Can I just respond on the point that Ms. Sullivan

19  made because I don't think it fairly represents what the

20  ruling was, nor do I think it reflects what the ruling was

21  that was just made today?  If you recall during the hearing

22  we did have a free-flowing discussion and specifically said

23  in the portion that quoted that you would entertain the

24  motion for a protocol for all cases, that's the motion that

25  we just discussed that we plan to file.  If that is so, at

the very, very end of the May 6th hearing Ms. Sullivan did
then bring the subject up again and that's what she was just
referring to, but it seems to be much more orderly to permit
us to make this motion that we are talking about and have it
resolved in that manner than to put in language about
separately negotiating 29 protocols and 29 cases and then
take that up to Judge Battani, that seems completely
inconsistent with the January hearing, the May hearing and
what you have just said here ten minutes ago.

MASTER ESSHAKI:  Under no circumstances did I ever
indicate there would be 29 protocols ever.  I indicated I
would prefer one but because the wire harness cases were
advanced perhaps we needed to have two with the second
protocol being almost identical to the wire harness cases
with some tweaks.

Now, Mr. Williams, if you believe that it is
possible to negotiate a single protocol across all case lines
I think that's what Judge Battani was indicating.

MR. WILLIAMS:  I believe that and I think this is
what you are suggesting, that we will have the auto dealer
and end payor protocols entered upon your rulings and those
will apply to all cases, we will have the wire harness
protocol entered separately as to every other party in that
case, and then we will file, the plaintiffs, our motion for
one single protocol that will govern all depositions in all

1    other cases and any objections to that motion can be brought

2    to you, Special Master, for resolutions.

3            MASTER ESSHAKI:  Ms. Sullivan, your thoughts about

4    that?  Mr. Williams has suggested that there will be a single

5    protocol on auto dealers and end payor plaintiffs, there will

6    be a wire harness protocol, then there will be a protocol on

7    all other defendants -- I mean in all other parties and all

8    other cases.

9            MS. SULLIVAN:  Master Esshaki, that is fine with

10   the wire harness defendants but I suspect there are other

11   defendants that may have something to say about the motion.

12           MR. HEMLOCK:  Yes, Your Honor.  This is

13   Adam Hemlock on behalf of the Bridgestone defendants, and we

14   are defendants in the anti-vibration parts case.

15           If I may just make a point about the single

16   protocol that we are discussing that would relate to the

17   non-wire harness action, and I think there is now a little

18   bit of confusion regarding this point in part because I

19   think, Your Honor, when the term template was used at the

20   hearing the understanding that I and I believe others had was

21   that template meant kind of a base document that would be the

22   basis for the tweaks that you had mentioned at the hearing

23   but that invariably each case was going to have some unique

24   issues.

25           You know, I will cite, for example, the number of

1    depositions of the defendants may be different in different

2    cases. Each case has a different number of defendants, a

3    different number of entities in each defendant group, some

4    cases there are many conspirators or alleged co-conspirators,

5    and in some there are few, and there are other distinctions,

6    Your Honor, not just between the wire harness cases and every

7    other case but between each case, and I think what the

8    understanding had been was that perhaps the wire harness

9    protocol would be a template, meaning kind of a foundation

10   document upon which other -- the other orders might be

11   negotiated, but frankly for the same reason, Your Honor, that

12   you may see distinctions or necessary tweaks between the wire

13   harness order and others, I think those distinctions will

14   exist in all of the other ones.

15          For example, in the wire harness order, Your Honor,

16   there are unique provisions dealing with Leoni. Now, being

17   in the wire harness case and it is completely different

18   parties and it is a completely different case so I don't know

19   the origin, but clearly there was some reason why there was a

20   specific provision put in place for Leoni and I think we can

21   reasonably anticipate, Your Honor, that there would be

22   similar unique circumstances in the others and I for one and

23   other members of the defense group understood those were the

24   kinds of tweaks you were talking about.

