UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| IN RE WIRE HARNESS CASES | : : : |  |
| THIS DOCUMENT RELATES TO: All Direct Purchaser Actions | : : : : : | 12-cv-00101-MOB-MKM |

**DIRECT PURCHASER PLAINTIFFS' REPLY TO DEFENDANTS AND END-PAYER PLAINTIFFS' RESPONSE TO DIRECT PURCHASER PLAINTIFFS' MOTION TO ESTABLISH COORDINATED PROCESS FOR DISCOVERY FROM AUTOMOTIVE SUPPLIERS**

Although they have opposed Direct Purchaser Plaintiffs (DPPs) motion to coordinate multiple subpoenas that have been and will be issued to various non-party automotive suppliers in the *Automotive Parts Antitrust Litigation,* Defendants and End-Payer Plaintiffs (EPPs) agree on two key elements of DPPs' requested relief.  First, EPPs do not plan to serve duplicative discovery on automotive suppliers who have already been served with Defendants subpoena (EPPs Opposition, p. 2; Defendants' Opposition pp. 6 (footnote 2), 8), and Defendants and EPPs agree that they will coordinate with respect to future subpoenas (EPPs Opposition pp. 2, 6; Defendants' Opposition pp. 2, 7, 8).  Second, Defendants affirm that they will provide to DPPs with copies of all information produced in response to these subpoenas (Defendants' Opposition pp. 5, 9). These assurances should minimize the burdens on third-party automotive suppliers and ensure that all parties have access to information that may be relevant to pending or future cases in this litigation.

Of course, End-Payers and Defendants have otherwise objected to DPPs motion to coordinate. Setting aside their procedural complaints about a briefing process that was directed by the Special Master, Defendants object to transparency in the discovery process and reject the request that any agreements regarding the scope of a third party's response to a subpoena be disclosed (Defendants' Opposition pp. 8-9). However these resolutions provide important insight as to the availability and necessity of the information sought by Defendants (and potentially Indirect Purchaser Plaintiffs (IPPs)). Thus, the Court would benefit substantially from the disclosure of these agreements.

For example, if Defendants issued a third party subpoena that was overbroad and unduly burdensome, the Court could see how those requests were revised, made more specific, or dispensed with all together. This would enable the Court to facilitate the resolution of similar disputes. The serving party, of course, could assert different circumstances in support of a different result, but those distinctions should be fully articulated to the Court. This is no different than using prior decisions of the Court, in discovery matters or otherwise, to arrive at consistent resolutions of similar matters.

A case in point arose recently with respect to subpoenas served in the Indirect Purchaser cases by Defendants on third-party Data Management Service (DMS) providers CDK Global and Reynolds & Reynolds. After both CDK Global and Reynolds & Reynolds moved to quash, Defendants negotiated resolutions of their objections. However, only the agreement with CDK Global was placed on record [Dkt. 315]. As a result, the Court and the parties have the benefit of understanding how much information was actually deemed necessary by the Defendants. In contrast, the resolution of the Reynolds & Reynolds motion to quash was not filed, thus

depriving the Court of the same opportunity to better understand which information the Defendants deem essential and which they did not.

A similar comparison can be made between the automotive supplier subpoenas and the Uniform OEM Subpoena. In contrast to the 36 separate document requests found in the Uniform OEM Subpoena, the automotive supplier subpoena contains only five. Defendants' Opposition, Exhibit 2. Since the automotive suppliers and OEMs are both direct purchasers of Defendants' products, OEMs should not be subjected to third-party discovery that is broader, more detailed, and substantially more burdensome than automotive suppliers, and agreements limiting one response should inform decisions relating to the proper scope of discovery from another. If they were to be concealed, such agreements could not be used by this or any other Court to assist in reaching reasonable, consistent, and less burdensome outcomes for those being subjected to third-party discovery.

In sum, like the resolution of the CDK Global motion to quash or Court decisions on other discovery disputes, any agreements limiting or otherwise changing the scope of a subpoena served on a third-party should be disclosed for the purpose of enabling the Court to more efficiently manage discovery.

DATED: June 8, 2015                                  Respectfully submitted,

                                                       */s/ David H. Fink*
                                                       David H. Fink (P28235)
                                                       Darryl Bressack (P67820)
                                                       FINK + ASSOCIATES LAW
                                                       100 West Long Lake Road, Suite 111
                                                       Bloomfield Hills, MI 48304
                                                       (248) 971-2500

                                                       Interim Liaison Counsel for the Direct Purchaser Plaintiffs

| | |
|---|---|
| Steven A. Kanner<br>William H. London<br>Michael E. Moskovitz<br>FREED KANNER LONDON<br>  & MILLEN LLC<br>2201 Waukegan Road, Suite 130<br>Bannockburn, IL  60015<br>Telephone:  (224) 632-4500 | Joseph C. Kohn<br>William E. Hoese<br>Douglas A. Abrahams<br>KOHN, SWIFT & GRAF, P.C.<br>One South Broad Street, Suite 2100<br>Philadelphia, PA  19107<br>Telephone:  (215) 238-1700 |
| Gregory P. Hansel<br>Randall B. Weill<br>Michael S. Smith<br>PRETI, FLAHERTY, BELIVEAU<br>  & PACHIOS LLP<br>One City Center, P.O. Box 9546<br>Portland, ME  04112-9546<br>Telephone:  (207) 791-3000 | Eugene A. Spector<br>William G. Caldes<br>Jonathan M. Jagher<br>Jeffrey L. Spector<br>SPECTOR ROSEMAN KODROFF<br>  & WILLIS, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA  19103<br>Telephone:  (215) 496-0300 |

Interim Lead Counsel for the Direct Purchasers Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2015 I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

FINK + ASSOCIATES LAW

By: /s/Darryl Bressack
David H. Fink (P28235)
Darryl Bressack (P67820)
38500 Woodward Ave.; Suite 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dbressack@finkandassociateslaw.com

4