# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : Master File No. 12-md-02311<br>: Honorable Marianne O. Battani |
| In Re: All Auto Parts Cases | : 2:12-md-02311-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br><br>All Auto Parts Cases | |

**COMBINED MOTION TO STAY AND REPLY IN SUPPORT OF AUTO DEALER PLAINTIFF HOLZHAUER AUTO AND TRUCK SALES, INC.'S OBJECTION TO, AND MOTION TO MODIFY, MASTER ESSHAKI'S AUGUST 3, 2015 AMENDED RULING**

# ISSUES PRESENTED

Whether the Court should stay consideration of Auto Dealer Plaintiffs' Objection until Special Master Esshaki rules on Holzhauer's pending Rule 21 motion to withdraw.

    **Answer**: Yes.

Whether Auto Dealer Plaintiff Holzhauer Auto and Truck Sales, Inc. ("Holzhauer") should be required to respond to discovery though it will be dropped as a named plaintiff and proposed class representative and when Defendants can demonstrate no particularized need for the responses nor identify any prejudice from not receiving the responses?

    **Answer**: No.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Cases (page references refer to location in the Objection Brief)**

*Boynton v. Headwaters, Inc.*,
  Case No. 1-02-1111-JPM-egb, 2009 U.S. Dist. LEXIS 94949 (W.D. Tenn. Jan. 30, 2009) ..... 6

*Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc.*,
  Case No.: 3:09-00883, 2012 U.S. Dist. LEXIS 145807 (M.D. Tenn. Oct. 10, 2012) ............ 5, 8

*Groth v. Robert Bosch Corp.*,
  Case No.: 1:07-cv-962, 2008 U.S. Dist. LEXIS 52328 (W.D. Mich. July 9, 2008) ................... 5

*In re Carbon Dioxide Indus. Antitrust Litig.*,
  155 F.R.D. 209, 212 (M.D. Fla. 1993) ........................................................................................ 5

*In re Urethane Antitrust Litig.*,
Case No. 04-MD-1616-JWL-DJW, 2006 U.S. Dist. LEXIS 38503 (D. Kan. June 9, 2006) ........ 6

*Letherer v. Alger Group, L.L.C.*,
  328 F.3d 262 (6th Cir. 2003) ..................................................................................................... 7

*MSC. Software Corp. v. Altair Eng'g, Inc.*,
  Case No. 07-12807, 2012 U.S. Dist. LEXIS 54455 (E.D. Mich. Apr. 18, 2012) ....................... 4

*Organization of Minority Vendors, Inc. v. Illinois*,
  Case No. No. 79 C 1512, 1987 U.S. Dist. LEXIS 14049 (N.D. Ill. April 2, 1987) .................... 4

*Philip Carey Mfg. Co. Taylor*,
  286 F.2d 782 (6th Cir. 1961) ..................................................................................................... 7

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) ................................................................................................................... 5

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................v
MOTION TO STAY..........................................................................................................1
REPLY: Argument..............................................................................................................2
      I.     Standard of Review………………………………………………………….2
      II     Allowing Holzhauer to Withdraw without Responding to Discovery
            Will Not "Destroy the Discovery Program"……………………………………2
      II.    Holzauer Possesses No "Critical Evidence"…………………………………3
      IV.   Case Does Not Dictate That Holzhauer Explain Its Request for Withdrawal…….4
      V.    Defendants Do Not Need Holzhauer's Responses
            to Prepare Expert Economic Analysis…………………………………………5
CONCLUSION....................................................................................................................6

## **TABLE OF AUTHORITIES**

*Chiappe-Kay v. Barthel (Chi. Bears Football Club, Inc.)*,
2013 IL App (2d) 120975-U, June 7, 2013……………………………………………………….5

*Doe v. Ariz. Hosp.*,
Case No. CV 07-1292-PHX-SRB, 2009 U.S. Dist. LEXIS 42871
(D. Ariz. Mar. 19, 2009)………………………………………………………………………….4

*Hoving v. Lawyers Title Ins. Co.*,
256 F.R.D. 555, 568 (E.D. Mich. 2009)…………………………………………………………..5

