**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : 12-MD-02311<br>: Honorable Marianne O. Battani<br>: Special Master Gene J. Esshaki |
| In Re: All Auto Parts Cases | : 2:12-MD-02311-MOB-MKM |
| THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES | : **Oral Argument Requested** |

**REPLY IN SUPPORT OF NON-PARTY DOMESTIC DISTRIBUTORS AND NON-CORE SSEs' OBJECTIONS TO AND MOTION TO MODIFY SPECIAL MASTER'S ORDER REGARDING MOTION TO COMPEL DISCOVERY FROM NON-PARTY OEMS AND ORDERING NON-PARTY OEM RULE 30(b)(6) DEPOSITIONS**

**[REDACTED]**

## Controlling or Most Appropriate Authority

**Page**

### Cases

*Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44 (S.D.N.Y. 1996) ...............................3

### Rules

Fed. R. Civ. P. 26(b)(1) ...........................................................................................1, 5

# **Table of Authorities**

**Page**

## **Cases**

*Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44 (S.D.N.Y. 1996) ...............................3

## **Rules**

Fed. R. Civ. P. 26(b)(1) ...........................................................................................1, 5

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT .............................................................................................................1

I. THE PARTIES FAIL TO RECONCILE THE ORDER WITH THE SPECIAL MASTER'S RULING AT THE MARCH 24 HEARING CARVING-OUT THE DOMESTIC DISTRIBUTORS AND NON-CORE SSES ..................................................................................................1

II. THE PARTIES ERRONEOUSLY RELY ON AN EXCHANGE REGARDING HOW THE RULE 30(B)(6) DEPOSITIONS APPLY TO OEMS ............................................................................................2

III. THE DOMESTIC DISTRIBUTORS AND NON-CORE SSES FILED DECLARATIONS EXPLAINING THE LIMITED INFORMATION THEY HAVE AND BURDENS OF PRODUCING IT ..................................3

IV. PROPORTIONALITY REQUIRES CARVING-OUT THE DOMESTIC DISTRIBUTORS ...............................................................3

V. PROPORTIONALITY REQUIRES CARVING-OUT THE NON-CORE SSES ..................................................................................................4

CONCLUSION ..........................................................................................................5

**Preliminary Statement**

The Special Master ruled at the March 24, 2016 hearing that the Domestic Distributors and Non-Core SSEs would be excluded from the Rule 30(b)(6) depositions, but that was not reflected in the Order he entered on April 20, 2016. The Domestic Distributors and Non-Core SSEs quoted those statements from the hearing in their objection, which the Parties fail to address in their response. Instead, the Parties rely on a misreading of an exchange at the hearing addressing the contemplated discovery from Original Equipment Manufacturers ("OEMs"), which the Domestic Distributors and Non-Core SSEs are not.

Moreover, the Domestic Distributors and Non-Core SSEs submitted detailed declarations showing the limited responsive information, if any, they have and the disproportionate burdens of producing it. The Parties provided no evidence contradicting the declarations. Thus, the record before the Special Master showed that ordering discovery from the Domestic Distributors and Non-Core SSEs would violate the Rule 26(b)(1) proportionality requirement, which compelled the ruling at the hearing carving out the Domestic Distributors and Non-Core SSEs.

The April 20 Order should be conformed to the March 24 ruling excluding the Domestic Distributors and Non-Core SSEs from the Rule 30(b)(6) depositions.

**Argument**

I.  **THE PARTIES FAIL TO RECONCILE THE ORDER WITH THE SPECIAL MASTER'S RULING AT THE MARCH 24 HEARING CARVING-OUT THE DOMESTIC DISTRIBUTORS AND NON-CORE SSES**

The Parties fail to explain how the Order can be reconciled with the Special Master's ruling at the March 24 hearing carving out the Domestic Distributors and the Non-Core SSEs:

> I'm going accept the proposal by the moving parties to take 30(b)(6) depositions. . . . ***At this point I'm going to carve out or hold in abeyance the small entities, the distributors, and the non-core.***

Dkt. 1328, Ex. 1, March 24, 2016 Hrg. Tr. (hereafter "Hrg. Tr.") at 42:20-43:4 (emphasis added);

1

Dkt. 1328 at 3-5, 10-12.  The Special Master reiterated this in a follow-up exchange.  Hrg. Tr. at 46:2-21; Dkt. 1328 at 4-5, 11.  The Parties wholly ignore the irreconcilability of those statements with the Order.  Sustaining these objections is the only way for the Order to conform to the Special Master's unambiguous ruling at the hearing.

## II.     THE PARTIES ERRONEOUSLY RELY ON AN EXCHANGE REGARDING HOW THE RULE 30(B)(6) DEPOSITIONS APPLY TO OEMS

The Parties' argument that the Special Master intended for entities to put up multiple deponents to address manufacturing and sales – and that this constituted his "final words on the issue" (Resp. at 20-21) – ignores that the Special Master's statements at that juncture in the hearing did not mention the Domestic Distributors or Non-Core SSEs.  Hrg. Tr. at 46:22-47:15.  In that exchange the Special Master addressed how his ruling would apply to the OEMs.  If the Special Master intended to address the Domestic Distributors and Non-Core SSEs with his statements about bringing multiple deponents, the Parties offer no explanation for why the Special Master would not have used the terms "Domestic Distributors" and "Non-Core SSEs," which he used earlier in the hearing.

