# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | 12-MD-02311 <br> Honorable Marianne O. Battani <br> Special Master Gene J. Esshaki |
| **In Re: All Auto Parts Cases** | 2:12-MD-02311-MOB-MKM |
| **THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES** | Oral Argument Requested |

# NON-PARTY DAIMLER ENTITIES' OBJECTIONS TO THE SPECIAL MASTER'S JANUARY 25, 2017 ORDER REGARDING THE PRODUCTION OF SETTLEMENT-RELATED DOCUMENTS

**Preliminary Statement**

The seventeen Daimler domestic entities ("Daimler Domestic Entities") served with the Joint Motion to Compel Discovery from Non-Party Original Equipment Manufacturers ("Joint Motion to Compel"), ECF No. 1185, were ordered by the Special Master to produce certain discovery in an order signed on April 20, 2016 ("First Discovery Order").  *See* ECF No. 1294 at 4, ¶ I.E.  As discussed below, the First Discovery Order was "set aside" by this Court as to all parties subject to Joint Motion to Compel, including the Daimler Domestic Entities, except for six OEMs who were ordered to produce Rule 30(b)(6) witnesses, namely General Motors, FCA, Toyota, Honda, Nissan and Subaru ("the Six OEMs").

In this pleading, the Daimler Domestic Entities appeal from a discovery order issued on January 25, 2017, Order of Special Master Granting in Part and Denying in Part Certain Serving Parties' Motion to Compel Production in Response to Request No. 31 in the Serving Parties' OEM Subpoena ("Second Discovery Order"), ECF No. 1622, on the bases that the Second Discovery Order (a) conflicts with this Court's June 23, 2016 Order from the bench "set[ting] aside" discovery against all the subpoenaed parties other than the Six OEMs; (b) the Parties (*see* ECF No. 1495 at 1 n.2) did not provide notice that they were seeking to obtain

such discovery; and (c) the Second Discovery Order is wrong on the merits as it ordered the production of privileged materials.

## Statement of Facts

The Special Master's First Discovery Order, drafted by the Issuing Parties, ordered a number of entities, including all seventeen of the Daimler Domestic Entities, to produce Rule 30(b)(6) witnesses. *See* ECF 1294, at 4, ¶ 1.E. Germane to this appeal is that the First Discovery Order did not indicate in any fashion that the Special Master was reserving any part of the Joint Motion to Compel for later ruling. *See generally id.*

The Daimler Domestic Entities, among other parties, appealed the First Discovery Order to this Court. On June 23, 2016, hearings were had before the Court, and the Court ruled from the bench that "I am going to set aside the Master's order," and all but the Six OEMs were "carved out at this point in time." Transcript of June 23, 2016 Hearing, ECF No. 1405, at 99:15 to 101:19. The Court indicated the Six OEMS would be compelled to produce Rule 30(b)(6) deponents for "discovery on discovery." *Id.* at 99: 8 to 101:3.[1]

---

[1] The Court instructed the parties to prepare an order. After substantial communications between the parties, they filed Serving Parties and OEM Groups' Joint Motion for Entry of Order, requesting the Court enter one of the two proposed orders. *See* ECF No. 1453. The undersigned counsel's review of the voluminous docket in this Multi-District Litigation indicates neither order was entered through the date of this filing.

After the Court's order from the bench, the Daimler Domestic Entities reasonably believed they were "carved out" of MDL discovery until the Parties provided notice and opportunity to be heard that they were seeking an order from either this Court or the Special Master to produce discovery either in response to a new motion to compel or a renewed motion to compel.

That did not happen. All the parties against whom the Joint Motion to Compel was directed, including the Daimler Domestic Entities, are now subject to producing certain settlement materials, to the extent they exist, even though (a) this Court has not ordered additional discovery and (b) the Issuing Parties neither moved to compel nor renewed their motion to compel against the non-Six OEM subpoenaed parties.

## Argument

I. **THE SPECIAL MASTER'S SECOND DISCOVERY ORDER CONFLICTS WITH THIS COURT'S JUNE 23, 2016 ORDER FROM THE BENCH.**

The Court's oral ruling from the bench was to "set aside" the Special Master's First Discovery Order. (ECF No. 1405 at 99:9.) The First Discovery Order, drafted by the Parties, did not indicate or suggest that the Special Master had reserved certain parts of the Joint Motion to Compel for later decision. *See generally* ECF 1294. While the Parties *did* "renew" their motion to compel, they

did so expressly *only* to the Six OEMs. *See* ECF 1495 at 1 n.3. The Parties did *not* renew the Joint Motion to Compel as to any other party, including the Daimler Domestic Entities, nor did they file a new motion to compel. Therefore, the Second Discovery Order, to the extent it orders parties other than the Six OEMs to produce settlement materials, facially conflicts with this Court's order from the bench "set[ting] aside" the Special Master's First Discovery Order.

