**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

IN RE: AUTOMOTIVE PARTS
ANTITRUST LITIGATION

MASTER FILE NO. 12-md-02311

HON. MARIANNE O. BATTANI

_____

THIS DOCUMENT RELATES TO:

ALL ACTIONS
_____/

## ORDER APPOINTING SETTLEMENT MASTER

At the November 16, 2016 status conference, the Court informed the parties that it was considering whether to appoint a settlement master. The Court's agenda for the January 25, 2017 status conference, included the opportunity for discussion regarding court ordered facilitation. After hearing from the parties at the January 2017 conference, the Court concluded that it could not address pretrial settlement in an effective or timely manner given the complexity of this litigation and, pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the appointment of a master would aid significantly the progress of this litigation without imposing unreasonable expenses on the parties. Consequently, the Court instructed the Direct Purchaser Plaintiffs, End-Payor Plaintiffs, Auto Dealer Platiniffs, Truck and Equipment Dealer Plaintiffs and Defendants to submit proposals for a mediation facilitator on or before February 1, 2017. See Fed. R. Civ. P. 53(b)(1). The parties have agreed to the appointment of Daniel H. Weinstein, retired judge and JAMS mediator and arbitrator.

Accordingly, it is hereby **ORDERED**:

1. The Court appoints Daniel H. Weinstein, to serve as Settlement Master, to oversee the facilitation and expeditious settlements of the remaining component part cases in this litigation in both the direct purchaser and indirect purchaser class actions.

2. Judge Weinstein shall proceed with all reasonable diligence in facilitating the negotiations in the manner and at the times and locations he designates. He shall present an overall plan for coordinating the mediation of these cases to the Court for approval on or before March 28, 2016, absent good cause to extend that date.

3. The parties shall compensate Judge Weinstein for his and his team's fees and expenses incurred in overseeing the mediation process and for any mediations he personally conducts. The parties with Judge Weinstein shall negotiate the fees in the customary manner. These fees and the fees of any mediators appointed by Judge Weinstein should be split equally between the plaintiffs and defendants unless Judge Weinstein, for good cause, allocates a different split.

4. Judge Weinstein may in his discretion, after consultation with the parties, direct that the parties engage in mediation with experienced mediators, whether from JAMS or outside of JAMS, as designated by Judge Weinstein. Judge Weinstein will do his best to accommodate the parties' joint wishes as to mediators; therefore, if the parties to a bilateral settlement negotiation agree that it is progressing in a satisfactory manner without a mediator, or they subsequently agree to utilize the services of a mediator, the Settlement Master shall allow the parties to continue the negotiations for some time and in such manner as he deems reasonable. The fees and expenses of any mediators

designated by the Settlement Master shall be shared by the parties as directed by Judge Weinstein.

5.  The Settlement Master, in his discretion, may impose noncontempt sanctions under rule 53(c)(2) if he deems it necessary.

6.  All proceedings, discussions, negotiations, and writings incident to mediation shall be privileged and confidential and shall not be disclosed, filed, or placed in evidence.

7.  For each mediation session, the Settlement Master or his designee shall have the authority to establish the mediation process, including the submission of documents, the attendance of parties with authority to settle, the procedure governing the mediation, and the schedule for the mediation.

8.  No mediator shall be called as a witness in the litigation. All mediators are functioning as quasi judicial officers and therefore are immune from suit.

9.  A defendant's participation in mediation, and any engagement with the Settlement Master, will not be deemed a waiver of any jurisdictional or affirmative defenses under the Federal Rules of Civil Procedure or a waiver of any rights, including a right to arbitration, any other statutory or common law defenses or challenges to service.

10.  Neither Judge Weinstein nor any designee will adjudicate, or assist the Court with adjudicating, any issues in these proceedings.

11.  To facilitate settlement discussions, Judge Weinstein may have *ex parte* communications with any party and party representative.  If a party does not want him to share any of the contents of an *ex parte* communication with another party, the sharing

party shall make that desire clear to Judge Weinstein.

12. Judge Weinstein is to communicate with the Court regarding nonconfidential matters, including procedural issues and updates on the progress of settlement communications, but he shall not communicate any substantive matters to the Court, absent the parties' agreement. All communications between the Court and the Master shall be considered confidential and not subject to disclosure or discovery.

13. The appointment of Judge Weinstein will not delay or modify any schedules entered in the case without the express order of the Court.

**IT IS SO ORDERED.**

Date:   February 14, 2017                    s/Marianne O. Battani
                                             MARIANNE O. BATTANI
                                             United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 14, 2017.

                                             s/ Kay Doaks
                                             Case Manager