UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
MAR 14 2017
CLERK'S OFFICE
U.S. DISTRICT COURT

In Re: AUTOMOTIVE PARTS ANTITRUST ) 
LITIGATION )   Master File No. 12-md-02311
) Hon. Marianne O. Battani
In Re: All Auto Parts Cases ) 2:12-MD-02311-MOB-MKM
THIS DOCUMENT RELATES TO: )
ALL END PAYOR AUTO PARTS CASES )

## OBJECTIONS OF PATRICK SWEENEY TO PROPOSED SETTLEMENT

NOW COMES, Pro Se Objector PATRICK S. SWEENEY and hereby files these objections to the proposed settlement in this matter.

### PROOF OF MEMBERSHIP IN CLASS

Under penalty of perjury Patrick S. Sweeney (herein referred to as "Objector" or "Patrick") has reviewed the notice and believes that he is a member of the class as defined in that certain Updated Notice of Class Action and Proposed Settlement which is not dated (herein referred to as the "Notice"). Patrick has filed a timely Claim in this matter. In addition, Patrick has registered with the Claims Administrator and he has received information in the past which appears to have a bar code number which is **YAA00003155829**. **Patrick's Claim number is CDBE7DBOD3.**

Patrick purchased or leased the following Vehicles:

1. 2006 Land Rover LR 3 from Fields Automotive in 2005 in Madison, Wisconsin.
2. 2006 Chevy Tahoe from Ballweg Chevrolet in 2006 in Middleton, Wisconsin.
3. 2006 Chevy Suburban in 2006 from Ballweg Chevrolet in 2006 in Middleton, Wisconsin.

It is the Objector's understanding that these transactions qualify him to be a member of the Class as to all the automotive parts listed in the Notice. Objector has requested documentation from the dealerships but as of today he has not received them. Patrick's address, e-mail addresses and telephone numbers are listed at the conclusion of this objection.

## NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that he does **NOT** intend to appear at the Fairness Hearing presently scheduled for April 19, 2017 at 2:00 p.m. CDT before Honorable Marianne O. Battani at the United States Courthouse, Courtroom 272, 231 West Lafayette Blvd., Detroit, MI 48226.

## REASONS FOR OBJECTING TO THE SETTLEMENT

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

1. Claims administration process fails to require reliable future

oversight, accountability and reporting about whether the claims process actually delivers what was promised. The proposed settlement orders no counsel, not various class counsel attorneys nor any defense attorney (notwithstanding the large amount of attorney fees to be earned by the numerous law firms involved in this case) to monitor the settlement process to its ultimate completion.

It would obviously be more prudent to withhold a portion of Class Counsel's fee until the entire distribution process is complete. Furthermore, it would also be judicious to require Class Counsel (and perhaps Defense Counsel as well) to report back to this Honorable Court with a final summary and accounting of the disbursement process (even if brief) in order to confirm that this matter has been successfully concluded and to allow this Honorable Court to "put its final stamp of approval" on the case.

Objector is aware that this is not the "usual" procedure in Class Action proceedings. Nonetheless, Objector submits the suggested process is an improvement to the present procedure which is the status quo in Class Action cases. Also nothing in the above proposed procedure violates the letter or spirit of the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715,(the "Act") Rule 23 F.R.C.P.(the "Rule") nor the body of case law that has developed in the class action arena (all three collectively referred herein as "Class Action Policy") Objector hereby urges this Honorable Court to adopt such a procedure as a "best practice standard "for Class Action settlements.

2. No timeframe for completing administration of the monetary relief is set, so Class Members cannot know when payment would arrive. Moreover, the Settlement Administrator is not held to any specific timeframe to complete the settlement process. Given the Settlement Administrator's inability to follow up giving notice to parties who registered with their website (see below at paragraph 3) regarding the 2nd Round of settlements Class Counsel should be directed to monitor the settlement distribution until all monies have been distributed.

3. The Notice process is flawed as a copy of the Notice was not sent to the Objector notwithstanding the Objector having previous registered on the Settlement Website. Patrick assumes that he may not be the only registered Class Member who did not receive a copy of the Notice regarding the Settlement Round 2.

4. No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement. Objector hereby contends that the withholding of a reasonable sum of awarded attorney's fees would alleviate the concerns raised herein regarding Paragraphs Nos. 1, 2 & 3 above.

5. Attorney fees do not depend upon how much relief is actually paid to the Class Members. It appears that the proposed settlement will award class counsel its fee notwithstanding the amount of relief actually achieved by the Class. This practice would be considered inequitable at best and excessive at worse in many other areas of the law when awarding attorney fees.

6. The fee calculation is unfair in that the percentage of the settlement amount is far too high (it is stated in the Notice that it is 27.5%, which is high, but if that percent is arrived at by using monies actually awarded class members the percentage is even higher).

7. The Objector hereby states that, of the all the Docket Entries on PACER, very few entries were substantive in nature. Most of the Docket Entries are procedural in nature. Although there are many Docket Entries the cost per Docket Entries computes to an unfathomable amount of money per Docket Entry.

8. The fee request is not reasonable in the absence of documentation, including detailed billing records (including hourly rates of the professionals, hours accumulated and reasonable costs incurred), which can be evaluated by Class Members and the Court to determine the reasonable nature (or not) of the fee request. The fee

      request should require more than the mere summaries provided to the Court and Class Members.

9. Some *cy pres* procedure needs to be articulated so that Class Members and the Court can intelligently comment, object or approve the appropriateness of the *cy pres* procedure, recipient and amount of the *cy pres* distribution. The *cy pres* distribution and recipient should have a direct and substantial nexus to the interests of absent class members and thus properly provide for the 'next best distribution' to the Class. Whatever method is used to determine an appropriate *cy pres* procedure and recipient should be a legitimate discussion between informed parties. Allowing the process to be determined at a later date by an undefined process is not an appropriate method nor consistent with Class Action Policy. It also gives no due process for any Class Member who might object to the *cy pres* process and result.

10. Attorneys' fees are disproportionate to the value of the Recovery of the Class (See Paragraphs 4, 5, 6 and 8 above).

11. The Settlement only bars the Defendants from acting in the same manner for a period of two (2) years. FURTHER, THE SETTLEMENT AGREEMENT'S RELEASES THE DEFENDANTS FROM FUTURE ANTITRUST CLAIMS FOR NEW PRODUCTS. These two elements of the Settlement Agreement should be stricken as unconscionable.

12. The Objector herein hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;
2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.
3. Award an incentive fee to this Objector for their role in improving the Settlement, if applicable.

Respectfully submitted by:

_____
Patrick S. Sweeney, Pro Se
6666 Odana Road
Suite 116
Madison, WI 53719
310-339-0548
patrick@sweeneylegalgroup.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 9, 2017, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for the Eastern District of Michigan and the Settlement Administrator by sending this document via U.S. First Class Mail Delivery at the addresses provided in the Notice. Objector states that when the Clerk receives the objection they will scan it into the CM/ECF, thus notify all parties who are registered with CM/ECF system.

_____
Patrick S. Sweeney, Pro Se

SWEENEY
1666 ODANA ROAD
SUITE 116
MADISON, WI 53719

RECEIVED
MAR 14 2017
CLERK'S OFFICE
DETROIT

NO PMB
Return
to Sender

CLERK'S OFFICE
U.S. DISTRICT COURT
FOR THE EASTERN DIST. OF MICHIGAN
THEODORE LEVIN U.S. COURTHOUSE
231 WEST LAFAYETTE BLVD RM 564
DETROIT, MI 48226