Case 2:12-md-02311-SFC-RSW   ECF No. 1726, PageID.31823   Filed 04/03/17   Page 1 of 20
Final Approval Hearing • Wednesday, March 22, 2017

1

```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MICHIGAN
                       SOUTHERN DIVISION
                          -   -   -

IN RE: AUTOMOTIVE PARTS          Master Case No. 12-md-02311
ANTITRUST LITIGATION             Honorable Marianne O. Battani
_____

In Re:  Bearings                 Case No. 14-507
_____
```

**FINAL APPROVAL HEARING**

BEFORE THE HONORABLE MARIANNE O. BATTANI
United States District Judge
Theodore Levin United States Courthouse
231 West Lafayette Boulevard
Detroit, Michigan  48226
Wednesday, March 22, 2017

APPEARANCES:

```
For the Truck and          SEAN P. McCONNELL
Equipment Dealer           DUANE MORRIS, L.L.P.
Plaintiffs:                30 South 17th Street
                           Philadelphia, PA  19103
                           (215) 979-1342

                           J. MANLY PARKS
                           DUANE MORRIS, L.L.P.
                           30 South 17th Street
                           Philadelphia, PA  19103
                           (215) 979-1342
```

To obtain a copy of this official transcript, contact:
Linda M. Cavanagh, Official Court Reporter
(313) 234-2616 • linda_cavanagh@mied.uscourts.gov

Case 2:12-md-02311-SFC-RSW   ECF No. 1726, PageID.31824   Filed 04/03/17   Page 2 of 20
Final Approval Hearing • Wednesday, March 22, 2017

2

TABLE OF CONTENTS

Page

FINAL APPROVAL HEARING:

Comments by Mr. McConnell............................3
Comments by the Court...............................10

Case 2:12-md-02311-SFC-RSW   ECF No. 1726, PageID.31825   Filed 04/03/17   Page 3 of 20
Final Approval Hearing • Wednesday, March 22, 2017

3

```
 1              Detroit, Michigan
 2              Wednesday, March 22, 2017
 3                      _ _ _
 4         (Proceedings commenced at 2:36 p.m., all parties
 5         present)
 6              THE COURT:  Good afternoon.
 7              MR. MC CONNELL:  Good afternoon, Your Honor.
 8              THE COURT:  Okay.  We have the TEDs' motion for final
 9   approval of the proposed settlement.
10              MR. MC CONNELL:  Yes.  Good afternoon, Your Honor.
11              THE COURT:  Good afternoon.
12              MR. MC CONNELL:  My name is Sean McConnell from Duane
13   Morris.  I'm here with my colleague, Manly Parks, and we
14   represent the truck and equipment dealers in this case.
15              We're here this afternoon on behalf of the truck and
16   equipment dealer plaintiffs to seek final approval for three
17   settlements in the bearings case.  The settling defendants
18   include the Schaeffler defendant, JTEKT defendants and NTN
19   defendants.  Together, those -- the cash benefits from those
20   three settlements amount to $5.745 million, and there are
21   various forms of meaningful cooperation included in each of the
22   three settlement agreements.
23              THE COURT:  The amount is 5. -- together is?
24              MR. MC CONNELL:  Yes, it's 5.745 million in gross
25   proceeds.
```

Case 2:12-md-02311-SFC-RSW ECF No. 1726, PageID.31826 Filed 04/03/17 Page 4 of 20
Final Approval Hearing • Wednesday, March 22, 2017

4

1      THE COURT: Okay.

2      MR. MC CONNELL: Cooperation from these three
3  settlements have been critical to our prosecution of this case
4  against the other remaining defendants, and benefits from the
5  cooperation has already led to meaningful benefits in the form
6  of two announced settlements with two other remaining
7  defendants that have to be finalized, and we will move the
8  Court for preliminary approval of those settlements once they
9  are finalized.

10      THE COURT: Okay.

11      MR. MC CONNELL: With respect to fairness, as set
12  forth in our papers, these three settlements are fair and
13  reasonable, meaningful, substantial and adequate for the class,
14  and final approval should be granted. The settlement classes
15  and the three settlement agreements are essentially one
16  settlement class. To the extent that they have slight
17  variations, they're not meaningful differences. We're talking
18  about essentially one settlement class for the -- the bearings
19  class members.

