# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

| | |
|---|---|
| **IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | Master File Case No. 12-md-02311 |
| | Honorable Marianne O. Battani |
| **IN RE: ALL CASES** | |
| **THIS RELATES TO: DEALERSHIP ACTIONS END-PAYOR ACTIONS TRUCK AND EQUIPMENT DEALER ACTIONS** | |

**GREEN TOKAI CO., LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER DIRECTING DEFENDANTS TO PAY HALF OF THE PARTIES' COSTS RELATING TO OEM DISCOVERY**

## <u>STATEMENT OF ISSUES</u>

1. Should a defendant that has reached a settlement agreement with the End Payor
   Plaintiffs and Auto Dealer Plaintiffs and never requested any discovery be compelled
   to pay for so-called "downstream" discovery those indirect purchaser plaintiffs are
   seeking from automobile manufacturers to prepare for class certification in other
   cases?

   No.

Green Tokai Co., Ltd. ("Green Tokai") was named as a defendant in only two cases in this consolidated litigation brought by Auto Dealer Plaintiffs (2:16-cv-03402) and End Payor Plaintiffs (2:16-cv-03403) (collectively, "Indirect Purchaser Plaintiffs") related to body sealing products.[1] As detailed in the reports regarding the status of settlements with Indirect Purchaser Plaintiffs submitted to the Court in preparation for the June 6, 2018 Status Conference, Green Tokai and the Indirect Purchaser Plaintiffs have reached an agreement in principle to resolve all cases. The parties reached a settlement agreement in principle well before Indirect Purchaser Plaintiffs filed their instant motion to compel payment of half of their costs for OEM discovery. Additionally, all other defendants in the *Body Sealing Products* cases have also agreed to settlements with the Indirect Purchaser Plaintiffs. Thus, there is no need for any purported "downstream" discovery in those cases—or any discovery for that matter—and no basis to compel Green Tokai to pay half of Indirect Purchaser Plaintiffs' costs for third-party discovery they are seeking in connection with other cases.

Green Tokai asked Indirect Purchaser Plaintiffs to remove it from the motion based on their settlement agreement before the motion was filed; however, Indirect Purchaser Plaintiffs stated that they would not remove Green Tokai until there was final approval of the settlement unless Green Tokai stipulated that they had the right to file a subsequent motion to compel costs against Green Tokai *and* Tokai Kogyo (a former defendant that they had already dismissed, *see*

---

[1] As counsel previously informed the Special Master, Indirect Purchaser Plaintiffs mistakenly included Tokai Kogyo Co., Ltd. ("Tokai Kogyo") in footnote 2 of their motion. Tokai Kogyo is no longer a party in any case in this consolidated litigation. Tokai Kogyo moved to dismiss Indirect Purchaser Plaintiffs' claims based on the lack of personal jurisdiction—consistent with the Court's prior rulings—and, in response, Indirect Purchaser Plaintiffs voluntarily dismissed Tokai Kogyo in December 2016. *See, e.g., Notice of Voluntary Dismissal*, 2:16-cv-03402-MOB-MKM, Dkt. No. 39 (Dec. 27, 2016). Tokai Kogyo should not have been included in the motion, and there is no basis for any relief against Tokai Kogyo, which is not a party to these proceedings.

footnote 1, *supra*). As Indirect Purchaser Plaintiffs agree that there is no present basis to compel Green Tokai to pay half of their third-party discovery costs in other cases, their motion should be denied with respect to Green Tokai.

As a separate, independent basis to deny Indirect Purchaser Plaintiffs' motion against Green Tokai, Green Tokai was never a "Serving Party" (or even a party) with respect to OEM discovery. Green Tokai has never requested any such discovery or had the ability to do so. There is not even a discovery plan in either of the *Body Sealing Products* cases. Green Tokai filed a motion to dismiss on November 10, 2016, and Green Tokai did not answer the Indirect Purchaser Plaintiffs' complaints until October 12, 2017. Green Tokai also was not a party to earlier OEM-discovery efforts. It was not included in the joint subpoena, and it was not a "Serving Party" on the motion to compel which led to the Court's prior orders on OEM discovery in November 2017.

Additionally, Green Tokai joins and incorporates by reference the further arguments in opposition to the motion in the Defendants' joint response and will not repeat them here.

For all of these reasons, Indirect Purchaser Plaintiffs' motion to compel Green Tokai to pay half of their OEM discovery costs should be denied.

DATED:      May 15, 2018

By: /s/ J. Alexander Barnstead
**BARNES & THORNBURG, LLP**
Kendall Millard
Bradley Love
J. Alexander Barnstead
11 South Meridian Street
Indianapolis, IN 46204-3535
Tel: 317-231-7461
Fax: 317-231-7433
Kendall.Millard@btlaw.com
Bradley.Love@btlaw.com

2

Valerie Mullican (# P74045)
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, Michigan 49503
Tel: 616-742-3930
Fax: 616-742-3999
valerie.mullican@btlaw.com

**Counsel for Defendant Green Tokai Co., Ltd.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2018, I caused the foregoing *Green Tokai Co., Ltd.'s Opposition To Plaintiffs' Motion For An Order Directing Defendants To Pay Half Of The Parties' Costs Relating To OEM Discovery* to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all counsel of record.

DATED:    May 15, 2018                    */s/ J. Alexander Barnstead*

3