# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

# SOUTHERN DIVISION

| | |
|---|---|
| **IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | Master File Case No. 12-md-02311<br><br>Honorable Marianne O. Battani |
| **IN RE: ALL CASES** | |
| **THIS RELATES TO:<br>DEALERSHIP ACTIONS<br>END-PAYOR ACTIONS<br>TRUCK AND EQUIPMENT DEALER ACTIONS** | |

**KYB DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER DIRECTING DEFENDANTS TO PAY HALF OF THE PARTIES' COSTS RELATING TO OEM DISCOVERY**

## **STATEMENT OF ISSUES**

1. Should a defendant that has moved for summary judgment completely dispositive of the claims brought by the End Payor Plaintiffs and Auto Dealer Plaintiffs and never requested any discovery be compelled to pay for so-called "downstream" discovery those indirect purchaser plaintiffs are seeking from automobile manufacturers to prepare for class certification in other cases?

    No.

Defendants KYB Corporation and KYB Americas Corporation (collectively, the "KYB Defendants") submit this brief in opposition to Plaintiffs' motion to compel payment of half of their OEM discovery costs in order to address the unique circumstances of the only cases in which they are involved. The KYB Defendants have pending dispositive motions in each of the *Shock Absorbers* cases, which would completely resolve them. In the Auto Dealer Plaintiffs' (2:16-cv-03302) and End Payor Plaintiffs' (2:15-cv-03303) (collectively, "Indirect Purchaser Plaintiffs") cases, the KYB Defendants have filed a summary judgment motion that the Indirect Purchaser Plaintiffs' pass-on theory of injury is contrary to the undisputed material facts, including the testimony of the automobile manufacturers ("OEMs") at issue in the case. Rather, the OEM testimony confirms that any alleged overcharges to Defendants' direct customers – the OEMs – were not passed on to the Indirect Purchaser Plaintiffs, and thus, that they have no constitutional or antitrust standing. In the Direct Purchaser Plaintiffs' case, the KYB Defendants moved to dismiss all claims based on binding arbitration agreements with both Direct Purchaser Plaintiffs.[1] These motions would completely resolve the claims against the KYB Defendants without any further discovery, and thus, it would be unduly burdensome and wasteful to proceed with OEM discovery (or any discovery) while those motions are pending before the Court.

While there is not yet a discovery plan in any of the *Shock Absorbers* cases, any such discovery plan should acknowledge and accommodate the reality of these pending dispositive motions. The KYB Defendants' motions present threshold issues of standing that could obviate the need for, and substantially reduce the burden of complying with, the onerous discovery

---

[1] The KYB Defendants understand that only the Indirect Purchaser Plaintiffs are seeking payment for their discovery costs with their present motion. However, the KYB Defendants' pending dispositive motion in the Direct Purchaser Plaintiffs' case likely will eliminate the need for any OEM discovery in the *Shock Absorbers* cases, and thus, moot the need for the Court to address Plaintiffs' request for payment from the KYB Defendants for their discovery in other cases.

demands Plaintiffs seek to impose upon OEMs (and require defendants to pay for) in these matters. Courts appropriately stay discovery pending dispositive motions that would completely resolve the litigation. *See, e.g., Good v. Altria Group, Inc.*, 231 F.R.D. 446 (D. Me. 2005) (stay of class action against tobacco company defendants warranted pending determination of defendants' summary judgment motion, which could be dispositive, and where plaintiffs' motion for class certification could require extensive discovery). While the KYB Defendants have not requested a complete stay, the pending dispositive motions should be considered in determining the appropriate OEM discovery scope and schedule in the *Shock Absorbers* cases. There is no class certification schedule in the *Shock Absorbers* cases, but—as Plaintiffs' motion demonstrates—proceeding to class certification on the Indirect Purchaser Plaintiffs' claims will require significant, burdensome OEM discovery that could be avoided through thoughtful scheduling, which the Defendants' proposal regarding OEM cost-sharing provides.

Moreover, the KYB Defendants were never "Serving Parties" with respect to OEM discovery. The KYB Defendants never requested any such discovery or had the ability to do so. The KYB Defendants also were not a party to earlier OEM-discovery efforts. They were not included in the joint subpoena, and they were not "Serving Parties" on the motion to compel which led to the Court's prior orders on OEM discovery in November 2017. For these additional reasons, there is no basis to require the KYB Defendants to now pay half of the Indirect Purchaser Plaintiffs' OEM discovery costs as they pursue class certification in the *Occupant Safety Systems* cases.

Additionally, the KYB Defendants join and incorporate by reference the further arguments in opposition to the motion in the Defendants' joint response and will not repeat them here.

For all of these reasons, Plaintiffs' motion to compel the KYB Defendants to pay half of their OEM discovery costs should be denied.

DATED:       May 15, 2018

> By: */s/ J. Alexander Barnstead*
> **BARNES & THORNBURG, LLP**
> Bradley Love
> Kendall Millard
> J. Alexander Barnstead
> 11 South Meridian Street
> Indianapolis, IN 46204-3535
> Tel: 317-231-7461
> Bradley.Love@btlaw.com
> Kendall.Millard@btlaw.com
>
> **DYKEMA GOSSETT PLLC**
> Howard B. Iwrey (P39635)
> Cale A. Johnson (P78032)
> 39577 Woodward Avenue
> Bloomfield Hills, Michigan 48304
> Tel: (248) 203-0526
> hiwrey@dykema.com
> cjohnson@dykema.com
>
> ***Counsel for KYB Corporation (f/k/a Kayaba Industry Co. Ltd.) and KYB Americas Corporation***

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2018, I caused the foregoing *KYB Defendants' Opposition To Plaintiffs' Motion For An Order Directing Defendants To Pay Half Of The Parties' Costs Relating To OEM Discovery* to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all counsel of record.

DATED:   May 15, 2018                    /s/ *J. Alexander Barnstead*