25          Now, forgive me if I may, we recognize plaintiffs

1    don't want to negotiate all 29, while I understand, but on

2    the other hand each case is a separate case and I think when

3    you had talked about using wire harness as a template I think

4    part of the understanding I had, Your Honor, and I'm just

5    speaking for myself, was that you certainly were not going to

6    view positively any effort by the defendants to completely

7    reopen every point in each -- in that order for every case

8    that came afterwards, and to some extent by styling it as a

9    template I think we had interpreted that as kind of an effort

10   to discipline to some extent any effort subsequently to

11   reopen every part of it, but as I noted, there are certain

12   things, such as the number of depositions, the locations and

13   other unique issues that will necessarily have to be tweaked

14   for each case, and I think that's what we understood.  Let me

15   stop there for a moment and --

16         MASTER ESSHAKI:  Yes, and, Mr. Hemlock, let me just

17   say you've given a great argument against a motion that has

18   not yet been filed.

19         MR. HEMLOCK:  Well, thank you, Your Honor, that's

20   better than nothing.

21         MR. WILLIAMS:  Master Esshaki, it's Steve Williams.

22         Could I respond and perhaps finish that thought?

23         MASTER ESSHAKI:  Mr. Williams, Mr. Williams, I know

24   a very famous judge who says sometimes when you're winning

25   you just have to sit down.

1          MR. WILLIAMS:  I will submit.

2          MASTER ESSHAKI:  Mr. Williams, I think your

3    suggestion makes sense, and I do agree there is a great deal

4    of confusion here but as I understand it there is going to be

5    a single protocol across all lines of parts that are going to

6    be applied to the auto dealer plaintiffs and the end payor

7    plaintiffs.  Additionally, there is going to be a protocol

8    that is going to be involving the wire harness cases, and as

9    I understand your suggestion, Mr. Williams, there should be a

10   single protocol that goes across all other cases and I am

11   more than willing to entertain that motion as I'm willing to

12   entertain Mr. Hemlock or any other defendant's opposition to

13   it, but the fact of the matter is the underlying principle

14   that Judge Battani made in January and December -- I mean,

15   and in May was we need -- we need some forms to help get us

16   through what's going to be a significant number of

17   depositions and to ease what could be thousands of

18   objections, and if we can agree upon a template and, for

19   example, in the anti-vibration case if there has to be an

20   additional -- some additional questions that have to be asked

21   or additional areas that must be explored then they can raise

22   that issue and that was what I had suggested, the tweaks,

23   they can raise that issue and ask that it be added to the

24   template, and if I deem it reasonable and appropriate we will

25   add that to the template.  If they want to have certain

1    questions asked we can make sure that that gets added to the

2    template assuming that they are good-faith questions and, you

3    know, will lead to some valuable information, but when we are

4    talking about tweaks under no circumstances did I ever intend

5    nor do I think that the Judge ever intended 29 templates.

6         So where does that leave us, Ms. Sullivan?  I

7    believe --

8         MR. WILLIAMS:  This is Steve Williams.

9         I don't know -- I apologize, Special Master, if you

10   are still entertaining argument on that point I had one other

11   issue that I wanted to speak to?

12        MASTER ESSHAKI:  Okay.  Please do, sir.

13        MR. WILLIAMS:  On the issue of how many defense

14   counsel will be allowed to examine an auto dealer or end

15   payors, you have ruled that three will get to do so.  On the

16   plaintiffs' side, meaning when plaintiffs take depositions,

17   in this case under the protocols we have an obligation to

18   coordinate with each other and to not duplicate questions of

19   witnesses, and we would ask that the same obligation and

20   limitation apply to the defense counsel examining the

21   plaintiffs --

22        MASTER ESSHAKI:  Mr. Williams, Mr. Williams --

23        MR. WILLIAMS:  -- in advance of the depositions and

24   they will not repeat the examination done by other examining

25   counsel.

1        MASTER ESSHAKI:  Mr. Williams, absolutely.

2        Ms. Sullivan, would you please make sure that when

3    we allow up to three attorneys to examine an auto dealer or

4    an end payor plaintiff that they cannot replow the same

5    ground?

6        MS. SULLIVAN:  Yes.

7        MASTER ESSHAKI:  All right.  Ms. Sullivan, are you

8    clear on the rulings I have made today?

9        MS. SULLIVAN:  I believe so, Master Esshaki.

10       MASTER ESSHAKI:  Such that you can redraft an order

11   to show to Ms. Romanenko and Mr. Williams for their approval?