*MSC. Software Corp. v. Altair Eng'g, Inc.*,
Case No. 07-12807, 2012 U.S. Dist. LEXIS 54455, at *4 (E.D. Mich. Apr. 18, 2012)………….2

*In re Urethane Antitrust Litig.*,
No.04-MD-1616-JWL-DJW, 2006 U.S. Dist. LEXIS 38503, at *21 (D. Kan. June 9, 2006)…...4

*In re Vitamins Antitrust Litig.*,
198 F.R.D. 296 (D.D.C. 2000)……………………………………………………………………3

*In re Wellbutrin XL*,
268 F.R.D. 539 (E.D. Pa. 2010)………………………………………………………………..…3

*Schumacher v. Tyson Fresh Meats, Inc.*,
2004 DSD 5, 221 F.R.D. 605, 612 (D. S.D. 2004)……………………………………………….5

**MOTION TO STAY**

Since the filing of Holzhauer Auto and Truck Sales, Inc.'s ("Holzhauer") objection to Special Master Esshaki's August 3, 2015 Amended Ruling ("Amended Ruling"), much has happened. On August 25, 2015, per the Supplemental Discovery Plan ("SDP"), Rule 21 of the Federal Rules of Civil Procedure, and the Amended Ruling, Holzhauer filed a motion to be dropped as a class representative. The motion is fully briefed and is scheduled to be heard on Thursday, September 24, 2015.

Further, as of September 9, 2015, Auto Dealer Plaintiffs ("ADPs") have produced over 500,000 pages of documents and 40 datasets containing 200 fields of data related to new vehicle purchases from the OEMs and new vehicle sales to consumers. Because one of the considerations for determining whether a withdrawing class representative should be required to respond to discovery is the availability of information from other class representatives, this document production is highly relevant to the issue of whether Holzhauer should be compelled to respond to discovery. Special Master Esshaki now has a much more robust and detailed factual record to consider in deciding the issue of whether Holzhauer, who has filed a motion to withdraw which all the parties have fully briefed, must nonetheless respond to discovery.

Therefore, Auto Dealer Plaintiffs ("ADPs") move the Court to stay consideration of the ADP's Objection until Special Master Esshaki rules on Holzhauer's pending Rule 21 motion to withdraw. After the ruling, if an aggrieved party wishes to object, that objection can be consolidated with the present objection and this issue can then be resolved, in one fell swoop, on a much more comprehensive factual record than is currently before the Court.[1]

Notwithstanding ADPs motion to stay, ADPs reply brief in support of the objection is

---

[1] Defendants object to the requested stay.

1

due today. Therefore, ADPs submit the following reply.

## ARGUMENT

**I.     Standard Of Review**

Defendants argue incorrectly that the Court must review the Special Master's Amended Ruling under the abuse of discretion standard. The Amended Ruling ordered Holzhauer to respond to discovery. (Amended Ruling at 3.) Ordering a party to respond to discovery is not a procedural matter. It is a mixed question of fact and law, *i.e.* whether, given the specific circumstances of the pending case, a class representative seeking to withdraw must respond to discovery. *See MSC. Software Corp. v. Altair Eng'g, Inc.,* Case No. 07-12807, 2012 U.S. Dist. LEXIS 54455, at *4 (E.D. Mich. Apr. 18, 2012) (reviewing *de novo* special master's ruling denying further party discovery).

**II.    Allowing Holzhauer To Withdraw Without Responding To Discovery Will Not "Destroy The Discovery Program"**

Special Master Esshaki found that not requiring Holzhauer to respond to discovery "would open the door for all Auto Dealer Plaintiffs to follow the same course and destroy the discovery program in this case." (Revoked Ruling at 5.) If all ADPs sought to withdraw, the discovery program would be destroyed only because the entire case would go away. There would be no class representatives left to prosecute the case. That simply will not happen.