Moreover, the Parties' proposed interpretation of the transcript (Resp. at 20-21) relies on a false premise: the Parties' proclaimed need to get information about the "corporate family" only works if all of the relevant family members have been subpoenaed, which they have not.  The *principal* OEM in the "corporate families" of the Domestic Distributors and many of the Non-Core SSEs is a foreign company that the Parties never pursued through the Hague Convention.  So the Parties' premise that including the Domestic Distributors and many of the Non-Core SSEs will provide them with the balance of essential testimony from the "corporate family" is false.  The Court should reject the Parties' incoherent reading of the transcript, and conform the Order to the Special Master's unequivocal statements excluding the Domestic

2

Distributors and Non-Core SSEs from the Rule 30(b)(6) depositions.

### III. THE DOMESTIC DISTRIBUTORS AND NON-CORE SSES FILED DECLARATIONS EXPLAINING THE LIMITED INFORMATION THEY HAVE AND BURDENS OF PRODUCING IT

The Parties' argument that the Domestic Distributors and Non-Core SSEs "fail to provide any reasonable basis for being excluded" (Resp. at 21) paints an inaccurate picture of the record and the role of these entities, as does the Parties' statement that "[t]here is no doubt that at least many of these entities have highly relevant information on parts purchases and automobile sales" (Resp. at 20). The uncontroverted declarations submitted by the Domestic Distributors and Non-Core SSEs demonstrate that they do not possess information on parts purchases and may only have limited information about automobile sales. Dkt. 1328 at 7-10 (citing and summarizing the declarations submitted by the Domestic Distributors and Non-Core SSEs). The declarations also explain the burdens that attempting to comply with the subpoena would impose. *Id.* The Parties offered no substantive response disputing these declarations.

Even in light of the record established by the declarations, the Parties fail to explain how the requested discovery on discovery satisfies the proportionality requirement of Rule 26(b)(1). The Parties also ask the Court to disregard the fact that the Domestic Distributors and Non-Core SSEs are non-parties, when the Court must consider their non-party status in analyzing the burden that such discovery on discovery imposes on them. *See, e.g.*, *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49, 53 (S.D.N.Y. 1996) (finding non-party financial institution not required to produce documents in an antitrust case because compliance with the subpoena would be an undue burden and non-party entitled to court considering non-party status).

### IV. PROPORTIONALITY REQUIRES CARVING-OUT THE DOMESTIC DISTRIBUTORS

The value of the limited information the Parties might obtain from the Domestic

3

Distributors imposes a disproportionate burden. The information sought by the Parties from the Domestic Distributors will be of limited relevance because the Parties have not pursued through the Hague Convention the foreign OEMs that manufacture the vehicles distributed by each Domestic Distributor. Dkt. 1224 at 2-6; Dkt. 1328 at 8. Thus, when the Parties contend that depositions will be a "waste of time" if the Parties cannot obtain a "complete picture as to where this highly relevant information resides" (Resp. at 20), the Parties effectively concede that the depositions of the Domestic Distributors and many of the Non-Core SSEs should not proceed because the Parties will not have testimony from the foreign OEMs in the "corporate family" to provide the complete picture they claim they are seeking through this discovery on discovery. The Parties also selectively quote from the declarations to suggest the Domestic Distributors can provide information without a disproportionate burden. Resp. at 23, n.14. However, when the statements the Parties cite are reviewed in context, the significant burden of providing the limited information the Domestic Distributors have is clear.[1] Thus, the record supports excluding the Domestic Distributors.

## V. PROPORTIONALITY REQUIRES CARVING-OUT THE NON-CORE SSES

The Parties' contention that there is no burden on the Non-Core SSEs because they have a negligible amount of information (Resp. at 23) is contradicted by the employee declarations. It is precisely *because* the Non-Core SSEs have a negligible amount of responsive information –

---

[1] For example, the Parties selectively quote the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. 1229-13, Ex. 45 ¶¶ 4, 5, 8. As another example, the Parties selectively quote the Mark Goldzweig declaration as to Kia Motors America, Inc. ("KMA") distributing Kia vehicles, but Mr. Goldzweig's declaration explains that KMA, in the regular course of business, does not have information about the acquisition of parts for new vehicles or individual retail transactions. Dkt. 1227-36, Ex. 51 ¶¶ 5-6.

4

because they are not part of the automotive supply chain – that it would create a disproportionate burden on these entities to provide 30(b)(6) testimony about what information they have. Moreover, to the extent the Non-Core SSEs acknowledge limitations on responsive information they possess, the Parties disregard the explanation in the declarations of the burden producing that information would impose. *E.g.,* Dkt. 1227-33, Ex. 43 ¶¶ 12-23 (explaining the burden on and expected cost to Hyundai Capital America of producing the limited information it has).