## II. THE PARTIES FAILED TO GIVE NOTICE THEY WERE RENEWING THE JOINT MOTION TO COMPEL AS TO ANY ENTITY OTHER THAN THE SIX OEMs.

The Parties failed to provide notice they were seeking production of settlement materials from any entity other than the Six OEMs. The Second Discovery Order did not reserve ruling on any part of the Joint Motion to Compel, and once it was "set aside" by the Court, if the Parties wanted to obtain discovery pursuant to paragraph 31 of the Joint Motion to Compel, they were required to provide notice to the parties from whom they were seeking such discovery.

The Parties did not do so. Instead, they filed a "Renewed Notice" expressly calling out they were renewing the Joint Motion *only* to the Six OEMs. *See id.* The Parties did file a document entitled "Plaintiffs' Notice Regarding Certain Parties' Motion to Compel Request No. 31" ("Plaintiff's Notice") (ECF No. 1497, filed Nov. 7, 2016.) That brief two-page document did not provide notice it was renewing any part of the First Discovery Order, either in the caption or the body of

the document. Rather, in the body of the document, the Parties expressly stated they were seeking "communications *between OEMs* and vehicle parts suppliers." *Id.* at 1 (emphasis added). None of the Daimler Domestic Entities are OEMs, and by the time of Plaintiff's Notice, in November 2016, the only parties that had been engaged in discovery for over six months were the Issuing Parties and the Six OEMs. Either read within its four corners, or read in context of the time line of the case, "Plaintiffs' Notice" that it was seeking settlement materials from "OEMs" did not provide notice to any party other than the Six OEMs that the Parties would be seeking them to produce settlement materials, but rather appears intentionally designed to give the most hypertechnical and misleading "notice" possible. In fact, *no* non-Six OEM entity understood the Notice to refer to them, as no other entity filed an opposition.

Plaintiffs' November 2016 "Notice" did not provide notice the Parties were seeking discovery from non-Six OEM entities and the Second Discovery Order should be set aside as to the Daimler Domestic Entities on that basis as well.

### III. THE SPECIAL MASTER'S SECOND DISCOVERY ORDER SHOULD BE REVERSED ON THE MERITS AS IT IMPROPERLY ORDERS THE PRODUCTION OF PRIVILEGED MATERIALS.

The Second Discovery Order should also be reversed because it is wrong on the merits, in that it orders production of privileged materials.

In order to avoid needlessly burdening the Court with merits arguments already on file by other parties, the Daimler Domestic Entities incorporate by reference as if fully set forth herein the arguments from Honda and FCA set forth, respectively, in ECF No. 1519 (at 16-18) and Honda (at 23-25).

## Conclusion

Plaintiffs' "Notice" on November 7, 2016 was at best careless.  At worst it was deliberately designed to provide ineffective and hypertechnical notice.  Such behavior, whether careless or deliberately lacking in candor, should not be rewarded.  The Second Discovery Order should be reversed.

DATED:  February 8, 2017     Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____
     Dominic Surprenant
     Nithin Kumar
Attorneys for Non-Parties Daimler North America Corp. (MI); Daimler North America Corp. (NJ); Daimler Purchasing Coordination Corp.; Daimler Trucks North America LLC; Daimler Vans Manufacturing, LLC; Daimler Vans USA LLC; Freightliner Custom Chassis Corp.; Mercedes-Benz Advanced Design of North America Inc.; Mercedes-Benz Credit Corp.; Mercedes-Benz Financial Services USA LLC; Mercedes-Benz Research & Development North America, Inc. (CA); Mercedes-Benz Research & Development North America, Inc. (MI); Mercedes-Benz U.S. International, Inc.; Mercedes-Benz USA, LLC; Mitsubishi Fuso Truck of America, Inc.; Thomas Built Buses, Inc.; and Western Star Trucks Sales, Inc.

## CERTIFICATE OF SERVICE

I certify that on February 8, 2017, I caused a copy of the foregoing Non-Party Daimler Entities' Objections to the Special Master's January 25, 2017 Order to be electronically filed via the Court's ECF system, which will serve notification of such filing to all counsel of record for the Parties.

*/s/ Dominic Surprenant*

Dominic Surprenant