20      Pages 2 to 3 of our moving papers outline the
21  settlement amounts for -- for the cash amounts. As I already
22  said, it's over $5.7 million. And the settle -- settlement
23  amounts in these agreements are the function of several
24  different factors.

25      First, the evidence that we were able to accumulate

Case 2:12-md-02311-SFC-RSW ECF No. 1726, PageID.31827 Filed 04/03/17 Page 5 of 20
Final Approval Hearing • Wednesday, March 22, 2017

5

1  regarding defendants' conduct and our assessment thereof; the
2  volume of commerce affected or potentially affected by these --
3  by these three defendants' conduct; and the value of the
4  non-monetary components of the settlements, for example, the
5  cooperation that each of the settling defendants agreed to
6  provide.
7         Given the chances of success on the merits, the
8  defenses asserted, the volume of commerce impacted or
9  potentially impacted, the risks and costs associated with this
10 litigation, we believe that these settlements are a great
11 result for the truck and equipment dealer class.
12        With respect to the notice plan that we outlined in
13 our preliminary papers, notice was provided to the potential
14 class members in accordance with the Court-approved notice
15 plan.  This notice plan was virtually identical to the notice
16 plan previously approved by the Court in the wire harness and
17 OSS cases involving truck and equipment dealer plaintiffs.
18 That plan was previously considered fair, reasonable and
19 adequate by the Court.
20        The notice plan was carried out once again by RG/2
21 who the Court permitted to carry out the notice plan in the
22 preliminary approval order.  RG/2 carried out the notice plan
23 as described in Ms. Chiango's declaration provided with our
24 moving papers.
25        The settlement website was -- has been live since

Case 2:12-md-02311-SFC-RSW ECF No. 1726, PageID.31828 Filed 04/03/17 Page 6 of 20
Final Approval Hearing • Wednesday, March 22, 2017

6

1   October 2nd, 2016, and notice has been provided to nearly
2   50,000 C-suite executives of agricultural equipment,
3   construction equipment, mining equipment, railroad and
4   commercial vehicle dealerships.
5            In addition to the dealerships that were a part of
6   our initial notice plan, the notice plan from the wire harness
7   and OSS cases resulted in us finding additional truck and
8   equipment dealers that were -- will be provided notice -- were
9   provided notice in this case as well.
10           THE COURT:  Now, the notice was both by mail and
11  e-mail as I understand it to these 45,000 people.  Did they get
12  the regular snail mail and the e-mail or was it split?
13           MR. MC CONNELL:  No, all -- so there was -- if -- if
14  Your Honor remembers from the wire harness and OSS case, there
15  were roughly 50,000 individuals that were sent both U.S. mail
16  and e-mail from getting blowbacks from, you know, trying
17  different addresses and seeing that some addresses were dead,
18  both electronically and snail mail.  The resulting number was
19  about 47-plus thousand individuals who received both snail mail
20  notification as well as e-mail notification.
21           THE COURT:  Okay.  So that accounts for the
22  difference in the e-mail -- I mean, excuse me, in the numbers
23  here too.
24           MR. MC CONNELL:  Yes.
25           THE COURT:  Okay.

Case 2:12-md-02311-SFC-RSW ECF No. 1726, PageID.31829 Filed 04/03/17 Page 7 of 20
Final Approval Hearing • Wednesday, March 22, 2017

7

1  MR. MC CONNELL: In addition to the e-mail and -- and
2  traditional mail notification, summary notice was provided in
3  the Wall Street Journal and the Automotive News in January of
4  2017. Also an e-newsletter was published in the American Truck
5  Dealers website for each week of January 2016. A banner ad was
6  published in the National Truck -- Trucker Dealers Association,
7  as well as a summary notice was published in World Truck
8  Magazine in January of 2017. We believe that this notice plan
9  was thorough and designed to reach a very large percentage of
10 the potential class members.
11         Reaction to this settlement has been overwhelmingly
12 positive in the sense that no appearances have been entered, no
13 objections have been filed, and no opt-outs have been filed in
14 this case.
15         Class members are large and sophisticated commercial
16 enterprises. Many of them have in-house legal counsel. The
17 vast majority of them have experience with the legal services
18 industry generally. And given their ability to be -- fully
19 understand the settlements at issue in this case and -- and
20 their ability to raise issue with them if they had any, we
21 think this -- their silence in this case is particularly
22 important and represents the fairness and adequacy of these
23 settlements.
24         With respect to Rule 23, our moving papers outline
25 the specific elements of Rule 23, and we believe that each of