12       MS. SULLIVAN:  I believe so, yes.

13       There was one final issue that I think probably

14   does not require your involvement, we can agree on this

15   although it is your ruling so I should raise it with you, but

16   it is the deadlines for the parties to submit the EPP and ADP

17   deposition protocol order and the wire harness deposition

18   protocol order that are covered by this order that we will be

19   drafting.  Defendants have proposed three days, plaintiffs

20   have proposed five days from entry of the order.  Do you have

21   a preference?

22       MASTER ESSHAKI:  I would give the plaintiff the

23   five days; two extra days is not going to stop the Earth from

24   spinning.  Who is next?

25       MS. ROMANENKO:  This is Victoria Romanenko for

1    dealership plaintiffs.

2         I just wanted to make certain that we clearly

3    understood the ruling on 30(b)(1) and 30(b)(6) dealership

4    depositions.  There's going to be one 30(b)(1) notice to each

5    dealership plaintiff from the defendants and one outline of

6    30(b)(6) areas, the 30(b)(1) areas of questions.

7         MASTER ESSHAKI:  No, I don't know that you do

8    understand it correctly.  In the 30(b)(6) deposition there is

9    going to be an outline of areas to be covered in that

10   deposition so that the auto dealer plaintiff can select the

11   person within their organization that is best able to respond

12   to the questions.  In the 30(b)(1) depositions there will

13   also be an area -- there will be also areas to be examined in

14   that person's deposition but there will be no selecting of

15   the person, the defendants will select who they want to

16   examine, the only thing they do is they will be notifying the

17   plaintiffs in advance these are the areas we intend to cover.

18        MS. ROMANENKO:  Understood.

19        MASTER ESSHAKI:  Okay.  Ms. Romanenko, do you have

20   anything else?

21        MS. ROMANENKO:  I do not.

22        MASTER ESSHAKI:  Mr. Williams, anything else?

23        MR. WILLIAMS:  The last thing -- I apologize to

24   prolong this, Special Master, would be would you like to set

25   a date after receipt of the transcript by Ms. Sullivan for

1   the draft to be circulated and then for us to get this order

2   to you?

3         MASTER ESSHAKI:  I would like Ms. Sullivan to tell

4   me what she thinks she can do?

5         MS. SULLIVAN:  Seven days, please, Master Esshaki.

6         MASTER ESSHAKI:  I do not believe that's

7   unreasonable.

8         MS. SULLIVAN:  Too long or too short?

9         MASTER ESSHAKI:  I said it is not unreasonable.

10         MS. SULLIVAN:  Oh, I'm sorry.  I thought you said

11   it is unreasonable.

12         MASTER ESSHAKI:  No, ma'am, not unreasonable, it is

13   fine.  And then if you don't have this worked out within five

14   days, come back to me, let me know what the points are after

15   that.  Okay.  So you have -- the order will be drafted and

16   submitted to counsel for the plaintiffs seven days after the

17   transcript is received.  If you do not agree on the terms to

18   present me with an order to sign, come back to me with your

19   objections and we'll have at it again.

20         Ms. Sullivan, any further questions?

21         MS. SULLIVAN:  No, Master Esshaki.

22         MASTER ESSHAKI:  Mr. McMillan, I have not ignored

23   you but do you have any further questions?

24         MR. McMILLAN:  No, thank you, Master Esshaki.

25         MASTER ESSHAKI:  I believe we are all set then.

1              MR. WILLIAMS:  Thank you.

2              MASTER ESSHAKI:  Thank you all for participating

3    today, and we will see you at the next status conference.

4              MR. WILLIAMS:  Thank you very much.

5              MASTER ESSHAKI:  Good day.

6              (Proceedings concluded at 2:40 p.m.)

7                        —    —    —

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*CERTIFICATION*

I, Robert L. Smith, Official Court Reporter of the United States District Court, Eastern District of Michigan, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing pages comprise a full, true and correct transcript taken in the matter of IN RE:  AUTOMOTIVE PARTS ANTITRUST LITIGATION, Case No. 12-md-02311, on Tuesday, May 26, 2015.

*s/Robert L. Smith*
Robert L. Smith, RPR, CSR 5098
Federal Official Court Reporter
United States District Court
Eastern District of Michigan

Date:  05/28/2015

Detroit, Michigan