This incontrovertible fact notwithstanding, Defendants argue that Holzhauer must be required to respond to discovery to ensure that ADPs will not "disappear, leaving Defendants to start all over with some new auto dealer purportedly representing absent class members in that state." (Opp. Br. at 8.) In other words, Defendants want Holzhauer to respond to extensive discovery to protect Defendants from something that simply does not happen in actual class action litigation – a revolving door of class representatives who file suit only to drop out when

2

served with discovery. Defendants do not (and cannot) cite to a single case in which a class representative's withdrawal was conditioned upon responding to discovery to avoid the phenomenon of the "disappearing" class representatives. From time to time, class representatives seek to withdraw for a myriad of reasons, but ADPs know of no case in which the court was faced with disappearing class representatives. How could such a litigation ever hope to proceed to certification much less trial?

Rather than engage in fantasy scenarios, the Court need only look at the reality of this litigation to reverse the Amended Ruling. As of September 9, 2015, over 40 ADPs have produced approximately 500,000 pages of documents including 40 datasets containing 200 fields of data. Allowing Holzhauer – *one of over 40 ADPs* – to withdraw without responding to discovery will not jeopardize the discovery program. Indeed, ADPs' recent production demonstrates that the discovery program is healthy and robust, and it did not even include any discovery from Holzhauer.

Defendants' reliance on *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296 (D.D.C. 2000) and *In re Wellbutrin XL*, 268 F.R.D. 539 (E.D. Pa. 2010) is misplaced. As explained in Holzhauer's objection, which was not rebutted in Defendants' opposition brief, these two cases involved direct purchasers and not indirect purchasers like Holzhauer. As an indirect purchaser, Holzhauer has no unique knowledge relating to how Defendants' perpetrated their unlawful schemes of price-fixing and bid-rigging. Indeed, Defendants cannot articulate a single, unique aspect of Holzhauer's business that Defendants need discovery on to defend themselves against ADPs' claims.

### III.   Holzhauer Possesses No "Critical Evidence"

Defendants argue that Special Master Esshaki's ruling should be affirmed to ensure that

"Defendants will not lose access to critical evidence they need to defend against Auto Dealers' and End Payors' claims within the Court-ordered schedule for class certification." (Opp. Br. at 8.) Defendants do not explain what "critical evidence" Holzhauer has. There is a good reason for Defendants' elision: Holzhauer has no "critical evidence." Holzhauer is an indirect purchaser just like the other 40+ ADPs. Holzhauer did not have direct dealings with Defendants; Holzhauer did not communicate with Defendants; Holzhauer did not witness any of Defendants' criminal activities; and Holzhauer has not done anything that would cause it to possess unique knowledge relevant to class certification or the merits of this litigation. Defendants' allegation that Holzhauer holds "critical evidence" is conclusory and untenable, and it is certainly not sufficient to require Holzhauer to respond to Defendants' extensive and expansive discovery requests, especially given the massive amount of discovery already produced by the other ADPs.

**IV.   Case Law Does Not Dictate That Holzhauer Explain Its Request For Withdrawal**

Defendants argue that Holzhauer has not given an explanation for seeking withdrawal, but Defendants cite no cases requiring an explanation. Defendants state that in *In re Urethane Antitrust Litig.*, No.04-MD-1616-JWL-DJW, 2006 U.S. Dist. LEXIS 38503, at *21 (D. Kan. June 9, 2006) and in *Doe v. Ariz. Hosp.*, No. CV 07-1292-PHX-SRB, 2009 U.S. Dist. LEXIS 42871 (D. Ariz. Mar. 19, 2009), the plaintiffs provided reasons for seeking to withdraw. (Opp. Br. at 9.) This is true, but meaningless. Defendants do not contend that these two cases *require* a plaintiff seeking withdrawal to provide an explanation. Further, Defendants give no indication whatsoever that if Holzhauer explained its reasoning for seeking to withdraw, Defendants would consider dropping their demand that Holzhauer respond to discovery.[2]

---

[2] Of course, if the Court finds this issue pivotal to rendering a decision, Holzhauer requests leave to submit an affidavit explaining its desire to withdraw.