The Parties also hold out the prior offer of abeyance as evidence of their willingness to relieve the burden of the Subpoena. However, as the Non-Core SSEs explained, the conditions the Parties imposed on the abeyance made it an illusory offer with very limited application, not a meaningful good-faith effort to compromise. Dkt. 1230 at 11-13.

## Conclusion

The April 20 Order should be conformed to the Special Master's ruling at the March 24 hearing that excluded the Domestic Distributors and Non-Core SSEs from the Rule 30(b)(6) depositions.[2] The transcript supports conforming the Order and the Parties have offered no explanation that reconciles the Order with the Special Master's decision at the March 24 hearing. The exclusion of the Domestic Distributors and Non-Core SSEs is fully supported by the detailed declarations they submitted and the application of the Rule 26(b)(1) proportionality requirement.

---

[2] The Parties contend it is unclear which Domestic Distributors and Non-Core SSEs seek relief through this objection. Resp. at 20, n. 12. Subaru Leasing Corp. joins this objection and seeks to be carved out of the Rule 30(b)(6) depositions. In the proposed revisions to the Order, Subaru Leasing Corp. was included in the list of Non-Core SSEs, but inadvertently omitted from the list of entities who should be removed from the list of entities subject to depositions. The Daimler and Mercedes entities filed a separate joinder in the objection. Dkt. 1329. In addition to the Daimler and Mercedes entities listed in the Motion, Dkt. 1328, the following entities should be removed from the definition of "OEM Deponent Group" and added to the list of Non-Core SSEs: Daimler North America Corp. (MI); Daimler North America Corp. (NJ); Daimler Purchasing Coordination Corp.; and Mercedes-Benz U.S. International, Inc. Nissan Motor Acceptance Corp. separately joined in the objection, Dkt. 1315, and joins in the request to be included in the list of Non-Core SSEs and removed from the list of entities subject to the depositions.

Dated: May 23, 2016 Respectfully submitted:

*/s Shon Morgan*
Shon Morgan
Joseph R. Ashby
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
shonmorgan@quinnemanuel.com
josephashby@quinnemanuel.com

*Attorneys for Hyundai Motor America and Hyundai AutoEver America, LLC*

*/s Susan R. Peck*
Susan R. Peck
Jessica B. Avery
LEE, HONG, DEGERMAN, KANG & WAIMEY
3501 Jamboree Road, Suite 6000
Newport Beach, California 92660
(949) 250-9954
susan.peck@lhlaw.com
jessica.avery@lhlaw.com

*Attorneys for Kia Motors America, Inc. and Hyundai Capital America*

*/s Meredith Jones Kingsley*
Meredith Jones Kingsley
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 881-4793
meredith.kingsley@alston.com

*Attorney for Hyundai America Technical Center, Inc.*

/s Dominic Surprenant
  Dominic Surprenant
  Nithin Kumar
  Quinn Emanuel Urquhart & Sullivan, LLP
  865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443.3166
ds@quinnemanuel.com
nithinkumar@quinnemanuel.com

*Attorneys for Daimler North America Corp. (MI); Daimler North America Corp. (NJ); Daimler Purchasing Coordination Corp.; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes-Benz Financial Services USA LLC; Mercedes-Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); Mercedes-Benz U.S. International, Inc.; and Mercedes-Benz USA, LLC.*

*/s Daniel Purcell*
Daniel Purcell
Justina Sessions
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA  94111-1809
(415) 391-5400
dpurcell@kvn.com
jsessions@kvn.com

*Attorneys for American Honda Finance Corp.*

7

8

| | |
|---|---|
| */s Cheryl A. Bush* | */s Colin R. Kass* |
| Cheryl A. Bush (P37031) | Colin R. Kass |
| Susan McKeever (P73533) | Scott M. Abeles |
| BUSH SEYFERTH & PAIGE PLLC | PROSKAUER ROSE LLP |
| 3001 W. Big Beaver Road, Suite 600 | 1001 Pennsylvania Ave., N.W. |
| Troy, MI 48084 | Washington, D.C. 20004 |
| (248) 822-7800 | (202) 416.6800 |
| bush@bsplaw.com | ckass@proskauer.com |
| | sabeles@proskauer.com |
| | |
| | David A. Munkittrick |
| | PROSKAUER ROSE LLP |
| | 11 Times Square |
| | New York, New York 10036 |
| | (212) 969.3000 |
| | dmunkittrick@proskauer.com |

*Attorneys for Fiat Chrysler Finance North America, Inc.*

## CERTIFICATE OF SERVICE

I certify that on May 23, 2016, I caused a true and correct copy of the:

[REDACTED] REPLY IN SUPPORT OF NON-PARTY DOMESTIC DISTRIBUTORS AND NON-CORE SSEs' OBJECTIONS TO AND MOTION TO MODIFY SPECIAL MASTER'S ORDER REGARDING MOTION TO COMPEL DISCOVERY FROM NON-PARTY OEMS AND ORDERING NON-PARTY OEM RULE 30(b)(6) DEPOSITIONS

to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s Shon Morgan*
Shon Morgan

*Attorneys for Hyundai Motor America and Hyundai AutoEver America, LLC*