Case 2:12-md-02311-SFC-RSW   ECF No. 1726, PageID.31830   Filed 04/03/17   Page 8 of 20
Final Approval Hearing • Wednesday, March 22, 2017

8

1  these elements is satisfied here.  Those elements include the
2  likelihood of success on the merits weighted against the form
3  and the amount of the relief.
4         With respect to the monetary portion of the -- the
5  settlements, even though our class is much different than the
6  auto dealers classes, as we've discussed before with Your
7  Honor, the volume of commerce here relative to auto dealers is
8  quite different.  So relative to the volume -- volume of
9  commerce potentially impacted by defendants' conduct in this
10 case, we think the monetary benefits are meaningful and
11 important.
12        The value of the case must be considered in the light
13 of the volume, of the much smaller volume of commerce with
14 respect to truck and equipment dealers.
15        With respect to the complexity and expense and
16 duration of the case, the Court is well aware that this is a
17 very complex case.  It's one of the more complex and expansive
18 antitrust MDLs in the country.  Experts and other costs
19 associated with these cases has been significant.  The duration
20 of the case could take several months or years to reach a
21 conclusion, and we think settlements in the short term provide
22 meaningful benefits to the class members.
23        With respect to Rule 23(a) and 23(b), the potential
24 class members are too numerous for joinder.  At a minimum,
25 there are thousands, if not tens of thousands, of truck and

1  equipment dealerships nationwide.
2           With respect to commonality, there are common
3  questions of law and fact that exist in this case as they
4  typically do in antitrust conspiracies such as this one.
5           The claims of the truck and equipment dealer
6  representatives are typical to those of the -- the class that
7  they intend to represent and are virtually indistinguishable in
8  the fundamental respects from the class.
9           Representation will be fair and adequate in this case
10 and in the best interests of the class.
11          With that, Your Honor, I'm happy to answer any
12 questions you have with respect to the final approval of these
13 settlement agreements.
14          THE COURT:  You have the plan of allocation in the
15 settlement agreement?
16          MR. MC CONNELL:  Yes, Your Honor.
17          THE COURT:  And my question to you is, as I
18 understand it, this is using the same formula that was used in
19 one of the other cases, is that correct?
20          MR. MC CONNELL:  Well, it's -- it's using this -- the
21 same structure, the same structure that --
22          THE COURT:  Right.
23          MR. MC CONNELL:  It's tailored to this case.  It
24 uses --
25          THE COURT:  Because of the points, the ten points?

Case 2:12-md-02311-SFC-RSW ECF No. 1726, PageID.31832 Filed 04/03/17 Page 10 of 20
Final Approval Hearing • Wednesday, March 22, 2017

10

1         MR. MC CONNELL: The point allocation system is
2 different, but we know Your Honor has endorsed that -- the
3 calculus of if you have a valid claim, you get a percentage of
4 the fund based on the vehicle, whether it's a make or model
5 distinguishing characteristic, and that same calculus will be
6 used in this case.
7         THE COURT: Okay. And then how about the
8 distribution, is that being held until final resolution? Or
9 there was some discussion this morning about the actual
10 distribution in one of the cases, which I have not read yet.
11 It was just --
12         MR. MC CONNELL: That --
13         THE COURT: I haven't gotten it yet.
14         MR. MC CONNELL: Yes, that's -- that's separate from
15 our case. We -- we haven't finished our -- our claims, opened
16 our claims period yet for -- for any of our settlements yet.
17 But once the claim period's open, then who -- whomever files a
18 claim, then the -- the distributions will be made based on the
19 point allocation system in each of the three respective
20 allocation plans that we've submitted to Your Honor so far:
21 the wire harness allocation plan, OSS and bearings.
22         THE COURT: So do you plan to make the distribution
23 for, say, for the bearings before you do other parts?
24         MR. MC CONNELL: No, we -- we -- we --
25         THE COURT: Or are you going to wait until you have