4

## V. Defendants Do Not Need Holzhauer's Responses To Prepare Expert Economic Analyses

Defendants now have documents and data from over 40 ADPs. This information provides extensive detail about new vehicle purchase prices, sales prices to consumers, financing, warranty terms, incentives, rebates, promotionals, and much more. It simply strains credibility for Defendants to argue, with all these data points in hand, that Holzhauer's data is critical to defending against ADPs claims.

In fact, ADPs, who bear the burden of proving class certification and liability at trial will not rely on any information from Holzhauer. It simply has nothing unique that is necessary to prosecute this case. Likewise, Defendants are perfectly capable of preparing expert economic models without Holzhauer's data.

Lastly, Defendants argue that Holzhauer's documents are necessary to determine "whether or how much Holzhauer passed on any alleged overcharge to a subsequent purchaser and thus are directly relevant both to the viability of and measure of damage recoverable under its unjust enrichment claim." (Opp. Br. at 12.) However, whether Holzhauer added some or all of Defendants' overcharge to the sales price of vehicles to consumers is irrelevant. "To state a claim for unjust enrichment, 'a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.'" *Chiappe-Kay v. Barthel (Chi. Bears Football* Club, Inc.), 2013 IL App (2d) 120975-U, ¶ 26 June 7, 2013 (quoting *Gagnon v. Schickel*, 2012 IL App (1st) 120645, ¶ 25, 983 N.E.2d 1044, 368 Ill. Dec. 240)). The focus of an unjust enrichment claim is squarely on the defendant's actions. *See, e.g., Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555, 568 (E.D. Mich. 2009) (citing *Schumacher v. Tyson Fresh Meats, Inc.*, 2004 DSD 5, 221 F.R.D. 605, 612 (D. S.D. 2004) (noting that "universal thread throughout all

5

common law causes of action for unjust enrichment" is a '**focus on the gains of the defendants, not the losses of the plaintiffs'**") (Emphasis added.))

Defendants were either unjustly enriched before or at the time Holzhauer purchased new vehicles or they were not. Regardless, no matter what documents Holzhauer produced, they would have zero relevancy in determining whether Defendants' were unjustly enriched.

## CONCLUSION

For all the reasons stated herein and in Holzhauer's brief in support of its objection, Holzhauer respectfully requests that the Court overrule the Special Master's Amended Ruling and allow Holzhauer to withdraw as a class representative without responding to discovery.

Respectfully submitted, this the 21st day of September, 2015.

/s/ Gerard V. Mantese
Gerard V. Mantese (Michigan Bar No. P34424)
Alexander E. Blum (Michigan Bar No. P74070)
**MANTESE HONIGMAN, P.C.**
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 457-9200
gmantese@manteselaw.com
ablum@manteselaw.com

*Interim Liaison Counsel for Dealership Plaintiffs*

Don Barrett
Brian Herrington (admitted *pro hac vice*)
David McMullan, Jr.
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone:  (662) 834-2488
Facsimile:   (662)834-2628
bherrington@barrettlawgroup.com
dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

>Jonathan W. Cuneo
>Joel Davidow
>Daniel Cohen
>Victoria Romanenko
>**CUNEO GILBERT & LADUCA, LLP**
>507 C Street, N.E.
>Washington, DC 20002
>Telephone: (202) 789-3960
>jonc@cuneolaw.com
>joel@cuneolaw.com
>danielc@cuneolaw.com
>vicky@cuneolaw.com
>
>Shawn M. Raiter
>**LARSON · KING, LLP**
>2800 Wells Fargo Place
>30 East Seventh Street
>St. Paul, MN 55101
>Telephone:  (651) 312-6500
>Facsimile:   (651) 312-6618
>sraiter@larsonking.com
>
>*Interim Co-Lead Class Counsel for Dealership Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2015, I filed this document via CM/ECF, which will provide notice to all counsel of record.

>/s/ Gerard V. Mantese
>Gerard V. Mantese (Michigan Bar No. P34424)
>Alexander E. Blum (Michigan Bar No. P74070)
>**MANTESE HONIGMAN, P.C.**
>1361 E. Big Beaver Road
>Troy, Michigan 48083
>Telephone: (248) 457-9200
>gmantese@manteselaw.com
>ablum@manteselaw.com