Case 2:12-md-02311-SFC-RSW   ECF No. 1726, PageID.31833   Filed 04/03/17   Page 11 of 20
Final Approval Hearing • Wednesday, March 22, 2017

11

1  it all resolved and then do one distribution?
2          MR. MC CONNELL:  Well, we're -- we're waiting until
3  we have a final claims form for -- we already have -- the wire
4  harness cases have been completely settled.  We still have one
5  remaining defendant in OSS.  We have settlements in agreement
6  with two of the three remaining defendants in bearings.  Our
7  intention is to try to -- to wrap up those settlement
8  agreements and seek preliminary approval from Your Honor before
9  we consider making distributions to the class on the bearings
10 case.
11         THE COURT:  Okay.  It would make sense to me to hold
12 off distribution until you had a little more done here, but
13 I --
14         MR. MC CONNELL:  Yes, that's our plan.
15         THE COURT:  Okay. All right. Okay.  I have no other
16 questions.  It appears to the Court that this settlement, which
17 is a total of 5.745 million -- now, Schaeffler's paying
18 995,000, JTEKT 3.35 million, NTN 1.4 million.
19         The Court has provisionally certified the class
20 before, and I find that that statement, I'm not going to read
21 it into the record, but the class definition is appropriate,
22 and I think that we can see that there haven't been any
23 objections in this case.  Now, there's nobody that you know of
24 who's even said anything to you about objections, and I see
25 there's nobody here today who is objecting.

Case 2:12-md-02311-SFC-RSW ECF No. 1726, PageID.31834 Filed 04/03/17 Page 12 of 20
Final Approval Hearing • Wednesday, March 22, 2017

12

1          MR. MC CONNELL: Correct, Your Honor.

2          THE COURT: Okay. I want to be clear about that

3 because I know that's one issue that we have that goes up to

4 the appellate court, and I want to make sure this has been

5 appropriately distributed.

6          And I -- the Court, in looking at the notice that you

7 had, which is the same notice I believe in the -- that was in

8 the wire harness, in terms of both the numbers of people and

9 how you -- or entities and how you contacted them, the

10 publications, et cetera, I think is more than adequate today,

11 particularly with the double mailings, both by the U.S. Post

12 Office and the e-mails. Granted, you got some feedback from

13 when you submit -- mailed for the wire harness. So you have a

14 pretty good grasp of who your class members are at this time.

15          MR. MC CONNELL: That's right, Your Honor.

16          THE COURT: Okay. The Court finds that the proposed

17 settlement is fair, reasonable and adequate.

18          I have to look at a number of factors, and you

19 mentioned most of those factors. Let me just touch on them.

20 One is the likelihood of success, and we all know here that

21 though plaintiffs I'm sure are optimistic about their

22 likelihood of success, that certainly is not guaranteed, and

23 there are some significant issues in these cases.

24          They're certainly complex and very expensive to

25 proceed, and the Court is aware of that not only in these TED

Case 2:12-md-02311-SFC-RSW ECF No. 1726, PageID.31835 Filed 04/03/17 Page 13 of 20
Final Approval Hearing • Wednesday, March 22, 2017

13

1  cases but from a background of looking at all of the other
2  cases filed besides the truck and equipment dealers.
3         The judgment of counsel and the discovery that's been
4  done here, I think, as I have said before, counsel is --
5  counsel's opinion gives great weight to this Court because of
6  the experience and background of counsel.  And also counsel had
7  maybe not all the discovery that they wanted at this point, but
8  they certainly -- you've certainly had a tremendous amount of
9  discovery and millions of documents to base your decision on.
10         We know that these discussions were done at arm's
11  length and that the class members here apparently are
12  satisfied.  We've had no opt-outs even, along with no
13  objectors, and that's quite remarkable for a class of this
14  size.
15         Certainly the public interest is served by a class
16  action like this to -- to resolve the issue because such suits
17  are notoriously difficult and unpredictable.
18         The notice, as I've already indicated, was proper.
19         The class, again the class definition being the same
20  except for the part with wire harness, there's numerosity and
21  commonality, certainly typicality, and the Rule 23(b)(3)
22  additional requires -- requirements are met.
23         And the Court approves the allocation plan here.
24  This is a little more difficult because in reading it, I -- I
25  can't really say that I have -- I do not have any expertise, so

Case 2:12-md-02311-SFC-RSW ECF No. 1726, PageID.31836 Filed 04/03/17 Page 14 of 20
Final Approval Hearing • Wednesday, March 22, 2017

14

1  I depend upon the experts that you have brought in to do the
2  allocation plan, and I think it sounds -- it sounds in the end
3  very appropriate and that it is a fair plan determined to
4  appropriately and reasonably allocate the funds that have been
5  received.
6          So for these reasons, the Court grants the
7  certification of the class and approves the settlement.
8          MR. MC CONNELL:  Thank you, Your Honor.
9          THE COURT:  Okay.  Now we have the issue of attorney
10 fees and costs.
11         MR. MC CONNELL:  Yes, Your Honor.  Today TED
12 plaintiffs are also seeking attorneys' fees, reimbursement of
13 costs and service awards.
14         With respect to the attorneys' fees, this is just the
15 second time that counsel for truck and equipment dealer
16 plaintiffs have sought a fee award in this MDL.  We've
17 litigated this specific case, the bearings case, for about
18 two and a half years, so it's -- it's been a lot of -- of
19 litigation leading up to -- to today.  And we seek fees equal
20 to one-third of the total amount of the settlements, which is
21 the same calculus that Your Honor used with respect to the
22 other truck and equipment dealer plaintiffs' settlements.
23         THE COURT:  How does this differ though?  As you
24 know, on the other parts I have given one-third.  In fact, I
25 gave one-third, as you just said, to your first part.  But I

1  then limited them to 20 percent until I see the final
2  resolution of all of these.  Do you have any comments on that?
3          MR. MC CONNELL:  Well, we think that -- that, as
4  we've explained on -- on several occasions, our -- our -- the
5  volume of commerce in our case is significantly lower than
6  those other cases, so we've expended significant amounts of
7  resources on behalf of truck and equipment dealer plaintiffs
8  but are dealing with volumes of commerce that are significantly
9  lower than -- than our auto dealer counterparts.
10         So if you -- if Your Honor were to look at our
11 lodestar, for example, you know, we're -- we're -- our lodestar
12 for this -- for this case is .65, which is quite low.  You
13 know, typically courts have approved, you know, lodestars up to
14 2, 3 or even higher relative to the -- the fees expended by
15 client -- by counsel in pursuing settlements.
16         And -- and also I think it's important to note that
17 truck and equipment dealer counsel have -- have had to do a lot
18 of work considering the fact that the criminal cases involving
19 these parts largely focused on passenger vehicles.  So truck
20 and equipment dealers have had to do a lot of work to build
21 their case from scratch, which we're proud of and we think
22 resulted in great settlements, but it involved a lot of grunt
23 work that some of the other plaintiffs groups haven't had to go
24 through.
25         So that's why we -- we think given the -- the volume

1  of commerce relative to the amount of work and complexity with
2  our case and given the lodestar factor, we -- we think that
3  one-third of the settlement minus settlement and escrow costs
4  is fair and reasonable in this case.
5              THE COURT: Okay. And how about the service awards?
6              MR. MC CONNELL: So for service awards, as -- as Your
7  Honor knows, in the wire harness and OSS cases, the class
8  representatives were awarded $10,000 each. In this case, since
9  it just involves one part but equal contribution and resources
10 and effort and carrying the burden for the entire class, we
11 seek $5,000 for each individual class representative because
12 this is just one part as opposed to the two parts that we
13 sought before.
14             We think similar to those other cases, the class
15 representatives have had to participate in extensive discovery,
16 have participated quite well, have been a real cooperative
17 factor for plaintiffs' counsel in -- in prosecuting these
18 cases, have been invaluable for our work with experts and
19 worked with helping us understand the industry and being good
20 class representatives, so we think $5,000 is a -- is an
21 appropriate amount for the class representatives in this case.
22             THE COURT: Okay.
23             MR. MC CONNELL: With -- with respect to expenses,
24 we -- we've outlined our expenses in Exhibit 2 to our moving
25 papers. If -- if Your Honor has any questions for me about any

Case 2:12-md-02311-SFC-RSW ECF No. 1726, PageID.31839 Filed 04/03/17 Page 17 of 20
Final Approval Hearing • Wednesday, March 22, 2017

17

1  of the line items, I'd be happy to address them.
2              THE COURT: Let me just see if I've marked any of
3  these line items here.
4         (Brief pause)
5         I had a question on the experts.
6              MR. MC CONNELL: Yes, Your Honor.
7              THE COURT: And I want to know were these funds, this
8  total amount of this 368,000, was that actually paid to the
9  experts?
10             MR. MC CONNELL: I believe it was the amounts
11 actually paid to the experts through the end of the calendar
12 year, 2016.
13             MR. PARKS: Your Honor, it -- it was actually paid,
14 yes.
15             THE COURT: It was actually paid. Okay. That was
16 the only question I had on -- on your costs.
17             MR. MC CONNELL: Thank you, Your Honor. I think just
18 the last two things, we would ask that you enter an order
19 for -- for allowing us to pay notice and settlement
20 administration fees in -- in the amount of $300,000 and that
21 you would approve the payment of escrow fees in the amount of
22 $18,000 for the escrow agent in this case.
23             THE COURT: Okay.
24             MR. MC CONNELL: Thank you very much, Your Honor.
25             THE COURT: From these proceeds, the Court, of

1  course -- I guess not of course, but the Court will allow the
2  administrative fees to be paid and the escrow fees to come out
3  of the settlement before attorney fees.  All of the costs are
4  to come out of the settlement amount before attorney fees are
5  calculated.
6       The Court approves the costs as indicated on the
7  forms submitted as exhibits.  I've looked at the lodestar and
8  calculated the lodestar, and I agree -- as to the attorney
9  fees, and I agree with the percentage that's 64.8, almost 65 as
10 I recall, lodestar amount.
11      The plaintiffs have submitted in their pleadings, and
12 again, I'm not going to -- or in their papers -- I'm not going
13 to repeat this, but all that they did.  There were like three
14 pages that you had here of all the work that you did over the
15 past two and a half years on the bearings case.
16      And I do agree with you, and I wanted that on the
17 record, that your -- because of your volume of commerce, you
18 have a much lower recovery amount than the parties in the
19 directs and the indirects and the other cases.  So the Court is
20 going to allow you an attorney fee of one-third in this case.
21 I'm not saying this will continue as we go on with -- with
22 other parts, but at this point I am going to allow you the
23 one-third attorney fee.
24      MR. MC CONNELL:  Thank you very much, Your Honor.
25      THE COURT:  Anything else?

Case 2:12-md-02311-SFC-RSW ECF No. 1726, PageID.31841 Filed 04/03/17 Page 19 of 20
Final Approval Hearing • Wednesday, March 22, 2017

19

| | |
|---|---|
| 1 | MR. MC CONNELL: Nothing from us, Your Honor. |
| 2 | THE COURT: Okay. And if you would please, I think |
| 3 | we may have -- at least I saw some orders, but I'd like to make |
| 4 | sure we have all of the final orders, if you would just check |
| 5 | with Marguerite so that we can get these entered. |
| 6 | MR. MC CONNELL: Sure. |
| 7 | THE COURT: Okay. |
| 8 | MR. MC CONNELL: Thank you so much |
| 9 | THE COURT: Thank you. |
| 10 | THE LAW CLERK: All rise. Court is adjourned. |
| 11 | (Court in recess at 3:01 p.m.) |
| 12 | — — — |

Case 2:12-md-02311-SFC-RSW ECF No. 1726, PageID.31842 Filed 04/03/17 Page 20 of 20
Final Approval Hearing • Wednesday, March 22, 2017

20

C E R T I F I C A T I O N

I, Linda M. Cavanagh, Official Court Reporter of the United States District Court, Eastern District of Michigan, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing pages 1 through 19 comprise a full, true and correct transcript of the proceedings held in the matter of Automotive Parts Antitrust Litigation, Case No. 12-md-2311, In Re: Bearings Cases, Case No. 14-00507, on Wednesday, March 22, 2017.

   s/Linda M. Cavanagh
Linda M. Cavanagh, CRR, RMR, RDR
Federal Official Court Reporter
United States District Court
Eastern District of Michigan

Date: April 2, 2017
Detroit, Michigan